IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN SCHOPPE-RICO,<br><br>   Petitioner,<br><br> vs.<br><br>ROBERT A. HOREL, Warden,<br><br>   Respondent. | No. C 07-5416 JSW (PR)<br><br>**ORDER TO SHOW CAUSE;<br>GRANTING LEAVE TO PROCEED IN<br>FORMA PAUPERIS**<br><br>(Docket No. 2) |

## INTRODUCTION

Petitioner, a prisoner of the State of California, has filed a habeas corpus petition pursuant to 28 U.S.C. § 2254 challenging the constitutional validity of his state conviction. Petitioner filed a motion to proceed *in forma pauperis*, which is now GRANTED. This order directs Respondent to show cause why the petition should not be granted.

## BACKGROUND

According to the petition, a jury in Contra Costa County Superior Court convicted Petitioner of murder. Based on this conviction and various sentence enhancements, the trial court sentenced Petitioner to serve a term in state prison. Petitioner's appeal to the California Court of Appeal was denied, and a petition for review to the California Supreme Court was also denied. Thereafter, Petitioner filed unsuccessful collateral attacks in all three levels of the California courts. Petitioner then filed the instant federal habeas petition.

## DISCUSSION

I      Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." *Id.* § 2243.

II     Legal Claims

The petition raises the following ground for relief: (1) he was denied effective assistance of counsel because of conflicts he had with trial counsel, including counsel's failure to investigate an alibi defense; (2) trial counsel was ineffective in failing to properly present a defense regarding injuries to Petitioner's hand; (3) the prosecutor violated Petitioner's right to due process by withholding exculpatory evidence; (4) Petitioner was arrested without probable cause, in violation of his Fourth and Fourteenth Amendment rights; (5) trial counsel was ineffective in failing to establish Petitioner's absence from the crime scene during the time of the crime, and in failing to argue that the reason Petitioner was in the area was because he lived there; (6) the jury committed misconduct, in violation of Petitioner's right to due process; (7) trial counsel was ineffective in failing to object to, seek discovery of, or move to dismiss the charges under California Penal Code § 246; (8) the illegal search and seizure of Petitioner's property violated his rights under the Fourth and Fourteenth Amendments; (9) appellate counsel was ineffective in failing to argue trial counsel's ineffectiveness; (10) the admission of evidence from a "scent discrimination lineup" was prejudicial error; (11) the trial court erred in failing to grant the motion with respect to the counts under California Penal Code § 111.8.1; (12) the instruction regarding the offenses of street gang firearm possession were fatally deficient; and (13) there was insufficient evidence of premeditated and

deliberate first degree murder.

Petitioner's fourth and eighth claims, under the Fourth Amendment, are not cognizable. Stone v. Powell, 428 U.S. 465, 481-82, 494 (1976), bars federal habeas review of Fourth Amendment claims unless the state did not provide an opportunity for full and fair litigation of those claims. The existence of a state procedure allowing an opportunity for full and fair litigation of Fourth Amendment claims, rather than a defendant's actual use of those procedures, bars federal habeas consideration of those claims. *See Gordon v. Duran*, 895 F.2d 610, 613-14 (9th Cir. 1990) (whether or not defendant litigated 4th Amendment claim in state court is irrelevant if he had opportunity to do so under California law). California state procedure provides an opportunity for full litigation of any Fourth Amendment claim. *See id.* Accordingly, the fourth and eighth claims will be DISMISSED.

Petitioner's ninth, tenth, eleventh, twelfth and thirteenth claims are not cognizable because Petitioner does not allege any violation of federal law in connection with these claims, as is required for federal habeas relief. *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Petitioner will be given leave to amend to allege, if he can do so in good faith, a basis in federal law for these claims. The Court cautions that if Petitioner chooses to so amend, the court will not be able to consider the claims unless petitioner has presented the *federal basis* for the claims to the California Supreme Court; otherwise, the claims have not been properly exhausted.

When liberally construed, the remaining claims are cognizable.

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1.  Claims four and eight are DISMISSED for failure to state a cognizable basis for relief. Claims nine through thirteen are DISMISSED with leave to amend. Within **30 days** of the date this order is filed, Petitioner must amend this petition as to correct the deficiencies noted above in these claims. Petitioner's amended petition shall

3

be filed on the Court's form for habeas petitions, and the exhibits shall be clearly labeled and numbered in an orderly manner.  See Fed. R. Civ. P. 8(e) (all pleadings must be simple, concise and direct).  The amended petition must include the caption and civil case number used in this order (No. C 07-5416 MJJ (PR)) and the words AMENDED PETITION on the first page.  <u>Petitioner must include in any amended petition all the claims he wishes to present; he may not incorporate material from the original petition by reference.  This means that if Petitioner wishes to file an amended petition, and still preserve the cognizable claims (one through three, and five through seven) from the original petition, he must include these claims in his amended petition.</u>

      2.     **Failure to timely file an amended petition in conformity with this order shall result in the dismissal of claims nine through thirteen, and this action will simply proceed based on claims one, two, three, five, six and seven in the petition.**

      3.     It is Petitioner's responsibility to prosecute this case.  Petitioner must keep the Court and respondent informed of any change of address and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b) or Local Rule 3-11.

      4.     The application to proceed in forma pauperis is GRANTED in light of petitioner's lack of funds.

This order terminates Docket No. 2.

IT IS SO ORDERED.

DATED: April 2, 2008

*Jeffrey S. White*
JEFFREY S. WHITE
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN M. SCHOPPE-RICO, | Case Number: CV07-05416 JSW |
| Plaintiff, | **CERTIFICATE OF SERVICE** |
| v. | |
| ROBERT A. HOREL et al, | |
| Defendant. | |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on April 2, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

John M. Schoppe-Rico
Pelican Bay State Prison
P.O. Box 7500
V11328
Crescent City, CA 95532

Dated: April 2, 2008

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk