ALL PUT IN THEIR JUROR QVESTIONAIRES, THEY WILL BELIEVE A OFFICERS TESTIMONY OVER ANY EV, DENCE PRESENTED. SO THIS ONLY MEANS THEM BEING RAISED OR TAUGHT EVERY PERSON ARRESTED. ARE GUILTY, TIL PROVEN INNOCENT. THAT OFFICERS ARE PERFECT AN INFALLIBLE. THE SIXTH AMENDMENT RIGHT TO A JURY TRIAL GUARANTEES TO THE CRIMINALLY ACCUSSED, FAIR TRIAL BY PANEL OF IMPARTIAL INDIFFERENT JURORS, EVEN IF ONLY ONE JUROR IS UNDULY BIASED OR PREJUDICED DEFENDANT IS DENIED HIS CONSTITUTION- AL RIGHT TO IMPARTIAL JURY. U.S.C.A. CONST. AMEND 6 ...... ALL SWORN IN JURORS STATEMENTS AS FOLLOWS.

JUROR NO: #77. HIS UNCLE WAS A F.B.I, AGENT RETIRED OUT OF CHICAGO HE WONT DISBELEVE OFFICERS, (RT: 467.) ALSO HE KNOWS OF GANG ACTIVITY IN CONCORD CA, OF TWO GANGS/(R.T: 468.) HE IS FAMILIAR WITH BAYPOINT, (RT: 464.) I,E. WE'RE ALSO SURE HE'S JUST AS AWARE OF NORTENOS, JUST AS MR. MICHAEL GOLVIN AT (R.T: 814.) WHO'S OF CONCORD,

JUROR NO: # 118. WAS IN THE AIRFORCE AND WORKS NOW AS A COMPUTER SPECIALIST AT CALIFORNIA STATE BOARD OF EQUALIZATION (RT: 1133 ) HE SERVED ON A JURY TWICE BEFORE, HIS FARTHER IS A RETIRED POLICE CHIEF AND OFFICER OF COMPTON AND MODESTO CALIFORNIA. HE WAS AWARE OF HIS FATHERS WORK. (RT: 1136.) HE BELIEVES CRIME IS SERIOUS (RT. 1136) AND CONTRIBUTES DONATIONS THROUGH WORK TO BATTER WOMENS AND CHILDREN CRISIS CENTERS (RT: 1136) SUPRA.

JUROR NO: # 18. IS A TRAUMA NURSE AT JOHN MUIR'S HOSPITAL IN CONCORD, HER WORK INVOLVES KNOWLEDGE OF GANG ACTIVITY, (RT: 758 - 760 ), SHE THINKS CRIME IS SERIOUS ISSUE TO HER (RT: 822.) SHE HER SELF WAS VICTUM OF GUN SHOT AND WORKED WITH VICTUMS OF GUN SHOTS. THIS HAVING MEDICAL EXPIERENCE, COURT ADVISED HER IF SHE COULD INFWENCE JURY POOL. (RT: 867) SHE EVEN BAGED UP HANDS ON GANG ALLEGED MEMBERS AT TRAUMA HOSPITAL, FOR GUN POWDER CHECKS (R.T. 867.) THIS AUTOMATICALLY WAS HER TO TAINT THE JURY ON RESIDUE POWDER ISSUES IN PETITIONER TRIAL, SUPRA.

JUROR NO: # 72. A PRINCIPLE OWNER FOR ZENAITH INCOPORATED THEY PROVIDE COURT ROOM RE-ENACTMENTS, CONSTRUCTION DEFECTS CASES, AND DO SHOWS TO HELP EDUCATE JURORS, HE KNOWS ALOT OF ATTORNEYS (RT:953.) WAS IN MILITARY, (RT:954-955.) IN HIS QUESTIONAIRE HE STATED HE WOULDNT BE ABLE TO FOLLOW COURT RULES. TO ACQUITT IF PETITIONER, EXCERCISED HIS RIGHT NOT TO TESTIFY, HE'LL HOLD IT AGAINST HIM (C.T. 1105.),

JUROR NO# 8. A AIRFORCE SERVICEMEN, HE SERVED ON A JURY BEFORE, IN A RAPE CASE 25 YEARS AGO IN SAN FRANCISCO HIS DAUGHTER IS AN ATTORNEY. IN D.C. FOR NAACP, HE APPLIED IN 1975 FOR POLICE JOBS, PRISON GUARD JOBS. ECT, HE IS A CLOSE ASSOCIATE WITH POLICEMEN AT CHURCH HE ATTENDS, HE TAKES CRIME VERY SERILUS PROBLEM, (RT: 769, 770, 771, 772, 773.) HIS POLICE BUDDYS AT CHURCH MAY OF INFLUENCED HIM TO BE BIAS.

JUROR NO: #9. VARIES RECORD AINT CLEAR AT (R.T. 774-775)
SEAT NO: 6, HIS DAD WAS GAME WARDEN ASSOCIATE TO COPS, HE NEITHER, SERVED OR DID. MR, REBICHAUD WAS EXCUSED # 9, FOR UNKNOWN REASONS BY, D.A.

JUROR NO # 119, TALKED TO ATTORNEY AT WORK. A MANAGER FOR DELTA DENTAL(RT.' 1138)
HE ALSO PUT POSSIBLY BIASED AGAINST DEFENDANT BEING CHARGED, ARRESTED FOR THE
CRIME. HE SAID TO THE EXTENT IF HE IS ARRESTED FOR IT, THERES A PREETY GOOD REASON
TO ARREST HIM. AS FAR AS GOES POSSIBLY, HE AISO THINKS, HE'LL BELIEVE OFFICER TESTIM-
ONY OVER ANYTHING, (RT 1138, 1139.) (HE WAS BIAS)

JUROR NO. # 22, SERVED ON JURY BEFORE IN PITTSBURG, A BATTERY CASE. A YEAR BEFORE
HIS WIFE WAS HELD UP AT GUN POINT (RT 785 -786-787), HE CHECKED YES ON A LOT
OF BIAS ANSWERS THAN CHANGED THEM TO SERVE JURY DUTY, (RT: 821) AND HE'S FAMILIAR
WITH THE AREA AN CRIME SCENE. , (HE WAS BIAS)

JUROR NO #59, UNCLEAR IN RECORD.

JUROR NO # 44, WAS BIAS BECAUSE HIS COUNSINE WAS SHERIFF AT RICHMOND COURT
HOUSE , A BALIFF NAMED CLIFFORD DAVIS. AND HE DID SPEAK OF HIS WORK WITH HIM (RT 899)
HE PUT POSSIBLY A ISSUE IF HE DOESNT TESTIFY ON QUESTIONAIIRE (R.T, 900),HE AISO
BELIEVES HISPANICS MURE IIKELY TO COMMIT CRIME THAN WHITES. BASE ON T.V. SHOWS,(RTi-
901.) AND HE'S BEEN TO BAY POINT, (RT, 904) AND PETITIONER BELIEVES HE'S BIAS.

JUROR NO # 13, IS CLOSE FRIENDS TO PITTSBURG POLICE DISPATCHER, (RT 803) HE IS FAMILIAR
WITH CRIME SCENE AREA, (DT:820), HE'S AWARE OF GANG ACTIVITY, 15 YEARS AGO, HIS WIFE
COUSINES FRIEND WAS SHOT FOR WEARING A 49 ER'S JACKET,(RT: 881.).

PETITIONER CONTENDS TESTIMONY PROOF IS HERE OF JURY MIS CONDUCT, OF A TAINTED
JURY AND ABUSE OF THE PEREMPTORILY CHALLENGES TO EXCLUDE MINORITY GROUP JUIRORS
OF MEXICAN AMERICANS AND LEAVE POLICE OFFICERS ASSOCIATES OR OF THERE CLASS PETITION
ER- IS OF A LOW BUDGET COMMUNITY, WHO ALL ARE ON WELFARE, AND HAVE NO POLITICAL
TIES, TU POLICE OFFICERS OR RELATED TO ANY, HE'LL FURTHER CONTEND HIS RIGHTS
WERE VIOLATED UNDER, MACH V. STEWART. 1 ST. F. 3d, 630, CA (9TH CIR. ARIZ. 1997) SUPRA IN
IT FINDING WAS FINGING PREJUDICE WHEN EXTRINSIC INFORMATION WAS BOTH DIRECTLY
RELATED TO A MATERIAL ISSUE IN THE CASE AND HIGHLY INFLAMONTORY, THE RESULT OF THE
TRIAL IN THIS CASE WAS PRINCIPIALLY DEPENDENT ON WHETHER THE JURY CHOSE TO
BELIEVE THE CHILD OR DEFENDGNT. THERE CAN BE NO DOUBT THAT BODKINS STATEME-
NTS HAD TO HAVE A TREMENDOUS IMPACT ON THE JURY, VERDICT. THE EXTRINSIC
EVIDENCE WAS HIGHLY INFLAMANTORY AND DIRECTLY CONNECTED TO MACHS GUILT.
BODKIN REPEATEDY STATED THAT IN HER WURK EXPIERENCE AS A SOCIAL WORKER
CHILDREN NEVER LIE. ABOUT SEXUAL ASSUALT. THE BULK IN OF THE PROSECUTION CASE
CONSISTED OF A CHILDS TESTIMONY THAT MACH SEXUALLY ABUSED HER WE FIND THUS
BODKIN STATEMENTS TO HAVE SUBSTANTIALLY AFFECTED INFLUENCED THE VERDICT
AND THERE FORE REVERSE THE CONVICTION.

HOWEVER JUST AS IN MACH V. STEWART SUPRA. SCHOPPE- RICE WAS FOUND GUILTY ON THESE
JURORS STATEMENTS, SO THE COURTS DESICSION TO GRANT OR DENY THIS HABEAS
PETITION IS REVIEWED DE NOVO, MARTINEZ- VIIIAREAL, V. (EWIS, 80, F. 3d, 1301, 1305,
(9TH CIR.) CERT. THE EXISTANCE OF DEFECTS - DEPRIVATION OF THE RIGHT TO COUNSEL
IS HEREIN, FUR EXAMPLE, REQUIRES AUTOMATIC REVERSAL OF THE CONVICTION BECAUSE
THEY INFECT THE ENTIRE TRIAL PROCESS. BRECTH V. ABRAHAMSON. 507. U.S, 619, 629.

48.

3d. 113. S. Ct. 1710, 1717. 123. L' Ed. 2d. 353,

THE TAINT THE JURORS, BEGAN WHEN THE PROSECUTOR STARTED DEFINING, WHAT THE, JURY INSTRUCTION MEANT TO HIM ON CIRCUMSTANTIAL EVIDENCE, BY USING A COOKIE, JAR STORY. (R.T.) 835-836 ,) INTERPRETATION TAINTED JURY (2.T, 846-847,) SEE JEFFREY HARDIN, HAS A HARD TIME BELIEVING OFFICERS ARRESTING INNOCENCE PEOPLE, (RT: 728) RT: 754) DAWN SURGES AS WELL. (RT, 756) STEPHEN O'NIEL, (RT! 762) AS WELL, MORA MEADOWS AFRAID OF GANGS (RT: 791) MS. CORL. BIAS IF HE DOES N'T TESTIFY (RT:796), DUSMETIC ISSUE (RT. 864) MONICA DEMARS TILLEY. (RT 882) IS BIASED TO GUN OWNERS WHO ARE NEGLECTFUL WITH THEM. (RT: 884) AS SO FORTH.

MR. SCHOPPE-RICO CONTENDS WITH THIS AMOUNT OF EXPOSURE DURING VOIR DIRE IS MORE PROOF HE WAS DENIED A FAIR TRIAL THE SIXTH AMENDMENT RIGHT TO JURY TRIAL "GUARANTEES," TO THE CRIMINALLY ACCUSSED A FAIR TRIAL BY A PANEL OF IMPARTIAL INDIFFERENT JURORS, IRVIN V. DOWD, 366. U.S. 717. 722. 81. S. Ct. 1639. 1642. 6. L. Ed. 2. d. 751. (1961); EVEN IF ONLY ONE JUROR IS UNDULY BIASED OR PREJUDICED, THE DEFENDANT IS DENIED HIS CONSTITUTIONAL RIGHT TO AN IMPARTIAL JURY. UNITED STATES, V. EUBANKI .591. F.2d. 513. 517. 9TH CIR (1979), SEE UNITED STATES V. ALLSUP. 566. F.2d. 68. 71. 9TH CIR. 1977.) DUE PROCESS REQUIRES THAT THE DEFENDANT BE TRIED BY A JURY CAPABLE AND WILLING TO DECIDE A CASE, SOLELY ON THE EVIDEN-CE BEFORE IT, SMITH V. PHILLIPS, 455. U.S. 209. 217. 102. S. Ct. 940. 945. 46. L. Ed. 2.d. 75. (1482 )(IE). (PETITIONER TRYED TO HAVE JURY INVESTIGATED, COUNSEL WAS ENEFFECTIVE AT (CT) 1456-1468,))

ONE OF THE ERRORS IN THIS CASE OF SCHOPPE-RICO, IS JUST AS IN MACH V. STEW-ART. SUPRA ARGUEABLY RISES TO THE LEVEL OF STRUCTURAL ERROR. WHILE TRIAL ERROR, OCCURES DURING THE PRESENTATION OF THE CASE TO THE JURY AND THUS CAN BE "ASSESSED" IN THE CONTEXT OF OTHER EVIDENCE PRESENTED. ARIZONA V. FULMINANTE .499. U.S. 279. 307-08. 111. S. Ct. 1246, 1264. 113. L. Ed. 2d. 302 (1991)   STRUCTRUAL ERRORS "INFECT THE ENTIRE TRIAL PROCESS BRETHCH. V. ABRAHAMSON, 507. U.S. 619. 630; 113. S. Ct. 1710. 1777. 123. L. Ed. 2d. 352, (1993) THOMPSON V. BORG. 74. F. 3d. 1571. 1574. (9TH CIR.) THE ERROR IN THIS CASE IS THE JURY EXPOZURE THAT SEVERLY INEFFCTED THE PROCESS FROM THE BEGINING. BEFORE SUCH A JURY WHEN AN UNBIASED JURY CAN BE IMPANNELLED WITHOUT ANY SUBSTANTIAL LOSS SERVES NO LEGITIMATE INTEREST. NOR WOULD IT CORRECT APPROACH . . . . . . . . IN CONTEXT OF THE OF THE EVIDENCE PRESENTED DURING THE CASE WAS RECEIVED BY A JURY THAT WAS BIASED FROM THE OUTSET   BRECHT AT SUPRA, PREJUDICAII STATEMENTS MADE BEFORE A JURY WAS SWORN. THE STATMENTS DOESN'T RESEMBLE THE ERRONEOUS INTRODUCTION OF EVIDENCE THAT CAN BE WIEGHED AGAINST THE OTHER EVIDENCE, YOU ARE TO SEE AND DESCRIBE THE ERROR. AS "TRIAL ERROR" SEE. ARIZONA. V. FULMINATE. 499. U.S. 279. 111. S. Ct. 1246. 113. L. Ed. 2d. 302 (1991) THESE STRUCTURAL DEFECTS IN THE CONSTITUTION OF THE TRIAL MECHANISM, WHICH DEFY ANALYSIS BY HARMLESS ERROR STANDARDS. THE ENTIRE CONDUCT OF THE TRIAL, FROM BEGINING TO END IS OBVIOUSLY AFFECTED BY THE PRESENCE ON THE BENCH OF A JUDGE WHO IS NOT IMPARTIAL. JD. AT 309-10-111. S. Ct. AT. 1264-65. IN CONCLUSION ONE MUST REMAND AND REVERSE.

IN KENTUCKY — BATSON V. KENTUCKY, 706. S. Ct. 1712. 476. U.S. 79. U.S. KY 1986. SUPRA. THE EQUAL PROTECTION CLAUSE PROHIBITS A STATE FROM TAKING ANY ACTION BASED ON CRUDE IN ACCURATE RACIAL STEREOTYPES, EVEN AN EXCLUSION OF BLACKS (IE. MEXICANS-AMERICANS TOI) FROM A JURY SOLELY BECAUSE OF RACE, CAN NO MORE BE JUSTIFIED BY A BELIEF THAT BLACKS.

ARE LESS LIKELY THAN WHITES TO CONSIDER FAIRLY OR SYMPATHETICALLY THE STATE CASE AGAINST A BLACK. PROSECUTORS USING HIS PEREMPTORY CHALLENGES TO EXCLUDE A RACIAL GROUP BASED ON THEM BEING OF THE DEFENDANTS RACE. IS IMPROPER. SO THE PROPER RESOLUTION OF THIS CASE REQUIRES MORE THAN A NODDING REFERENCE TO THE CHALLENGE. MR. SCHOPPE-RICO IN SUPRA. ALREADY ESTABLISH A PRIMA FACIE CASE. HOWEVER UNDER CONVENTIAL EQUAL PROTECT-ION'S PRINCIPLES APPLY. THAT A DEFENDANT/PETITIONER CAN OBJECT TO EXCLUSION ON THE BASIS OF NOT ONLY RACE, BUT ALSO SEX. CRAIG V. BORSEN 429. U.S. 190, 97. S. Ct. 451, 50, L. Ed. 2. d. 397. (1976) "AGE". MASSACHUSETTS, Bd. OF RETIREMENT. V. MURGIA, 427. U.S. 307. 96. S. Ct. 2562. 49. L. Ed. 2d. 520. (1976) "RELIGIOUS" OR POLITICAL AFFILIATION". KARCHER. V. DAGGET. 462. U.S. 725. 748. 103. S. Ct. 2653. 2668. 2664. 77. L. Ed. 2. d. 133. (1983) STEVEN J. CONCURRING "MENTAL CAPACITY" CLEBURNE. V. CLEBURNE LIVING CENTERS INC. 473 U.S. 432. 105 S. Ct. 3244. 87. L. Ed. 2d. 313. (1985) NUMBER OF CHILDREN. DANDRIDGE V. WILLIAMS 397. U.S. 471. 90 S. Ct. 1153. 25. L. Ed. 2d. 491. (1970) LIVING ARRANGEMENT. DEPARTMENT OF AGRICULTURE V. MORENO. 413. U.S. 528, 93. S. Ct. 2821. 37. L. Ed. 2d. 782. (1973) AND EMPLOYMENT IN A PARTICULAR INDUSTRY. MINNESOTA, V. CLOVER LEAF. CREAMRY CO, 449. U.S. 456. 101. S. Ct. 715. 66. L. Ed. 2d. 689, 1981. OR. "PROFESSION." WILLIAM V. LEE OPTICAL. CO 348. U.S. 483, 75. S. Ct. 461. 99. L. Ed. 563. (1955), SO MR. SCHOPPE-RICO HAVE'S GOOD ENOUGH REASON TO OBJECT HEREIN. ( **SEE EXHIBIT: H.** ) OF JURY STATEMENTS IN ARTICLE. MISUSE OF THE PEREMPTORY CHALLENGE TO EXCLUDE BLACK JURORS HAS BECOME BOTH COMMON AND FLAGRANT BLACK DEFENDANTS HAVE RARELY BEEN ABLE TO SECURE A COMPLIE STATISTICS SHOWING THE EXTENT OF THAT PRACTICE BUT FEW CASE SETING OUT SUCH FIGURES ARE INSTRUCTIONS/INSTRUCTIVE. UNITED STATES V. CARTER 528. F.2d. 844. 848 (CA. 8. 1975) IN (15) CRIMINAL CASES IN 1974, IN MISSOURI INVOLVING BLACK DEFENDANTS PROSECUTORS PREMPTORY CHALLENGES 81% OF BLACK JURORS. SEE STATE V. WASHINGTON. 375. 50. 2d. 1162. 1163. 1164. (LA. 79.) IN LOU. SANA. INVOLVING BLACK JURORS DEFENDANT FEDERAL PROSECUTORS USED 68.4% OF THEIR PEREMPTORY CHALLENGES AGAINST BLACK JURORS, ALSO AN INSTRUCTION BOOK USED BY PROSECUTORS OFFICE IN DALLAS COUNTY TEXAS. EXPLICITY ADVISED PROSECUTORS THAT THEY CONDUCT JURY SELECTION SO AS TO ELIMINATE "ANY MEMBER OF A MINORITY GROUP IN A (100 FELONY TRIALS IN DALLAS COUNTY IN 1983 1984 PROSECUTORS PREREMPTORY STRUCK 405 OUT OF 467. ELIGIBLE BLACK JURORS THE CHANCES OF A QUALIFIED BLACK SITING ON A JURY WAS 1 IN 10 COMPARED TO 1 IN 2. FOR WHITES. AND SCHOPPE-RICO CONTENDS IT (C) AND (C) FOR MEXICAN-AMERICANS. OR PEOPLE WHO DON'T HAVE MILITARY, OR POLICE MEN BACKGROUND OR WHO HAS NEVER SERVED ON A JURY BEFORE. IN CONCLUSION FOR THESE REASONS ALL ABOVE COURT SHOULD ISSUE A REMAND AND REVERSE CONVICTION.

CITING CASTANEDA 430. U.S. AT 449-95. 97. S. Ct. AT 1280 -81. THE DEFENDANT PRESENTED EVIDENCE THAT SHOWED THAT OVER AN ELEVEN YEAR PERIOD MEXICAN-AMERICANS HAD BEEN UNDERPRESENTED ON GRAND JURYS BY FORTY PERCENT. Id. AT 495. 97. S. Ct. AT 1280. THUS CASTANEDA STANDS FOR THE PRINCIPLE THAT AN EQUAL PROTECTION VIOLATION IN JURY SELECTION MAY BE ESTABLISHED BY THIS SHOWING THAT A DISTINCTIVE GROUP HAS BEEN SUBSTANTIALLY UNDERREPRESENTED ON THE VENIRE OVER A PERIOD OF TIME. SEE BATSON SUPRA. EXPLAINING CASTENADA. SUPRA. ELEMENTS OF PRIMA FACIE OF MEXICAN-AMERICAN BEING EXCLUDED NOT ONCE BUT OVER ELEVEN YEAR PERIOD TIME.

GROUND SEVEN :

TRIAL COUNSEL WAS INEFFECTIVE FOR FAILURE TO ARGUE OR OBJECT TO
THE PENAL CODE § 246, CHARGE OF DISCHARGING A FIREARM ON AN OCCUPIED
VEHICLE _

MR. SCHOPPE-RICO, CONTENDS IN STRICKLAND V. WASHINGTON, 466. U.S. 668. 688-693.
104. S. Ct. 2052. 2064. 68-80 L.Ed. 2.d. 674 (1984.) SETS THE STANDARDS TO ANALYZE
INEFFECTIVE ASSISTANCE OF COUNSEL AS WELL BE SHOWN. MR. SCHOPPE-RICO FURTHER
CONTENDS HIS SIXTH AMENDMENT CONSTITUTIONAL RIGHTS. FEDERAL AND STATE WERE VIOLATED
AT THE PRELIMINARY HEARING, TRIAL AND ON APPEAL IN VIOLATION OF CROTTS. V. SMITH.
CA.9. CDL 1996. PEOPLE V. VALENZUELA. 156. CDL. RPTr. 314. 86. CDL. APP. 3d 1127,
(CA. APP 2. DIST) COUNSEL WAS INEFFECTIVE AS TO THE SEVERENCE OF BOTH OF THESE CASES,
ENTWINED THE §187 PEN CODE. AND § 246. PEN CODE. ON HOW THE SUSPICIOUS LURED
NATURE OF HOW SCHOPPE-RICO WAS FILED ON FOR IT, WITHOUT A TIMELY DISCOVERY
GIVEN. OR DEFENDANT NEVER BROUGHT BEFORE A MAGISTRATE ON TIME...... COUNSELS
FAILURE TO OBJECT. TO THE HIGHLY PREJUDICIAL TESTIMONY INTRODUCED BY THE PROSECUTION
DENIED MR. SCHOPPE-RICO HIS RIGHT AMEND AND CONST. TO EFFECTIVE ASSISTANCE OF COUNSEL.
THE PRESENTATION OF THE HIGHLY PREJUDICIAL TESTIMONY ARE TWO, SO FAR. THE COURT
EXCLUDED HEARSAY STATEMENTS MADE MR. EAGLE WHO IS THE OTHER PERSON WHO LIVED
AT MR. SCHOPPE-RICO'S HOUSE (R.T. 587) AFTER IT WAS EXCLUDED IT WAS STILL INTRO-
DUCED TO THE JURY, WHO HEARD OR READ HIS HEARSAY STATEMENT, ON COURT SUBMITTED
EXHIBIT. NO # 7. TRANSCRIPT OF INTERROGATION PAGES  1 + 65  ,) THAT THE JURY HEARD
OR READ, AFTER IT WAS EXCLUDED.(RT. 586. 588 ), THE OTHER STATEMENTS COUNSEL.
WAS INEFFECTIVE FOR FAILING TO OBJECT TO THE PRESENTATION OF THE HIGHLY PREJUDI-
CIAL "BLOOD ON HIS T-SHIRT" EVIDENCE WHEN STOPED, THAT OFFICERS USED IN THEIR
TESTIMONY AFTER IT WAS EXCLUDED. SUCH A WHIDDON MENTIONING BLOOD SPOTS ON
SCHOPPE-RICO'S T-SHIRT WHEN DESCRIBING THE ARREST. (RT. 118-119) SO DID DEPUTY
BRIAN AT. (CT. 197) (RT. 644) AFTER THE COURT EXCLUDED IT AT (RT. 636.) UNDER
THE CROTTS V. SMITH SUPRA. COURT RULING ON PREJUDICIAL TESTIMONY, REVERSED,
ALSO HOWEVER COUNSEL FAILED TO SUPPRESS PEN. CODE § 246, CHARGE OR FILE ANY MOTIONS
SUCH AS THE PEN. CODE §1429. (8) MOTION TO DISMISS BECAUSE OF FAILURE TO
BRING CASE P.C. §246. TO TRIAL WITHIN PENAL CODE § 1382. DEADLINE WAIVER IN
RE: PEOPLE V. VALENZUELA. SUPRA. COUNSELS WRITS WERE INADEQUATTE. HALF
DONE. IN LIMINE. ON JANUARY 18. 2002 IN COURT. COUNSEL FILED MOTIONS, BUT
ON OCTOBER. 19. 2000 A COMPLAINT WAS FILED IN THE CONTRA COSTA. COUNTY/SUPERIOR

(.) NOTE ALL. P.C. / PEN CODE IS REFERRING TO IN RE: PENAL CODE BOOK SECTIONS,

COURT PITTSBURG DIVISION (DOCKET NO. 4-123353-5) CHARGING PETITIONER WITH
MURDER. "ONLY." AND NO ENHANCEMENTS OR ADDITIONAL COUNTS, ON NOVEMBER,
2. 2000, IN VIOLATION OF PETITIONERS CONSTITUTIONAL AMENDED RIGHTS BOTH STATE
AND FEDERAL AND IN VIOLATION OF PEN. CODE § 825, IN PREJUDICE, PROSECUTOR AMENDED
COMPLAINT FILED IN COURT CHARGING PETITIONER WITH MURDER, AND BEING A STREET
GANG MEMBER IN POSSESSION OF FIREARM, THEN IN VIOLATION OF PENAL CODE, § 849, § 825
CODE OF CIVIC PROCEDURE § 134, 135., GOVE. CODE § § 6700, 6706, 71345., CODE OF
CIVIL PROCEDURE § 134 AND PENAL CODE § 1385. ON SEPTEMBER 12/2000, AT THE CONCLUSION
OF THESE PRELIMINARY HEARING. MR. SCHOPPE-RICO WAS HELD TO ANSWER TO ALL CHARGES
AN ENHANCEMENTS IN THE NEW AMENDED PETITION COMPLAINT, COUNSEL OBJECTED TO THE
PEN C. § 187. BUT NOT THE PEN .C, § 246, ON SEPTEMBER 26, 2001. AN INFORMATION FILED
IN COURT. (DOCKET NO. 5-011510-5-.), CHARGING PETITIONER ILLEGALLY WITH THE OFFENSES
CHARGED IN FIRST AMENDED COMPLAINT AN THREE ADDITIONAL COUNTS. DEFENDANT WAS ACQUITTED
FOR AN NEVER BROUGHT BEFORE A MAGISTRATE WITHIN PENAL CODE TIME LIMITS THIS CHARGE
WOULD BE VIOLATION OF P.C. SCC. § 246., 1203), (3)(2)(C). AND 2025.(3)(B)(3). ALL
ALLEGED TO OCCURRED "SEPTEMBER 4, 2000. BEFORE MR. SCHOPPE-RICO'S HAND INJURIES
SEE PRELIMINARY COURT, TRANSCRIPTS. (VOL.(1-300)........ STANDARD REVIEW OF LAW.
THIS HERE IS CONSITUTING A DISMISSAL ON THESE AFOREMENTION LURED CHARGES, DUE TO
THEY VIOLATED MR. SCHOPPE-RICO'S CONSTITUTIONAL RIGHTS, SIXTH AMENDMENT THATS APPLICAB-
I E THROUGH THE FOURTEENTH AMENDMENT FEDERAL AND STATE RIGHTS .... THE REMEDY OF AN
UNLAWFUL SERVICE OF AN ARREST WARRANT IS THE SAME AS THAT FOR AN UNLAWFUL SERVICE
OF SEARCH AN ARREST WARRANT UNDER THE FOURTH AMENDMENT. WONGSON SUPRA - DUNAWAY SUPRA' IT.
DOES NOT DIRECTLY RESULT IN A DISMISSAL BUT COULD "BUT IS A FACTOR". IN DETERMINING
WHETHER TO SUPPRESS ANY EVIDENCE OR A CONFESSION OBTAINED AS A RESULT OF ILLEGAL SERVICE
OF A WARRANT UNDER MIRANDA. SUPRA. IN RE. LARRY.C. 1982 134. C3. 3d. C2.167. 184. CR
505. PEN. C. § 3.20 TIME LIMITS ON SERVICE OF WARRANT. UNLESS AN ARREST WARRANT IS
SERVED WITHIN REASONABLE TIME AFTER ARREST, INCIDENT OR THE COMPLAINT FILED . THE
DEFENDANT MR. SCHOPPE-RICO MAY BE ENTITLED TO A DISSMISSAL ON THE GROUND' THAT HE HAS
BEEN DENIED / DEPRIVED OF THE RIGHT TO A FAIR SPEEDY TRIAL. 14TH AMEND. U.S. CONST. FED AN STATE.
IN RE. JUNES V. SUPERIOR COURT. (1970) 3. L.Ed. 734. 91. CR. 978 – STABLO V. SUPERIOR COURT
(1994) 21. C3. 4TH .1488, 26. CR. 2d. 615. [RIGHT TO SPEEDY TRIAL] CH .14. IT STATES THE
OFFICERS AND MAGISTRATE WHO ENTERED SCHOPPE-RICO'S RESIDENCE. SEPTEMBER 2ND 2000
IN RE. CONTRA COSTA DETECTIVE PATRICK CERRUTI (C.T. 404 THROUGH. 418.) AND PETITIONER WAS
IN CUSTODY. (R.T. _____ ). THEY HAD 48 HOURS TO FILE THOSE AMENDED CHARGES ON

ON SEPTEMBER 6.$^{TH}$ AND 2ND OF 2000, THEY ALSO COULD OF A FEW DISCUSSIONS BEFORE OCT·17·2000 CONTRA COSTA COUNTY, DISTRICT ATTORNEY AN SHERIFFS DEPARTMENT DIDNT DO THIS AN RELEASED MR. SCHOPPE-RICO, FREE FROM ANY CHARGES, MR. SCHOPPE-RICO CONTENDS PREJUDICIALLY A YEAR LATER WITHOUT DISCOVERY, DUE PROCESS OF THE LAW IN VIOLATION OF HIS CONSTITUTIONAL AMEN DMENT RIGHTS, THEY NEVER ISSUED A WARRANT OR CHARGED PETITIONER. BASICALLY ACQUITTED HIM OF THE 8,246, PEN. CODE VIOLATION. NOT MERELY NO DISCOVERY OR EVIDENCE WAS PRE-SERVE·WITNESSES NOT OF BIAS INTEREST WERENT PRESERVED. SECURITY VIDEO FOOTAGE AND SO FORTH, PROSECUTOR FANCIFUL SCENARIO OF ARGUEMENT WILL BE PETITIONER WAS LINKED·THE SHELL BULLET CASING FROM SEPTEMBER 2ND 2000·TO THE ONES FROM OCTOBER·17·2000, COUNSEL WAS INEFFECTIVE AND. MUCH OF THE EVIDENCE IS FABRICATED AND WITNESSES COERCED. ALSO EVIDENCE OF THE SEP, 2ND 2000 INCIDENT WAS WITHHELD THAT WAS EXONERATING. EXCUL-PATORY AND FAVORABLE TO HIS DEFENSE, THUS RESULTING IN THE WRONGFUL CONVICTION OF PETITIONER TO CONVIENCE JURORS, ON UNLAWFUL PERJURED TESTIMONY..... THE STATE LAW AND FEDERAL, REQUIRE A FIRST APPEARANCE BEFORE A MAGISTRATE, A ARRESTED PERSON MUST BE TAKEN BEFORE A MAGISTRATE·THE APPLICABLE RULE IS THAT STATED IN PEOPLE V. COOMBES, (1461)(156) CAL.2.A. 135,142.14. CAL.RPTR. 4. 7. 363.P.2d.T.4. CITED· IN VALENZUELA·SUPRA: ... MK·SCHOPPE-RICO CONTENDS HE WAS NEVER ARRAIGNED. OR TAKEN BEFORE A MAGISTRATE. NOR ARRESTED ON SEPTEMBER 6·2000 UNTIL OCT (16·2000 IT STATES WITHOUT NECESSARY UNNECESSARY "DELAYS", IN ANY EVENT, WITHIN (48) HOURS AFTER ARREST. THE 48· HOURS EXPIRE WHEN MAGISTRATE COURT IS NOT IN SESSION PENAL CODE § 825. SEC. 825. PROVIDES THAT AN ARREST REQUIRES ARRAIGNMENT AND A "PROBABLE CAUSE" DETERMINATION CONCERNING A PERSON ARRESTED WITHOUT A WARRANT MUST BE MADE WITHIN (48) HOURS OF ARREST. COUNTY OF RIVERSIDE V.MCLAUGHLIN (1991). 500. U.S. 44.144. L.Ed. 2d.44.63.111.S ct.1661 COUNTY OF RIVERSIDE DISSCUSSED PENAL CODE § 6.26, §8.25. IN § P.C.3 611. P.C§14.14.TIME FOR ARRAIGMENTS TIME REQUIRE-MENTS·FOR ARRAIGMENTS ARE PRIMARILY DISSCUSSED IN P.C.§611,THE BASIC ARRAILMENT TIME REQUIREMENTS IN CRIMINAL CASES IS THAT THE PETITIONER MUST BE BROUGHT BEFORE A MAGIST-RATE·FOR ARRAIGNMENT. BAIL SETING AND WITHOUT ANY UNNECESSARY DELAY". AND IN ANY EVENT WITHIN TWO DAYS OF ARREST. EXCLUDING NO-JUDICIAL DAYS PEN CODE §§ 849,(3) ARREST WITH-OUT A WARRANT (P.C. §825," ARREST WITHOUT A WARRANT. PEOPLE V THOMPSON (1980, 77 C.3d.303 324. 165 CAL. 284.203. PEOPLE V. HAYDEL (147)(112. C.3d. 140. 144. 115 CR. 314. 348·, EVEN IF THE DEFENDANT WAS BROUGHT TO COURT. WITHIN TWO DAY.THE ARRAIGMENT HAD BEEN ILLEGALY DELAYED IF THE TWO DELAY WAS NOT NECESSARY. PEOPLE, V. POWELL (1967.) 67. C.2.d. 72.54. CR.817. DRAGNA V. WHITE·(1955)45. C.2d. 464.284. P,2d· 428. THE "ONLY" DELAY WHICH MAY BE DEEMED" NECESSARY' ARE THOSE NEEDED TO COMPLETE THE ADMINISTRATIVE TASK FOR FILING FORMAL PLEADING < NOTHING ELSE.

IN IN HOLE PAGE REFERING TO PENAL CODE BOOK SECTIONS, P.C.3. PEN CODES.

5.3,

GROUND EIGHT :

PETITIONERS FOURTH AND FOURTEENTH AMENDMENTS RIGHT WERE VIOLATED WHEN
DETECTIVES ILLEGALLY SEARCH AND SEIZED. PETITIONERS ALLEGED PROPERTY

IN BROWN V. ILLINOIS. 45. C. Ct. 2254. 422. U.S. 590. (U.S. ILL. 1975.) CONCLUDED THAT THE
TESTIMONY OF BROWN'S SUPRA. FAILS TO SHOW THAT AT THE TIME OF HIS APPREHENSION THERE
WERE PROBABLE CAUSE FOR DEFENDANTS ARREST AND THAT HIS ARREST WAS THEREFORE UNLAWFUL
1.0. AT 315, 30 T. N.E. 2.d. 422. U.S. 547. AT 357, ALSO 1.d. AT SEE: SCHUPPE~RICOS CLAIM
NUMBER FOUR. . . . . . .   WE CONCLUDED THAT OFFICERS BRYAN. WHICLLOW AND DETECTIVES.
COSTA AND GREENHIED. FAILED TO GIVE PETITIONER/DEFENDANT HIS MIRANDA WARRNINGS. IN THE
FIRST INSTANCE BY POLICE OFFICER. AND VIOLATED SCHOPPE-RICOS RIGHT AND IN THE SECOND.
INEFFECTIVE ASSISTANCE OF COUNSEL FAILED TO SERVE TO BREAK THE CAUSUAL CONNECTION
BETWEEN THE ILLEGAL ARREST AND THE GIVING OF THE STATEMENTS. TO CAUSE A ILLEGAL SEARCH.
AT 180 SHORE. RD. ON OCTOBER. 17. 18 th 19 th OF 2000. WITHOUT A WARRANT. WAS NOT THE
DEFENDANTS ACT OF FREE WILL TO PURGE THE PRIMARY TAINT OF THE UNLAWFUL INVASION, IN RE:
WONGSON V. UNITED STATES. SUPRA: THEY /WE HELD THAT THE COURT DID ERR. IN ADMITTING.
THE EVIDENCE/OF SWEATS PANTS. AND BULLETS. ILLEGALLY SEIZED AT 180 SHORE RD.). JUST AS IN
WONGSON THEY ERRED. . . . . . . . THE EVIDENCE OF THIS IS AS FOLLOWS. ON. OCTOBER. 17. 2000.
MR. SCHOPPE~RICO WAS STOPED FOR INVESTIGUTORILY STOP MEANS. HE WAS INTERROGATED AND
COERCED UPON THREATS (RT: 488) OF BEING RESPONSIBLE OF A CRIME. PETITIONER INDICATED
THAT HE DOESNT WANT TO TALK WITH POLICE OFFICERS, YET. THEY CONTINUE (RT: 489) IN VIOLATION
OF MIRANDA V. ARIZONA. SUPRA: LATER THAT AFTERNOON the ILLEGAL EVIDENCE SEIZED ON OCTOBER.
17th, 18th AND 19th OF 2000. IS AS FOLLOWS. ON OCTOBER 17.th 2000. DETECTIVE COSTA
WENT TO 180 SHORE. RD. WHERE ALLEGE SCHOPPE-RICO LIVED (RT: 1627) WITHOUT A WARRANT
HE (UNLAWFULLY) FOUND A PAIR OF GRAY SWEAT PANTS IN THE FRONT YARD. WHICH WERE SAME COLOR
AND APPARENT CONDITION AS THE SWEAT SHIRT FOUND AT 40 SHARON DR. AND BEARING THE BRAND
NAME " PRO-SPIRIT" (RT: 1631-1633.) THERE WAS NO EVIDENCE HOW HE FOUND THESE. BESIDES
BY SNOOPING AROUND . . . . . . SERGEANT HALE TESTIFIED NOTICE THE PAIR OF PANTS LAYING ON
THE FRONT YARD TOWARD A WALKWAY. (RT: 1631.), THERE WAS NO VIDEO PROOF OR PHOTOS.
OR DIAGRAMS OF WERE OR HOW THEY WERE FOUND. UPON ENTRY WITHOUT A WARRANT. OTHER.
SEIZED ITEMS. ON OCTOBER. 18th 2000. SERGEANT BRYAN WENT TO 180. S HORE. ROAD. RT:
1591-1592) HE COLLECTED A SHELL CASING. A CARTRIDGE AN A DEFORMED SLUB (RT: 1592-
1593 ). ALL BY MEANS OF HAPPENING UPON THEM ALLEGEDLY. WHICH IS NOT THE CASE HERE.
AND THERES NO PROOF THEY OBTAINED IT LAWFULLY. IN BROWN V. ILLINOIS. SUPRA. WHEN
THE EXCLUSIONARY RULE IS UTILIZED AS SHOULD HAVE BEEN IN SCHOPPE-RICOS. CASE
IT WAS TO EFFECTUATE THE FOURTH AMENDMENT SERVES INTEREST AND POLICIE THAT
ARE DISTINCT FROM THOSE IT SERVES UNDER THE FIFTH AMENDMENT. SINCE IT IS DIRECTED
AT ALL UNLAWFUL "SCARCHES AND SEIZURES". AND NOT MERELY THOSE THAT HAPPEN TO
PRODUCE INCRIMINATING MATERIAL OR TESTIMONY AS FRUITS. U.S.C.A. CONST. AMEND
4, 5. A SEARCH WARRANT WASN'T ISSUED UNTIL OCTOBER 30th 31 ST OF 2000 (RT: 2079.),

THUS COMPLAINED ABOUT SEARCH AND SEIZURE VIOLATED PETITIONERS RIGHTS. UNDER THE THE FOURTH AND FOURTEENTH AMENDMENT FEDERAL AND STATE. TO THE UNITED STATES, CONSTITUTION. WONGSEN V. UNITED STATES, (1943) 171. U.S. 471. 484. POLICE CONDUCT IS SO VAGUE IN WONGSON HOLDING HERE WOULD MEAN THAT A VAGUE SUSPICION COULD BE "TRANSFORMED" INTO PROBABLE CAUSE FOR ARREST BY REASON OF AMBIGOUS CONDUCT, WHICH THE OFFICERS THEMSELVES HAVE PROVOKED, AT, HENRY. V. UNITED STATES. 361, U. 98. 104. 80, S. Ct. 168. 172. 4. L. Ed. 2d 134, . THE RESULT WOULD HAVE THE SAME ESSENTIAL VICE AS A PROPOSITION WE HAVE CONSISTENTLY REJECTED. THAT A SEARCH. UNLAW ITS INCEPTION MAY BE VALIDATED BY WHAT IT TURNS UP. BYARS. V. UNITED. STATES. 273. U.S. 28. 47. S. Ct. 248. 71. L. Ed. THUS THEY CONCLUDED THE OFFICERS UNINVITED ENTRY INTO TOY'S LIVING QUARTERS, IN WONGSON. WAS UNLAWFUL THE COURT RULED THAT TOY'S DECLARATIONS AND THE CONTRABAND TAKEN FROM YEE. WERE THE FRUITS OF THE AGENTS ILLEGAL ACTION AND SHOULD NOT HAVE BEEN ADMITTED AS EVIDENCE, AGAINST TOY. Id AT. 484, 488. 83. S. Ct. AT 416.

THE SITUATION IN THIS CASE IS VIRTUALLY A REPLICA OF THE SITUATION IN BROWN, PETITIONER WAS ADMITTEDLY SEIZED WITHOUT PROBABLE CAUSE IN THE HOPE THAT SOMETHING MIGHT TURN UP AND CONFESSED TO A EXTENT OF WERE HE LIVED AND STUFF WITHOUT ANY INTERVAINING EVENT. THE TRIAL COURT RULED ON HIS MIRANDA MOTION THAT WAS PARTIALLY DENIED AND PURPORTED TO DISTINGUISH AS IN BROWN. ON THE GROUND THAT THE POLICE DID NOT THREATEN OR ABUSE PETITIONER, AT (RT: 366. THROUGH RT: 500) PRESUMBLY PUTTING ASIDE HIS ILLEGAL SEIZURE AND DENTENTION AND THAT THE POLICE (442. U.S. 219) CONDUCT WAS HIGHLY PROTECTIVE OF DEFENDANT, FIFTH AND SIXTH AMENDMENT RIGHTS, 61, A.D. 2d, AT 303, 402. N.Y. S. 2d, AT 443. THIS BETRAYS A LINGERING CONFUSION BETWEEN, VOLUNTARINESS FOR PURPOSES OF THE FIFTH AMENDMENT AND THE CAUSUAL CONNECTION TEST ESTABLISH IN BROWN. SATISFYING THE FIFTH AMENDMENT IS ONLY THE THRESHOLD CONDITION OF THE FOURTH AMENDMENT ANALYSIS REQUIRED BY BROWN. NO INTERVENING EVENTS BROKE THE CONNECTION BETWEEN PETITIONERS ILLEGAL DETENTION AND HIS STATEMENTS. TO ADMIT PETITIONERS' CONFESSION. IN SUCH A CASE WOULD ALLOW "LAW ENFORCEMENT OFFICERS TO VIOLATE THE FOURTH AMENDMENT WITH IMPUNITY. SAFE IN THE KNOWLEDGE THAT THEY COULD WASH THEIR HANDS IN THE PROCEDURAL SAFEGUARDS OF THE FIFTH. DUNAWAY VS. NEW YORK. SUPRA .....

NOW IN SCHOPPE-RICO' CASE .ITS THE SEARCH AND SIEZEMENT OF ITEMS AT PETITIONERS RESIDENCE THATS OF ISSUE. NOT JUST THE STATEMENTS, HE MADE IN COURT EXHIBIT NO, SEVEN TRANSCRIPTS OF INTERROGATION AT MARTINEZ POLICE STATION, RE IN BROWN. THE ISSUE PRESENTED IN THIS CASE TURNS ON PROPER APPLICATION OF THE POLICIES UNDERLYING THE FOURTH AMENDMENT EXCLUSIONARY RULE NOT ON THE FIFTH AMENDMENT OR THE PROPHYLAXIS ADDED TO THAT GUARANTEE. BY MIRAND V. ARIZONA. 384. U.S 436. 86. S. Ct. 1602. 16. L. Ed. 2d. 6094, 1616. THE COURT RECOGNIZED IN WONGSON SUPRA, THAT THE FOURTH AMENDMENT EXCLUSION-ARY RULE APPLIES TO STATEMENTS OBTAINED FOLLOWING AN ILLEGAL ARREST "JUST AS IT DOES TO TANGIBLE EVIDENCE SEIZED IN A SIMILAR MANNER", (422. U.S. 607)

55.

OR OBTAINED PURSUANT TO AN OTHERWISE ILLEGAL SEARCH AND SEIZURE. WONGSON ISQUIRELY REJECTED HOWEVER. THE SUGGESTION THAT THE ADMISSIBILITY OF STATEMENTS SO OBTAINED. SHOULD BE GOVERNED BY A SIMPLE ": BUT FOR TEST THAT WOULD RENDER INADMISSIBLE ALL STATEMENTS GIVEN SUBSEQUENT TO AN ILLEGAL ARREST. Id. AT 487, 488, 83, S. Ct. AT 417. IN A SIMILAR MANNER, THE COURT REFRAINS FROM ACCORDING DISPOSITIVE WEIGHT TO THE SINGLE FACTOR OF MIRANDA WARNINGS. EACH HOLDING NEITHER OF THE REJECTED EXTREMES ADE- QUATELY RECOGNIZES THE COMPETING CONSIDERATIONS INVOLVED IN A DETERMINATION TO EXCLUDE EVIDENCE AFTER FINDING THAT OFFICIAL POSSESSION OF THAT EVIDENCE WAS TO SOME DEGREE CAUSED BY A VIOLATION OF THE FOURTH AMENDMENT. THE STATEMENTS AT ISSUE IN WONG- SON WERE ON THE TEMPORAL EXTREMES IN RELATION TO THE ILLEGAL ARREST. CF. COLLINS V. BETO, 348. F. 2d. 823. 832, 834 (836, CAS (1965) TO y STATEMENT WAS OBTAINED IMMEDIATELY AFTER HIS ARREST BY SIX AGENTS. IT APPEARS TO HAVE BEEN A SPONTANEOUS RESPONSE TO A. QUESTION PUT TO HIM IN THE FRENZY OF THAT EVENT, AND THERE IS NO INDICATION THAT THE AGENTS MADE ANY ATTEMPT TO INFORM HIM OF HIS RIGHT TO REMAIN SILENT. THIS AS WELL OCCURRED TO SCHOPPE-RICO ON OCT. 17. 00. THE PHYSICAL CIRCUMSTANCES OF THE ARREST UNNECESSARILY INTRUSIVE ON PERSONAL PRIVACY. WOULD CONSIDER THE EQUALIZATION POTENTIAL OF MIRANDA WARNINGS RARELY SUFFICIENT TO DISSIPATE THE TAINT. IN SUCH CASES THE DETERRENT VALUE OF THE EXCLUSIONARY RULE IS MOST LIKELY TO BE EFFECTIVE AND CORRESPONDING MANDATE TO PRESERVE JUDICIAL INTEGRITY. UNITED STATE V. PELTIER. 422. U.S. 531. 95. S. Ct. 2313. 45 L.Ed. 2.d. 374. 1975. MICHIGAN V. TUCKER. 417. U.S. 433. 45C N. 25, 94. S. Ct. 2357. 2367. 41. L.Ed. 2.d. 182. (1974) MOST CLEARLY DEMANDS (THAT THE FRUITS OF OFFICIAL MISCONDUCT BE DENIED. IN BROWN SUPRA. . . . . . 1.) THE COURT FINDS THE POLICE UNLAWFULLY SEARCHED AND SEIZED SCHOPPE-RICO'S PROPERTY. ON 180 SHORE RD. WITHOUT A WARRANT HE CONTENDS ALL THAT WAS OBTAINED AS AN RESULT OF THAT MUST BE EXCLUDED / SUPPRESS, 2.) THIS ENCLUDED S ANY EVIDENCE RECOVERED AND STATEMENTS OF ALL WITNESSES AND PETITIONERS, ON OCTOBER. 17. 2000,
IN WONGSON SUPRA. IT WAS CONCEDED THAT TOYS DECLARATION IN HIS BEDROOM ARE TO BE EXCLUDED IF THEY ARE HELD TO BE FRUITS OF THE AGENTS UNLAWFUL ACTIONS. IN ORDER TO MAKE THE EFFECTIVE THE FUNDAMENTAL CONSTITUTIONAL GAURANTEES. OF SANCTITY OF HOME AND INVIOLABILITY OF THE PERSON BOYD V. UNITED STATES. 116. U.S. 616. 6. S. Ct. 524. 29. L.Ed. 746. THIS COURT HELD NEARLY HALF CENTURY AGO THAT EVIDENCE SEIZED DURING AN UNLAWFUL SEARCH COULD NOT CONSTITUTE PROOF AGAINST THE VICTUM OF THE SEARCH. WEEKS. V. UNITED STATES 232. U.S. 383. 24. S. Ct. 341. 58. L. Ed. 652. THE EXCLUSION RULE PROHIBITSION EXTENDS AS WELL TO THE INDIRECT AS THE DIRECT PRODUCTS OF SUCH INVASION. SILVERMEN V. UNITED STATES. 365. U.S. 505. 81. S. Ct. 679. 5. L. Ed. 2.d. 734. THE EXCLUSION ARY RULE HAS TRADITIONALLY BARRED FROM PHYSICAL MATERIALS OBTAINED DURING OR AS A RESULT OF AN UNLAWFUL INVASION THAT THE FOURTH AMENDMENT MAY PROTECT AGAINST THE OVERHEARING OF VERBAL STATEMENTS AS WELL AGAINST THE MORE TRADITIONAL SEIZURES OF PAPERS ANY EFFECTS SIMILARILY TESTIMONY AS TO MATTER OBSERVED DURING A UNLAWFUL INVASION HAS BEEN EXCLUDED IN ORDER TO ENFORCE THE BASIC CONSTITUTIONAL POLICIE. MCGINNIS V. UNITED STATES. I. CIR. 227 F. 2d. 598.

---

1). IN COURT TRANSCRIPT. 610 Pg GRUENHIED STATES A FENCE WAS UPON THE SIDE OF CARPORT.
SEE EXHIBIT: I. DIAGRAM OF SECURED FENCE AREA AND WERE CLOTHES WERE ILLEGAL OBTAIN AT.

GROUND NINE :

## INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL ON APPEAL

MR. SCHOPPE-RICO, CONTENDS IN RE. EVITTS V. LUCEY 105. S. Ct. 836, 469. U.S. 387 (U.S. KY. 1985 ) HELD CRIMINAL DEFENDANTS IS ENTITLED TO EFFECTIVE ASSISTANCE OF COUNSEL ON FIRST APPEALS OF RIGHT. (I.E. AN MR. SCHOPPE-RICO WAS DENIED THIS RIGHT. ) COUNSEL MUST ASSIST IN PREPARING AND SUBMITTING BRIEF TO APPELLATE COURT AND MUST PLAY ROLE OF ACTIVE ADVOCATE RATHER THAN MERE FRIEND OF THE COURT ASSISTING IN DETACHED EVALUATION OF APPELLANTS CLAIMS. U.S. C.A. CONST. AMENDS. 6, 14, THIS. PETITIONER CONTENDS SHOULD GO FAR BEYOND RAISING A COUPLE CLAIMS ONLY DUE TO SAID APPELLATE COUNSEL IS REPRESENTING FIVE TO NINE CLIENTS AT ONCE AND NOT BEING TO FOCUS ON APPELLATE CASES. THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT GUARAN- TEES A CRIMINAL DEFENDANT THE EFFECTIVE ASSISTANCE OF COUNSEL. COUNSEL KYLE GEE WAS INEFFECTIVE IN MR. SCHOPPE-RICOS CASE ON DIRECT APPEAL AS OF RIGHT. MR. SCHOPPE-RICO CONTENDS THAT APPELLATE COUNSEL FAILED TO RAISE REASONABLE CLAIM ON RECORD OF INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL ON APPEAL. AFTER THERE WERE FEW OTHER MOTIONS DENIED PREJUDICIALLY AND MR. SCHOPPE-RICO, WROTE HIM NUMEROUS OF TIMES REQUESTING SAID LAWYER TOO, COUNSEL EVEN FAILED TO ARGUE OR PRESENT SOME ISSUES AN FACTS ON APPEAL. THESE ISSUES WERE ON CLAIM. # 10.) THE ADMISSION OF EVIDENCE FROM A SCENT DISCRIMINATION LINE UP. WAS PREJUDICIALLY ERROR. ON CLAIM # 11.) TRIAL COURT ERRED IN FAILING TO GRANT THE MOTION TO COUNTS UNDER CALIFORNIA PENAL CODE § 1118.1....AND ON CLAIM # 12.) THE INSTRUCTION REGARDING THE OFFENSE OF STREET GANG FIREARM POSSESSION WERE FATALLY DEFICIENT. AND ON CLAIM 13.) THERE WAS INSUFFICIENT EVIDENCE OF PREMEDITATED AND DELIBERATE FIRST DEGREE MURDER, IN HIS OPENING BRIEF. ALSO HE RAISED ON APPEAL A CLAIM THAT WAS NOT RAISED IN THE PETITION FOR REVIEW IN THE CALIFORNIA SUPREME COURT. THE # 14TH CLAIM.) WAS COURT ERRED IN DENYING THE MARSDEN MOTION OF MR. SCHOPPE-RICO'S AT PENALTY PHASE., HOWEVER APPELLATE COURT DENIED THAT CLAIM. HOWEVER THERE WERE NO MENTIONING OF IT EVEN IN THE PETITION FOR REVIEW IN THE CALIFORNIA SUPREME COURT. COUNSEL DROP THE CLAIM AND WAS INEFFECTIVE FOR NOT PRESENTING CLAIM # 14.) OF COURT ERRED IN DENYING THE MARSDEN MOTION OF SCHOPPE-RICOS. AFTER HE PERSUED IT AND RAISED IT ON APPEAL. SEE. APPELLANTS. "OPENING APPELLANTS BRIEF" (A.O.B.) FILED IN FIRST APPELLATE DISTRICT. CALIFORNIA COURT. THEN SEE. APPELLANTS PETITION FOR REVIEW FILED IN THE SUPREME CALIFORNIA COURT (NOR WHERE IN WAS LISTED OR ANY MENTIONING OF CLAIM # 14.).

Now DUE TO THIS CLAIM NOT BEING FEDERALIZED. IN THE SUPREME COURT. MR. SCHOPPE-RICO NOW CANT PRESENT IT TO THE COURT OF FEDERAL NORTHERN DISTRICT, DUE TO STATE COURT EXHAUSTION REQUIREMENTS. PETITIONER FURTHER CONTENDS DUE TO THIS COUNSELS UNPROFESSIONAL ERRORS IT RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL NOT ONLY ON APPEAL. BUT ON PETITION FOR REVIEW IN THE SUPREME COURT, AND PETITIONER CONTENDS THIS VIOLATED HIS CONSTITUTIONAL AMENDMENT RIGHTS. UNDER EVITTS. V. LUCY, SUPRA. THE OTHER SHORT COMMINGS ON APPEAL IS APPELLATE COUNSEL, NEVER INFORMED MR. SCHOPPE-RICO OF ONE THING ABOUT THE APPEAL. NOR REPLIED TO ANY LETTERS SENT TO HIM, REQUEST, GRIEVANCES, CONCERNS, ECT. IN REGARDS TO THE STATUS QUO. OF THIS CASE. MR. SCHOPPE-RICO FILED A COUPLE COMPLAINTS TO STATE BAR. (SEE ATTACHED EXHIBIT. _F_ .) IN REGARDS, TO HIS MISCONDUCT. MR. SCHOPPE-RICO, ALSO WROTE COUNSEL NUMEROUS OF TIMES SETING FORTH EXAMPLES AND FACTS ON THE MERITS OF THE CASE. AND TRYED TO REACH AN AGREEMENT CONTRACT TYPE BASIS WITH COUNSEL ON WHAT HE WAS GOING TO FILE AND WHAT CLAIMS, HE WAS GOING TO RAISE. JUST AS, A SAID PREPAID ATTORNEY WOULD NEWLY RETAINED. PETITIONER KNOWS HE AINT/IS NOT LIABLE TO RAISE EVERY CLAIM. REGARDLESS OF MERITS. HE WAS INSTRUCTED TOO AS MR. SCHOPPE-RICO HAS ON APPEAL. HOWEVER ON RECORD THERE WERE OTHER ISSUES, FAR GREATER THAN THE CLAIMS HE CHOOSE, THESE OTHER MOTIONS, WERE ALSO PREJUDIC-IALLY DENIED AT TRIAL IN LIMINE. THOSE ISSUES SHOULD HAVE BEEN RAISED ON APPEAL PER STRICKLAND SUPRA PROFESSIONAL STANDARDS NOT MORE ITS MERITS, BUT DUE TO TRIAL COUNSELS INEFFECTIVENESS IN ARGUEING THEM MOTIONS TO BE GRANTED. WHICH THEN RESULTED THEM BEING DENIED. THOSE MOTIONS ARE AS FOLLOWS 1.) THE PENAL CODE SECTION 995 MOTION. LINE OF QUESTIONING AT (C.T. 320-19.22. THRU. C.T. 322.) QUESTIONING WAS PREJUDICIALLY PROHIBITED BY MAGISTRATE. AND MAGISTRATE PREJUDICIALLY DID NOT WANT TO GRANT WITNESS REQUEST FEES ON FOUNDATION PRESENTED WERE A WITNESS EXPERT IN EYE IDENTIFICATION WAS SUPPOSE TO BE ALLOWED. FOR. MELTONS IDENTIFICATION, LANCASTERS AND JENNIFER SMITHS. TAINT. THESE SAID MOTIONS WERE FILED IN LIMINE. AND, ON FEBRUARY 12TH, 27TH AND HEARD THE 28TH OF FEBUARY. 2003, THE SERIES OF MOTIONS, WERE AS FOLLOWS. 1.) PENAL CODE 1538.5. MOTION WAS PREJUDICIALLY DENIED. 2.) ADMISSION OF MIRANDA STATEMENT CONFESSION, PREJUDICIALLY ALLOWED. 3.) MOTION AS TO SEVERANCE OF COUNTS PRESUDICIALLY DENIED AND 4.) MOTION TO SUPPRESS EVIDENCE ALL DENIED WITH CLAIMS NINE THROUGH THIRTEEN IN HABEAS. IN COURT. AT (R.T. 484+501.) AND BETWEEN (R.T. 503 THROUGH. 507.) DISCOVERY ISSUES AT. (R.T. 508 THROUGH 600.) WERE NOT COMPLIED WITH. COUNSEL WAS ALL AROUND INEFFECTIVE UNDER EVITTS V. LUCEY, SUPRA. IN THE EVITTS. CASE. DEFENDANT EVITTS FILED A CHALLENGING THE CONSTITUTIONALITY OF THE COMMON WEALTH AS DISSMISSAL OF HIS APPEAL BECAUSE OF HIS LAWYERS FAILURE TO

FILE STATEMENT OF APPEAL, ON THE GROUNDS DISMISSAL DENIED HIM AND DEPRIVED HIM OF INEFFECTIVE ASSISTANCE OF COUNSEL ON APPEAL. AS A RIGHT GAURANTEED BY THE FOURTEENTH AMENDMENT OF THE U.S. CONSTITUTION, HIS WRIT WAS GRANTED, TO SEE IF HE HAD A CLAIM UNDER THE "EQUAL PROTECTION CLAUSE", LUCEY V. SEABOLD. 645 F. 2d. 547 (1981) MR. SCHOPPE-RICO ARGUES THE ISSUE TO DECIDE IS WHETHER STATE COURTS DISMISSED THE APPEAL IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE 14TH AMENDMENTS, SO MR. SCHOPPE-RICO CLAIM ARISES BETWEEN TWO LINES OF CASES. IN LINE WE HELD IN EVITTS SUPRA. THE 14TH AMENDMENT GUARANTEES A CRIMINAL APPELLANT PERSUING A FIRST APPEAL AS OF RIGHT CERTAIN MINIMUM SAFEGUARDS NECESSARY TO MAKE THE APPEAL "ADEQUATE AND EFFECTIVE", SEE GRIFFIN V. ILLINOIS 351. US. 12, 2C, 76. S.CT. 585, 591. 100. L.Ed. 891. (1956). AMONG THOSE SAFEGUARDS IS THE RIGHT TO COUNSEL, SEE DOUGLAS V. CALIFORNIA. 372. U.S. 353, 83.S. CT. 814. 9. L.Ed. 2d. 811. (1963) IN THE SECOND LINE WE HAVE HELD THAT THE TRIAL LEVEL RIGHT TO COUNSEL, CREATED BY THE SIXTH. AMENDMENT AND APPLIED TO THE STATE THROUGH THE 14TH AMENDMENT, SEE. GIDEON V. WAINWRIGHT. 372. U.S. 335, 344. 83. S. CT. 792.746. 9. L.Ed. 2. d. 799. (1963) COMPREHENDS THE RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL Id. 464. U.S. 393. THE ATTORNEY MUST BE AVAILABLE TO ASSIST IN PREPARING AND SUBMITTING A BRIEF TO THE APPELLATE COURT, SWENSON V. BOSIER. CITE. AND MUST PLAY ROLE OF ACTIVE AD- VOCATE FURTHER THAN MERE FRIEND OF THE COURT ASSISTING IN A DETACHED EVALUATION OF THE APPELLATE CLAIMS. SEE. ANDERS V. CALIFORNIA. SUPRA IN EVITTS SUPRA - AS THE QUOTATION FROM STRICKLAND SUPRA. MAKES CLEAR THE CONSTITUTION GUARANTEE OF EFFECTIVE ASSISTANCE OF COUNSEL AT TRIAL APPLIES TO EVERY CRIMINAL PROSECUTION WITHOUT REGARD TO WHETHER COUNSEL IS RETAINED OR APPOINTED  CUYLER V. 464. U.S. 366. i.d. SULLIVAN SUPRA. CITED IN EVITTS, THE CONSTITUTIONAL MANDATE IS ADDRESSED TO THE ACTION OF THE STATE OBTAINING A CRIMINAL CONVICTION THROUGH A PROCEDURE THAT FAILS TO MEET DUE PROCESS OF THE LAW STANDARDS. UNLESS A DEFENDANT CHANGED CHARGED WITH A OFFENSE HAS COUNSEL INVOKE PROCEDURAL SAFE- GUARDS THAT DISTINGUISHES OUR SYSTEM OF JUSTICE. A SERIOUS RISK OF INJUSTICE INFECTS IT'S TRIAL ITS SELF. WHEN A STATE OBTAINS A CRIMINAL CONVICTION THROUGH SUCH A TRIAL, IT'S. THE STATE THAT UNCONSTITUTIONALLY DEPRIVE THE DEFENDANTS OF LIBERTY, CUYLER V. SULLIVAN. SUPRA. AT 343. 100. S. CE. AT 1715. . . . . MR. SCHOPPE-RICO CONTENDS IF APPELLATE COUNSEL WOULD OF CONSULTED HIS VIEW ON FOUR OUT OF EIGHT CLAIMS OR ACTED AS ADVOCATE, THEN A MERE FRIEND OF THE COURT. THERE IS A VERY STRONG POSSIBILITY PETITIONER WOULD OF PREVAILED ON APPEAL. DUE TO THOSE IN LIMINE MOTIONS WERE DENIED BEFORE TRIAL AND IF GRANTED EASILY WOULD OF PERSUADED JURORS TO ACQUITT. BASED ON THESE REASON COUNSEL WAS ALL AROUND INEFFECTIVE, AND REVERSAL IS REQUIRED OR REMANDMENT TO TRIAL UNDER EVITTS SUPRA. THE LESSON OF OUR CASES AS WE POINTED OUT IN ROSS. SUPRA IN EVITTS. ROSS. 417. U.S. AT 609. 94. S. CE. AT 2443. IS THAT EACH CLAUSE TRIGGER A DISTINCT INQUIRY. DUE PROCESS EMPHASIZES FAIRNESS BETWEEN STATE AND INDIVIDUAL. DEALING WITH STATE, REGARDLESS OF HOW OTHER INDIVIDUALS IN THE SAME SITUATION MAY BE TREATED. "EQUAL PROTECTION".

59.

ON THE HAND EMPHASIZE DISPARITY IN TREATMENT BY STATE, BETWEEN CLASSES OF INDIVIDUALS WHOSE SITUATIONS ARE ARGUABLY INDISTINGUISHABLE IN CASES LIKE GRIFFEN AND DOUGLAS DUE PROCESS CONCERNS WERE INVOLVED. BECAUSE STATES INVOLVED HAD SET UP A SYSTEM OF APPEAL AS OF RIGHT, BUT REFUSED TO OFFER EACH DEFENDANT A FAIR OPPORTUNITY TO OBTAIN ADJUDICATION ON THE MERITS OF HIS APPEAL, EQUAL PROTECTION CONCERNS WERE INVOLVED, BECAUSE STATE TREATED A CLASS OF DEFENDANTS INDIGIENTS ONES DIFFERENTLY FOR PURPOSE OF OFFERING THEM MEANINGFUL APPEAL, I.E. MR. SCHOPPE-RICO CONTENDS DUE TO HIM BEING INDIGIENT, HE IS BEING TREATED UNFAIRLY AND DIFFERENT LIKE HE DOESNT HAVE NO RIGHTS TO EXPERT WITNESSES, SUCH AS A DOG SCENT OLFACTORY SCIENTIST EXPERT OR/AN EYE IDENTINFICATION WITNESS. EXPERT WASN'T ALLOWED NOR THE FUNDS BY THE MAGISTRATE, BUT OF COURSE THEY'LL HIRE A GANG EXPERT TO INCRIMINATE PETITIONER, IN VIOLATION OF HIS FIRST AMENDMENT RIGHT TO FREE OF SPEECH AND ALLOW AN GANG EXPERT ON BEHALF OF THE PROSECUTION. BUT NONE IS/WAS ALLOWED FOR THE DEFENSE. THIS HERE FROM ON THE START HAS BEEN DENYING PETITIONER A SUBSTANTIAL RIGHT, BOTH OF THESE CONCERNS WERE IMPLICATED IN THE GRIFFIN AND DOUGLAS CASES. BOTH CLAUSES SUPPORTED THE DECISION REACH BY THIS COURT, IN DOUGLAS V. CALIFORNIA. 372. U.S. 353, 357. 83. S.Ct. 514. 116. 9. * 842. L. Ed. 2.d 811. 1963, THE COURT STATED THAT ADDITIONAL OBSTICLES PLACED IN THE PATH OF AN INDIGENT SEEKING TO APPEAL A CONVICTION DID NOT "COMPORT WITH FAIR PROCEDURE" BUT IT EXPLAINED UNFAIRNESS ENTIRELY IN TERMS OF INEQUALITY. "THERE IS LACKING THAT EQUALITY DEMANDED BY THE FOURTEETH AMENDMENT WHERE RICH MAN WHO APPEALS AS OF RIGHT, ENJOYS BENEFIT OF COUNSEL'S EXAMINATION INTO THE RECORD. RESEARCH OF THE LAW AND MARSHALLING OF ARGUEMENTS ON HIS BEHALF. WHILE THE INDIGENT ALREADY BURDENED BY A PRELIMINARY DETERMINATION THAT HIS CASE IS WITHOUT MERIT, IS FORCED TO SHIFT FOR HIMSELF. I.d at 357-358. 83. S.Ct. 816.17. SO THEREFORE. COURT SHOULD RENDER APPELLATE COUNSEL WAS ENEFFECTIVE. ON APPEAL. SEE ATTACHED EXHIBITS OF LETTERS, APPELLATE COUNSEL WROTE (EXHIBIT: ___F___ ) COUNSEL INEFFECTIVELY ADVISE MR. RICO SCHOPPE-RICO ON HABEAS CORPUS AND MR. SCHOPPE-RICO TOOK HIS ADVISE, PETITIONER JUST AS. IN RE: MILLER V. KEENEY. 882. F.2d. 1428 (C.A. 9TH CIR. 1989) WAS UNDER THE IMPRESSION TO TAKE HIS ADVISE AS LEAD COUNSEL ON WHAT STEPS TO TAKE AFTER THE STATE CALIFORNIA SUPREME COURT DENIED PETITIONERS, PETITION FOR REVIEW AND THIS RESULTING IN INEFFECTIVE ASSISTANCE OF COUNSEL. ON ALSO GROUNDS OF APPELLATE COUNSEL INCORR- ECTLY ADVISE MR. SCHOPPE-RICO, NOT TO FILE A CERTIORARI PETITION IN THE UNITED STATES SUPREME COURT. ALSO SEE EXHIBIT: F [pg. 15+17] APPELLATE COUNSEL INEFFECTIVENESS TO CHALLENGE RESTITUTION PERSUANT TO P.C. § 1202.45 AND 1202.4, AFTER COURT FORWARD HIM LETTER TO HANDLE AND HAVE STRICKEN, DUE TO INSUFFICIENT EVIDENCE MR. SCHOPPE-RICO COULD PAY FINE . . . .

GROUND TEN

THE TRIAL COURT ERRED PREJUDICIALLY IN ADMITTING "SCENT DISCRIMINATION LINE UP" EVIDENCE AS PROOF OF IDENTITY.

MR. SCHOPPE-RICO CONTENDS THE COURT ABUSED ITS DISCRETION BY EXCLUDING A QUALIFIED EXPERT UNDER THE KELLY-FRYE MOTION FILED BY THE DEFENSE, SEEKING TO EXCLUDE "SCENT DESCRIMINATION LINEUP EVIDENCE" OR EXCLUDING IT ENTIRELY IT HAD NO FOUNDATION. MR. SCHOPPE-RICO ARGUES THAT ADMISSION OF SCENT DESCRIMINATION LINEUP EVIDENCE REQUIRES PROOF THROUGH A DISINTERESTED VENTERINARY DOG HANDLER AND A QUALIFIED WITNESS. WITH OUT A CONFLICT OF INTEREST. GENERALLY WHO'S ACCEPTED IN THE "RELEVANT SCIENTIFIC COMMUNITY WHO CAN EXPLAIN PROOF OF DOG'S ERROR. IN 'MITCHELL SUPRA. 110. CAL. APP. 4th, 772.          " A SCENT IDENTIFICATION BY [THE DOG] APPEARS TO PROVIDE A DIFINATIVE TRUTH WITH [THE HANDLER] BEING ANALOGOUS TO A MACHINE THAT THE HANDLER. (AND ONLY THE HANDLER CAN CALIBRATE AND READ. THUS WE CONCLUDE THAT KELLY SHOULD HAVE BEEN APPLIED TO THIS EVIDENCE.       1. d AT 743.

STANDARD OF REVIEW. THE DISTRICT COURTS EVIDENTIARY RULING ARE REVIEWED FOR ABUSE OF DISCRETION. SEE UNITED STATES v. CRESPO DE LIANO 838. F. 2d. 1006 (9th CIR. 1987) FOR ANALYSTS . . . . . . . HOWEVER, CRAIG. SUPRA. 86. CAL. APP. 3d. 905. CONCLUDED THAT "DOG TRACKING" EVIDENCE IS NOT SUBJECT TO THE KELLY-FRYE PRINCIPLES. MORE OVER THERE IS A GENERAL RULE SENSE THE DOGS AND SCENT ABILITY ARE MORE EASILY UNDERSTOOD "SCIENTIFICALLY" THAN POLYGRAPH, AND HYPNOSIS. YET IT TURNS OUT THERE IS A GREAT DEAL MORE TO DOGS SCENT ABILITY THAN KNOWN . . . . DURING THE TRIAL PROCEEDINGS ON FEBRUARY 21. 2003. THE DEFENSE FILED A MOTION IN LIMINE TO EXCLUDE " SCENT DISCRIMINATION LINE UP" EVIDENCE ON KELLY-FRYE PRINCIPLES (3. C.T. 180) THE PROSECUTION FILED OPPOSITION (3. CT. 932) . THE DEFENSE MOTION SUMMARIZED THE "SCENT DISCRIMINATION LINE UP EVIDENCE FROM THE PRELIMINARY HEARING.

1. "THE "HANDLER" OF THE DOG WAS A "VETERINARY" TECHNICIAN WHO VOLUNTEERED WITH CONTRA COSTA SEARCH AND RESCUE (3. CT. 814) HER TRAINING IN "SCENT DESCRIMINATION LINEUPS "HAD OCCURRED IN VARIOUS (UNKNOWN) SCHOOLS CONDUCTED BY VARIOUS BLOODHOUND (UNKNOWN) GROUPS . 1 DID. HER SOLE "ACADAMIC TRAINING OF (90) HOURS. IN THE VETERINARY FIELD STEMS FROM VETERINARY CONFERENCES SHE HAD BEEN SENT TO BY HER EMPLOYER." (3. CT. 815 / 2.) THE LINEUP IN THIS CASE INVOLVED FOUR SUBJECTS. WHO WERE MR. SCHOPPE-RICO (AND THREE POLICE OFFICERS. THE DEPUTIES WORE SHORTS AND SHOES AND MR. SCHOPPE-RICO WORE SHORTS "AND" [WAS BARE FOOT]'' 3-CT. 815. AND. 3). IN THE LINEUP "THE DOG HAD BEEN "PRESENTED" WITH A BAG WITH SWEATSHIRT. AND HAD BEEN TOLD TO

101.

SEARCH. THE DOG. TRACKED TO PERSON NUMBER FOUR A DEPUTY, HAD RETURNED TO THE
THE BAG WITH SWEATSHIRT, HAD GONE TO PERSON TWO, MR. SCHOPPE-RICO, AND THREE
A DEPUTY, HAD RUN TO NUMBER THREE "AND JUMPED TOWARD" HIM, HAD GONE TO
NUMBER TWO AND SNIFFED HIS LEGS. "HAD GONE BACK TO THE HANDLER AND THEN TO NUMBER.
THREE". ... AND THEN HAD GONE TO NUMBER TWO "AND JUMPED AT HIM". THIS WAS THE ALLEGEDLY
POSITIVE IDENTIFICATION OF MR. SCHOPPE-RICO. (3-CT: 815-816), (I.E.

MR. SCHOPPE-RICO, CLAIMS THAT THE COURT ABUSED ITS DISCRETION WHEN EXCLUDED EXPERT
WITNESS, OR ADMITTED DOG HANDLERS " SCENT DISCRIMINATION LINE UP" AS EVIDENCE.
WITHOUT  SUFFICIENT EVIDENCE THE "SCENT DISCRIMINATION LINEUP" WAS BEING ADMITTED
ON A PROPER FOUNDATION RATHER THAN MERE BIAS TESTIMONY, EVIDENCE SHOWING
SCHOPPE-RICO'S HAIRS AND DNA, WERE NOT ON CLOTHING FOUND AT 40 SHARON DRIVE RT:
1780) WITH CRIMINALIST ALEX TAFLYA COMPARING SCHOPPE-RICO'S HAIR WITH THE HAIRS
FOUND ON THE SWEAT SHIRT AND WARM UP PANTS (HE WAS ELIMINATED AS A POSSIBLE SOURCE
FOR THOSE HAIRS. (RT: 2329, 2333, 2336.) WITH THIS EVIDENCE, AND EXPERT TESTIMONY
WOULD HAVE UNDERMINED THE CREDIBILITY OF JUDY SCHETTLERS AND OFFICER TESTIMONY THAT
SCHOPPE-RICO WAS IDENTIFIED OR LINKED TO THE CLOTHING THAT ALLEGEDLY HE DISCARDED
EXCLUSION OF THIS EVIDENCE OR APPROVING EXPERT WITNESSES, WOULD HAVE BUTTERESSED THE
CREDIBILITY OF ALEX TAFYAS TESTIMONY WHICH SUPPORTED SCHOPPE-RICO'S DEFENSE, WHICH
THE COURT NOW SHOULD DO IS EXCLUDE THE INFORMATION AS IRRELEVANT, OR ALTERNATIVELY
UNDER FEDERAL RULE OF EVIDENCE 403, BECAUSE OF ITS PREJUDICIAL EFFECT SIGNIFICANTLY
EXCEEDED THEIR PROBATIVE VALUE. RULE 403, PROVIDES IN RELEVANT PART: ..... ALTHOUGH
RELEVANT EVIDENCE MAY BE EXCLUDED IF ITS PROBATIVE VALUE IS SUBSTANTIALLY OVER WEIGHED
BY THE DANGER OF UNFAIR PREJUDICE; CONFUSION OF THE ISSUES OR MISLEADING THE JURY.
DOG SCENT EVIDENCE WILL DO THAT, HOWEVER. (I.E.)

THE DEFENSE COUNSEL MOTION ALSO CITED AND DISCUSSED EXTRA JUDICIAL SOURCES, THESE
INCLUDED TADLITZ. (3-CT: 812-816-817-819.) WOJCIKIEWICZ, J. "DOG SCENT EVIDENCE"
IT IS SCIENTIFIC", PAPER PRESENTED TO THE INTERNATIONAL ACADEMY OF FERENSIC SCIENCE
(3-CT: 812-813) BRISBANE AND AUSTAD. "TESTING THE INDIVIDUAL ODOUR OF CANINE
OLFACTORY". 1440" ANIMAL BEHAVOIR 42N3, (3-CT-817), BUYTENDIJK, F. THE MIND
OF THE DOG (1973), (3-CT-817-818) AND SCHOON GERTRUDE. "A FIRST ASSESSMENT OF
THE RELIABILITY OF AN IMPOSED SCENT IDENTIFICATION LINE UP. JOURNAL OF FORENSIC.
SCIENCE, 43-(1): (1998) (3-CT- 820-823) ...... PROFESSOR TASLITZ'S ARTICLE WILL
BE DISCUSSED FURTHER. BELOW HOWEVER, A HIGHLIGHT IS THE FOLLOWING QUOTATION FROM
WIGMORE, J. EVIDENCE. (1983) §177, AT P. 1852;

IN ACTUAL USAGE, EVIDENCE OF THE CONDUCT OF ANIMAL IS APT. TO BE HIGHLY MISLEADING
..... MOREOVER, THE VERY LIMITED NATURE OF THE INFLUENCE POSSIBLE IS APT TO BE

BE DISTORTED .... IN SOME REGIONS OF OUR COUNTRY THE MYSTERIOUSLY ACCURATE OPERATION OF THE DOGS INERRANT INSPIRATION AND THIS GROSS POPULAR CREED MIGHT IN A JURY MISLEAD THEM INTO GIVING EXCESSIVE CREDIT TO THE EVIDENCE OF THE DOG'S INTINERARY." TASLITZ, SUPRA, AT 28; SEE (3, CT-812) 813, THROUGH. 836), THE CASE LAW. THRESHOLD QUESTION IS WHETHER " SCENT DISCRIMINATION LINEUP S ARE SUBJECT TO KELLY FRYE ANALYSIS. UNDER PEOPLE V. STOLL (1989) 49. CAL. 3d. 1136, 1155, 1156, THE TWO BASIC SUB-QUESTIONS ARE. IS THE TEST "NEW" "NOVEL" OR EXPERIMEN-TAL." ? AND DOES THE TEST "CONVEY A MISLEADING ARURA. OF CERTAINTY. THE ANSWER TO BOTH QUESTIONS IS 'YES." ....       PROTECTING A JURY FROM MISLEADING AND UNVER IFIED TECHNIQUE REQUIRES A DUAL FOCUS. THE FIRST FOCUS IS ON THE PURPORTED INFALLA BILITY OF THE TEST. IBID. MOREOVER IT IS NOT ONLY "MACHINES" WHICH ARE SUBJECT TO KELLY-FRYE. SEE: PEOPLE V. LEAHY. (1994) 8. CAL. 4th 587. (HEREINAFTER ."LEAHY" [KELLY FRYE. PRINCIPLES APPLY TO THE "HORIZONTAL GAZE NYSTAGMUS". TEST. DESPITE LENGTHY USE BY LAW ENFORCEMENT TO HOLD THAT A SCIENTIFIC TECHNIQUE COULD BECOME IMMUNE FROM KELLY SCRUTINY MERELY BY REASON OF LONG STANDING AND PERSISTENT TEST USE BY LAW ENFORCEM ENT OUTSIDE THE LABATORY OR THE COURTROOM SEEMS UNJUSTIFIED ). WHERE THE TESTIFYING OFFICERS SOUGHT TO IMBUE HGN WITH AN "AURA OF CERTAINTY, Id. AT 605-607]
THE LEADING AUTHORITY ON ' SCENT DISCRIMINATION LINEUP' IS TASLITZ, 42 HASTINGS LAW JOURNAL 15, AUTHORED BY A FORMER ASSISTANT DISTRICT ATTORNEY AND ASSISTANCE PROFESSOR AT HOWARD UNIVERSITY SCHOOL OF LAW TAZLITZ URGES THAT SUCH LINEUPS BE SUBJECT TO KELLY - FRYE ANALYSIS...THE COURTS IRRATIONAL HANDLING OF SCENT LINEUP'.... REFLECTS THE JUDICIARY's FUNDAMENTAL FAILURE TO RECOGNIZE THE MYTHIC QUALITIES OF THE SUPPOSEDLY INFALLIBLE DOGS POWER AND TO UNDERSTAND THE ROLE SCIENCE PLAYS IN THE LAW OF EVIDENCE. IN A 1968 STATEMENT, THE AMERICAN BAR ASSOCIATION RECOGNIZED THE RISK THAT A JURY WILL BE SWAYED BY A. SUPERSTITIOUS FAITH IN THE BLOODHOUNDS ACCURACY. Id. AT 27, NOTE 8, 34, 56, 57 OMITTED .....       PROFESSOR TASLITZ CHALLENGES COURTS WHICH TREAT DOG TRALKING AND "NARCOTICS DETECTION." AS EQUIVALENT TO A SCENT DESCRIMINATION LINEUP' ( Id. AT 42-43.) ..... APPLICATION MR. SCHOPPE-RICO DEEMS THE MATTER STRAIGHTFORWARD. THE RANGE OF UNASWERED "SCIENTIFIC" QUESTIONS ABOUT HOW DOGS. DESCRIMINATE AMONG HUMAN SCENTS. WHAT FACTORS MAY INFLUENCE DISCRIMINATION THE ACCURACY OF SCENT DISCRIMINATION PROCEDURES TO MAXIMIZE ACCURACY AND MINIMIZE THE DANGER OF MISLEADING AND UNRELIABLE EVIDENCE ..... WE KNOW INACCURACIES IN LINEUP'S AS SCHOPPE-RICOS. WHEN KNOWN SCENTING ABILITIES OF DOGS HAVE AN AURA OF MYTHICAL INFAILIBILITY. WE KNOW FROM PROFESSOR TASLITZ. SCIENTIFIC INVESTIGATI-ION OF AREA. REMAINS IN ITS INFANCY RENDERING THIS AREA OF SCIENTIFIC ANALYSIS "NEW TO SCIENCE AND LAW    PEOPLE V. STOLL. SUPRA. AT 1156. IN SUM MITCHELL'S ANALYSIS IS THE CORRECT ONE. KELLY FRYE PRINCIPLES SHOULD HAVE BEEN APPLIED AND IT WAS ERROR TO HAVE ADMITTED THIS EVIDENCE ON AN UNRELIABLE FOUNDATION.

GROUND ELEVEN

THE TRIAL COURT ERRED IN FAILING TO GRANT THE PENAL CODE SECTION MOTION
1118.1 MOTION AS TO THE "STREET GANG" FIREARM COUNTS.

INTRODUCTION - PETITIONER SCHOPPE-RICO CONTENDS HIS FIRST AMENDMENT RIGHT TO
SPEECH ASSOCIATION AND EQUAL PROTECTION CLAUSE RIGHT TO ASSOCIATE WITH MEMBERS
OF ONES RACIAL GROUP WERE VIOLATED BY PROMULGATED PROP: 21 OFFICIAL ENFORCING
AND IMPLEMENTING VAGUE OVERBOARD RULES AND/OR REGULATIONS THAT UNJUSTIFIA-
BLY CURTAIL PETITIONERS CONSTITUTIONAL RIGHTS OF FREE SPEECH AND ASSOCIATION
OF DUE PROCESS OF THE LAW. THE ISSUE SCHOPPE-RICO WAS WRONGLY CONVICTED OF .,
POSSESSION A LOADED AND/OR CONCEALED WEAPON. HE CONTENDS FOR ORDER IT TO
QUALIFY AS FELONIES. THE PERSON ALLEGEDLY IN POSSESSION MUST AT THE TIME OF THE
POSSESSION HAVE BEEN VIOLATING ALL ELEMENTS OF PENAL CODE SECTION 186.22 SUBDIV-
ISION (a)  PEOPLE V. ROBLES, SUPRA, 23 CCL 4TH AT 1115. IN RE: PEOPLE V. FLORES,
(2005) 129, CAL. APP. 4TH ,174, 28, CAL. RPTR, 3d. 232. IN THE PRESENTATION OF THE DEFENSE
SECTION 1118.1 MOTION AS TO COUNTS TWO, THREE, FIVE, SIX, DEFENSE COUNSEL INEFF-
ECTIVELY ARGUED THAT MR. SCHOPPE-RICO HAD NOT BEEN SHOWN TO HAVE BEEN VIOL-
ATING SECTION 186.22 SUBDIVISION (2) AT THE TIME EITHER EVENT THOSE DATES/
THOSE MOTION WAS DENIED . . . .    STANDARD OF REVIEW. THE DISTRICT COURT ON
IF THE EVIDENTIARY RULINGS REVIEWED FOR ABUSE OF DISCRETION. SEE UNITED STATES.
VS. CRESPO DE LIANO 838, F.2d. 1006. (9TH CIR 1987.) FOR ANALYSTS, . . . . . . .
BEFORE SCHOPPE-RICO'S PRELIMINARY TRIAL. PROSECUTOR HAD ISSUES WITH MULTIPLE OF THESE
UNKNOWN ALLEGED GANG MEMBERS. WITHOUT PROOF, BEING AT THE RESIDENCE OF 180-SHORE
RD. WHO WERE LOITERING OR CLEANING THE HOUSE (RT: 559, 566. 569,) WHILE A SEARCH
WARRANT WAS BEING ISSUED DETECTIVES HAD TO BE SITING ON THE HOUSE, BECAUSE THEY
HADN'T SEARCHED THE HOUSE (RT: 570, 571) TRAFFIC WAS IN AN OUT, WHEN POLICE ARRIVED
TO SEARCH STUFF WAS IN BAGS AND TRASH BAGS. ALL OLD GARBAGE, (RT 571-572),
WELL. THE OFFICER SAW GANG GRAFFITI AND BULLET HOLES IN THE REAR BEDROOM, WHICH
DID NOT HAVE A BED (RT: 1674. 2080, 2097) AND FOUND PHOTOGRAPHS OF PERSONS
FLASHING GANG SIGNS, AS WELL AS "GANG TYPE" WRITINGS SUCH AS "14" AND "EBL(RT:
(2081.-2085) WHICH PETITIONER DENIES IS HIS OR/AND WAS LEFT THERE PLACED THERE
BY, UNKNOWNS ON PROPERTY GOING THROUGH BAGS (RT: 559. 566. 569), INSPECTOR.
RON HUPPERT ASSIGNED TO THE GANG INTELLIGENCE UNIT (RT: 2109.) DESCRIBED THE EAST
BAY LUCOS" (EBL) AS A SUBSET OF NORTENOS, BOTH WHICH WERE CRIMINAL STREET GANG,
IDENTIFIED WITH COLOR RED AND 14, (RT: 2118, 2121. 2122,) HE DEEMED MATTHEW
SPURLING, HENRY GRENADES AND DAVID STOKES " VALIDATED" MEMBERS OF THE NORTENOS
EAST BAY LUCOS (RT: 2123-2124)
IN VIOLATION OF  IN RE FRANKS, SUPRA, 2006.141. C.A.4TH 1142, 1196. 46 CIR. 3d.834,

INSPECTOR HUPPERT IDENTIFIED MR. SCHOPPE-RICO AS A VALIDATED "EAST BAY LOCOS" GANG MEMBER. BASED ON 1996 SELF-ADMISSION, A TATTOO AND PRIOR ASSOCIATION WITH A KNOWN GANG MEMBER. (RT: 2126-2127, 2129(.) 2131-2134.) IT WAS THE GANG EXPERT OPINION THAT IN 2002, MR. SCHOPPE-RICO HAD STILL BEEN AN ACTIVE NORTENO (RT: 2170.) HOWEVER HE ADMITTED BETWEEN 1996 AND 2000, HE HAD NO CONTACTS WITH SCHOPPE-RICO (RT 2181.) HE THEN NOTED THAT THE DECEDENT HAD BEEN WEARING BLUE[11] & NOTHAT, SCHOPPE-RICO, HAD BEEN FOUND WITH A RED BANDANNA. (RT: 2172-2173) AND THERE WAS LETTERS WRITTEN TO HIS BROTHER. (RT: 2161, 2165-2166, 2168, 2109) RE: IN FRANKS SUPRA. THE EVIDENCE WAS INSUFFICIENT TO SUPPORT A FINDING THAT MINOR POSSESSED KNIFE FOR BEN-EFIT OF AT DIRECTION OF OR IN ASSOCIATION WITH A CRIMINAL STREET GANG AS REQUIRED BY PENAL CODE 186.22.1B1(1). EXPERTS OPINION THAT MINOR POSSES KNIFE FOR THE THAT PURPOSE WAS IMPROPER, EVIDENCE THAT MINOR HAD AFFILIATION WITH GANG, DID NOT BY ITSELF PROVE SPECIFIC INTENT TO USE KNIFE TO PROMOTE FURTHER OR ASSIST IN CRIMINAL CONDUCT BY GANG MEMBERS. ... EVERYTHING FROM 96 TO 2000, SHOULD OF BEEN EXCLUDED WHEN SCHOPPE-RICO WAS A MINOR ... NEW VIOLATION OF SECTIONS 186.22. SUBDIVISION (B) HAS THREE ELEMENTS [i] ACTIVE PARTICIPATION IN A STREET GANG [ii] KNOWLEDGE THAT THE GANG MEMBERS ENGAGED IN A PATTERN OF CRIMINAL GANG ACTIVITY, AND [iii] WILLFUL PROMOTION OR ASSISTANCE IN FELONIOUS CRIMINAL CONDUCT BY GANG MEMBERS. IN THIS ARGUEMENT MR. SCHOPPE-RICO ASSERTS, THE PHILOSOPHY AND LAGUAGE CONTAINED IN MUCH OF THE STREET TERRORISM ENFORCEMENT AND PREVENTION ACT (PENAL CODE SEC. 186.22)(B) DOES NOT REFRENCE PENAL CODE. 186. 28.(B) (1)(2) AND(3)(h) OR INCORPORATES THE RELATED PENAL CODE SEC 186.24. AS THE LAW WITH REGARD TO "STREET GANG" FIREARM COUNTS, AND THE LEGISLATURES FINDING THEREIN (IT IS NOT THE INTENT OF THIS CHAPTER TO INTERFERE WITH THE EXERCISE OF THE CONSTITUTIONALLY PROTECTED RIGHTS OF FREEDOM OF EXPRESSION OR ASSOCIATION!) SEE ALSO ANNOTED PENAL CODE. SEC. 186.22 NOTES OF DECISION 7. ACTIVE PARTICIPATION "; ) SEE ALSO ASSEMBLY CORN, ON PUBLIC SAFETY ANALYSIS OF ASSEMBLY BILL NO. 2013 (1987-1988) REG SESS.) JUNE 8, 1987, p.7, NOTING SCALES VS. U.S. 81. S.CT. 1469, 367. U.S. 203 (U.S.N.C, 1961) THAT 'MERE ASSO-CIATION WITH A GROUP CANNOT BE PUNISHED UNLESS THERE IS PROOF THAT THE DEFENDANT KNOWS OF AND INTENDS TO FURTHER ITS ILLEGAL AIM s."] Id AT p.2. THE BILL AS WRITTEN WILL NOT APPLY TO THE SO-CALLED CAUSAL MEMBER TO BE HELD CRIMINALLY CULPABLE GANG MEMBERS MUST HAVE THE REQUISITE SPECIFIC INTENT AND KNOWLEDGE (AB 2013) IN FACT GOES BEYOND THE ACTIVE MEMBERSHIP TEST BY SCALES BY REQUIRING ACTIVE PARTICIPATION, RATHER THAN MERE MEMBER SHIP-citing PEOPLE V CASTENADA. 9T. CAL.RPTR.2d 464.23 CAL.4TH. FURTHER, STATE AND FEDERAL COURTS HAVE CLEARLY REJECTED GUILT BY ASSOCIATION AND GANG MEMBERSHIP AS EVIDENCE THAT A SPECIFIC CRIME WAS COMMITTED. IN U.S. V WEISWINKEL (1995) 44.F.3d. 782 787.(THE PROSECUTION MAY NOT PROVE A DEFENDANTS GUILT BY SHOWING HIS ASSOCIATION WITH UNSAVORY CHARACTERS. U.S. V. DICKENS (1985) 775. F.2d.1056.1058. (SAME) PEOPLE V. PEREZ (1981) 114 CAL. APP. 3d. 470. 477, EVIDENCE OF GANG MEMBER SHIP INADMISSIBLE INSOFAR AS IT DOES NOT "HAVE" TENDENCY "IN

IN REASON TO PROVE A DISPUTED FACT I.E, THE IDENTITY OF THE PERSON WHO COMMITTED THE CHARGED OFFENSE.

FINALLY MR. SCHOPPE-RICO WILL CONTEND THAT THE EXISTANCE OF COUNTS TWO, THREE, FIVE, AND SIX. WAS THE PREDICATE FOR ADMISSION OF THE PARADE OF EVIDENCE. IF THE SECTION 1118.1. MOTION HAD BEEN GRANTED DEFENSE COULD MOVE TO EXCLUDE STRIKE THE GANG EVIDENCE, SEEKING AN INSTRUCTION TO THE JURY TO DISREGARD IT OR NOT ALLOW THE PROSECUTION TO INTRODUCE IT. FOR TH IS REASON; THE ERROR UNDER SECTION 1118.1. WAS ALSO PREJUDICIAL AS TO COUNT ONE.

MOTION AN RULING. SCHOPPE-RICO MOVED FOR. JUDGMENT OF ACQUITTAL IMMED-IATELY AFTER THE PROSECUTION RESTED, COUNSEL ARGUED AT (8-RT: 2302) THEIR WAS NO EVIDENCE, THE PROSECUTION POSITION WAS NOWHERE IN CALJIC 12.47.1. "DOES IT SAY AT THE TIME OF POSSESSION. THE POSSESSION ITS SELF WILLFULLY PROMOTING FURTHERING OR ASSISTING A GANG, (8-RT: 2312) PROSECUTION CONTINUE. (8. RT. 23 13) SO DID THE COURT [8-RT: 2315) . . .    THE LAW WITH REGARD TO STREET GANG FIREARM COUNTS. CONFUSION ARISES BECAUSE SECTION 186.22. SUB.(3) DOES NOT DEFINE A PERSONE "WHO "IS" IS AN ACTIVE PARTICIPANT IN A CRIMINAL STREET GANG AS SECTIONS. 12021. SUB.(B)(3). AND 12025. SUB (A)(2)(C) APPEAR TO ASSUME. EB EXPLAINED IN PEOPLE V. ROBLES SUPRA. " CONTRARY TO THE EXPRESS LANGAGE OF SEC. 12031.(A)(2) (C). HOWEVER SUBDIV. (A) OF SCC. 186.22   (SEC.186.22(A) DOES NOT AT ALL DEFINE THE STATUTORY PHRASE. "AN ACTIVE PARTICIPANT IN A CRIMINAL STREET GANG, RATHER, SEC. 186.22 (3) SETS FORTH THE ELEMENTS OF A GANG OFFENSE THAT IS PUNISHABLE EITHER AS A FELONY OR A MISDEMEANOR.

MR. SCHOPPE-RICO APPLICATION OF THE LAW URGES THAT THE MOTION SHOULD HAVE BEEN GRANTED AS FOR COUNTS FIVE AND SIX, THE MATTER DOES NOT REQUIRE SERIOUS THOUGHT ONCE ITS RECOGNIZED THAT THE LURED CRIME, OF BEING THERE WHEN SHOOTING OCCURRED OF CARS TIRES, COULD NOT REASONABLY HAVE BEEN INTENDED TO BENEFIT A GANG, THAT ISSUE IS DISCUSSED, IN OTHER CLAIMS OF MISSING DISCOVERY . . . .

TURNING TO COUNTS TWO AND THREE. RESPONDENTS CONTENTION WILL BE THAT MR. SCHOPPE-RICO BECAME ANGRY AT HIS GIRLFRIEND MS. SMITH'S MR. SCHOPPE-RICO THEN DECIDED IN RESPONSE TO HER AFFRONT TO WANDER OUT TO PORT CHICAGO AND PACIFI-CIA. AND SHOOT THE FIRST AFRICAN-AMERICAN STRANGER HE SAW WHO HAPPENED TO BE WEARING BLUE, IN ORDER TO BENEFIT THE NORTENOS, WITH DEFERENCE, THIS IS A FANCIFUL SCENARIO AT WORST. WHEN THERES EVIDENCE SCHOPPE-RICO WAS PHYSICALLY IMPAIRED ON THIS EVENT AND THERE EVIDENCE OF SCHOPPE-RICO BEING CHASED BY GUYS IN BLUE. IN HIS NIEGHBORHOOD AND FRONT OF HIS HOUSE . . . . . . . . AS FOR THE TESTIMONY HAD A OLD PINKIED BANDANNA. AND HE DID NOTE GANG MEMBS, COMMIT VIOLENT FELONIES HE NEVER THOUGH OPINED THIS SHOOTING WAS FOR BENEFIT OF THE NORTENOS NOR COULD HAVE DONE SO. SEE PEOPLE V. KILLEBREW (2000) 103 CAL. APP. 4TH 644.658, IN FRANK.S. SUPRA.

GROUND TWELVE :

THE INSTRUCTIONS GIVEN TO DEFINE THE STREET GANG "FIREARM POSSESSION"
OFFENSES WERE FATALLY DEFICIENT.

MR. SCHOPPE-RICO CONTENDS HIS FEDERAL AND STATE, FOURTEENTH AMENDMENT CONSTITUT-
IONAL AMEND: WERE VIOLATED, WITH ALL A COMPANIONED ARGUEMENTS IN HABEAS. THAT THE
JURY WAS MIS-LED AND INSTRUCTED. THAT THERE WERE SUFFICIENT EVIDENCE ON ALL SEVEN GANG
ELEMENTS OF THE " FIREARM POSSESSION OFFENSES. TO CONVICT PETITIONER ON COUNTS. ONE, TWO,
THREE, FOUR, FIVE AND SIX, WHICH ALL OPPOSITIONS ARGUEMENT AND EVIDENCE OF ALLEGED
WERE PRESENTED THAT ALLEGEDLY, THE CRIME CHARGED WAS FOR THE BENEFIT OF. AT THE
DIRECTION OF, OR IN ASSOCIATION WITH A STREET GANG. HOWEVER THE JURY WAS NEVER INSTRUC-
TED THAT THE ELEMENTS OF " FOR THE BENEFIT OF. AT THE DIRECTION OF THE GANG", MUST BE PROVEN
BEYOND A REASONABLE IN ORDER TO CONVICT ON ALL OR ONE FIREARM POSSESSION OFFENSES, THEY
WERE ONLY ASKED AND INSTRUCTED ON. IF THEY HAD REASONS TO BELIEVE. HE WAS AN GANG MEMBER OR
ASSOCIATE. IN POSSESSION OF A FIREARM. FURTHERMORE THEY WERE NEVER INSTRUCTED THOUGH THAT
THE ELEMENT OF THE POSSESSION ITSELF WAS FOR THE BENEFIT OF AT THE DIRECTION OF THE GANG
THIS MIS-LED THE JURY TO CONCLUDE COUNT ONE. MURDER. PEN CODE § 187. WITH ENHANCEMENT
OF PERSONAL USE AND INTENTIONAL DISCHARGE OF A FIREARM CAUSING DEATH. PEN CODE § 12022.53,
THE VERDICT ON COUNTS. ONE TWO THREE. FOUR, FIVE AND SIX MUST BE REVERSED ON THAT BASIS AS
WELL. FOR FAILURE TO INSTRUCT ON EVERY ELEMENT OF CRIME CHARGED.

      THE INSUFFICIENT EVIDENCE AT ISSUE IS. THERE IS NO SUBSTANTIAL EVIDENCE EXIST
BEYOND A REASONABLE TRIER OF FACT TO FIND THE GANG COUNTS AGAINST MR. SCHOPPE-RICO TRUE BEYOND
A REASONABLE DOUBT AS WILL BE EXPLAINED THROUGH. IN RE: FRANKS S. SUPRA. 46. CAL RPTR, 3d.
834.141. CAL. APP. 4TH .1142. (5.DIST. 2006.) HELD, THE EXPERT INFORMED THE JUDGE HER BELIEF ON THE
MINOR INTENT WITH POSSESSION OF KNIFE. AN ISSUE RESERVED TO THE TRIER OF FACT. SHE STATED
THE KNIFE BENEFITS THE NORTENOS. SINCE IT HELPS PROVIDE THEM PROTECTION SHOULD THEY BE ASSAULTED
BY RIVAL GANG MEMBERS. HOWEVER UNLIKE OTHER CASES THE PROSECUTION PRESENTED NO EVIDENCE. OTHER THAN
THE GANG EXPERTS OPINION. REGARDING GANGS IN GENERAL. AND EXPERT IMPROPERLY OPINION ON THE
ULTIMATE ISSUE THAT POSSESSION OF THE WEAPON WAS COMMITTED FOR THE BENEFIT OF. AT THE DIRECTION
OF OR IN ASSOCIATION WITH ANY CRIMINAL STREET GANG. P.C. §186.22. SUBd.(b)(1). " THE PROSECUTION
DID NOT PRESENT ANY EVIDENCE THAT THE MINOR WAS IN GANG TERRITORY. HAD GANG MEMBERS WITH HIM
OR HAD REASONS TO EXPECT TO USE THE KNIFE IN A GANG RELATED OFFENSE. IN FACT THE ONLY OTHER EVIDENCE
WAS THE MINORS STATEMENT TO ARRESTING OFFICER. THAT THE HAD BEEN JUMPED TWO DAYS PRIOR AND NEEDED
THE KNIFE FOR PROTECTION TO ALLOW THE EXPERT TO OPINION STATE THE MINORS SPECIFIC INTENT FOR THE
KNIFE WITHOUT ANY SUBSTANTIAL EVIDENCE OPENS THE DOOR FOR PROSECUTORS TO ENHANCE MANY
FELONIES AS GANG RELATED AND EXTENDS THE STATUE BEYOND WHAT THE LEGISLATURE INTENDED.

      MR. SCHOPPE-RICO, CONTENDS BASE ON IN RE: FRANK SUPRA: COURT SHOULD OF INSTRUCTED
ON THE MISSING ELEMENTS IN INSTRUCTIONS. THE REASON THEY DIDN'T IS BECAUSE THERE WERE
INSUFFICIENT EVIDENCE TO SUPPORT A CONVICTION IN SCHOPPE-RICOS CASE. THE PROSECUTION NEVER
PRESENTED EVIDENCE OF ANY THAT MR. SCHOPPE-RICO WAS IN GANG TERRITORY OR THE VICTIM.

" FOR THE BENEFIT OF, AT THE DIRECTION OF, OR IN ASSOCIATION WITH "A STREET GANG". MARTINEZ SUPRA. AT PP. 761-762, 10. CAL. RPTR. 3d. 751.) WHILE EVIDENCE ESTABLISHED THE MINOR HAS AN AFFILIATION WITH THE NORTENOS, MEMBERSHIP ALONE DOES NOT PROVE A SPECIFIC INTENT TO USE THE KNIFE TO PROMOTE, FURTHER OR ASSIST IN CRIMINAL CONDUCT BY GANG MEMBERS. (PEOPLE V. GARDELEY. SUPRA. 14. CAL. 4th AT P. 1633. 59, CAL. RPTR. 2d. 356, 927, P. 2d. 713). THEREFORE WE FIND NO SUBSTANTIAL EVIDENCE SUPPORTING THE SPECIFIC INTENT ELEMENT OF THE SPECIAL ALLEGATION. WE MUST REVERSE THE LOWER COURTS FINDING HAVING NEGATED ONE OF THE REQUIRED ELEMENTS OF SECTION 186.22. SUBDIV. (B). (1) . . . . . .

MR. SCHOPPE-RICO CONTENDS THE PROBLEM OF THIS FROM THE ON START IAN IN GROUND ELEVEN ARGUEMENT IS THE LOWER COURT AND OVERZELOUS PROSECUTORS OVERLOOKS THE DUE PROCESS REQUIREMENTS. THAT THEY'VE NEGATED THE GANG STATUES AND CALJICS JURY INSTRUCTIONS OF ITS REQUIRED ELEMENTS ON SPECIAL ALLEGATIONS AT (RT. 2302. THROUGH RT. 2315.). OF THE DIFINATIONS OF THE PENAL CODE GOVERNING THE STATUE AND LAW HEREIN. THEY ARGUE THAT THE POSSESSION IT SELF OF A FIREARM ON ANY GIVEN OCCASION EVEN IF UNDER THE FIRST AMENDMENT TO PROTECT YOUR HOME IS VIOLATION OF PENAL CODE. 186.22. AS DEFINED IN CALJICS § 12.47, CALJICS. § 3.30 AND CALJICS. § 3.31, 5, 8. AT (RT. 2391—2392.) ON SUB UNDER SECTION. § 12031. SUBDIV. (3)(2), (C) AT (R.T. 2398.) THROUGH (RT. 2406.) WHICH JURY HEARD EQUIVALENT INSTRUCTIONS AS TO SECTION § 12025. SUBDIV. (3)(2). (RT. 2400—2402.) COURT AND PROSECUTOR SAID THEY DONT NEED EVIDENCE OR PROOF OF EVERY ELEMENT BEYOND REASONABLE DOUBT IS ERROR THEIR CONTENTION, AND CONCLUSION DUE TO THE LAW AND CONSTITUTIONAL AMENDMENTS REQUIRES "ALL AND EVERY" ELEMENT OF A CRIME TO BE PROVEN BEYOND A REASONABLE DOUBT. RUBLES SUPRA. 23. CAL. 4th AT 115. SEE PEOPLE. V. NGOUN SUPRA. 88. CAL. APP. AT 436 & 437. (ORIGINAL EMPHASIS OMITTED). WHICH DEFINE HEREIN INSTRUCTIONS GIVEN ON ANY FIREARM POSSESSION OFFENSE PER PENAL CODE OF STATUE UNDER THOSE CHARGED ALLEGED MR. SCHOPPE-RICO VIOLATED. . . . . . . . . MR. SCHOPPE-RICO FURTHER CONTENDS WHEN THE COURTS REFUSE TO INSTRUCT OR STRUCK THE WORDS OTHER THAN "FOR BENEFIT OF A GANG OR IN DIRECTION FROM CALTICS 12.47. (1). § 3.30. § 3.31.(1).(8), AND SO ON, WITHDREW FROM THE JURY THE OPPORTUNITY TO CONSIDER WHETHER THE VICTUM WAS A VICTIM OF A GANG CRIME. GANG RELATED AT THE DIRECTION OF BENEFIT OF A GANG, CONDUCT OR ACTIVITY. TO DEFENDANTS DISCHARGE OF A FIREARM EITHER AS A GANG MEMBER OR ASSOCIATE IN CONDUCT OR ACTIVITY OF GANG BANGING, RETALIATING OR GANG RELATED IN FOR THE BENEFIT OR ASSOCIATION OF GANG CONDUCT OR ACTIVITY OF SHOOTING A GANG RIVAL MEMBER OR ASSOCIATE OF A RIVAL GANG. "[IF]" EVEN MR. SCHOPPE-RICO COMMITTED THE ALLEGED CRIME FOR THE BENEFIT OF, AT THE DIRECTION OF WITH "A STREET GANG", CONDUCT AN ACTIVITY AND THE VICTUM WAS AN ALLEGED VICTUM OF SUCH GANG CONDUCT OF BEING A RIVAL MEMBER OR ASSOCIATE OF GANG; THEN THE MISSING ELEMENT OF THAT SUCH CRIME MUST ALL BE PROVEN AN ALLOW THE JURY TO DECIDE. IT WAS "FOR THE BENEFIT OF OR AT THE DIRECTION OF WITH "A STREET GANG" EXCEPTION MUST APPLY TO GIVE MEANING TO THE STATUE. AND BECAUSE THE DEFENDANT HAS THE 14th AMENDMENT RIGHT TO A FAIR TRIAL. ALSO NOTING, MR. SCHOPPE-RICO WAS HIGHLY INVOLUNTARILY INTOXICATED WITH MENTAL STATE DISORDER OF DIMINISHED CAPACITY AND UNCONCIOUSNESS. WITH GUN SHOT INJURIES OF PYSHICAL IMPAIRMENT AND PRIOR INCIDENTS WERE HIS LIFE IS THREATEN BY ALLEGED GANG MEMBERS. SO THEREFORE MR. SCHOPPE-RICO CANNOT BE SHOULD HAVE BEEN SENTENCED ON COUNT ONE OF

168.

SECONDLY HAD GANGMEMBERS WITH HIM, OR HAD ANY REASONS TO EXPECT SCHOPPE-RICO WAS GOING TO USE A FIREARM IN A GANG RELATED OFFENSE. IN FACT THE ONLY EVIDENCE HE HAD WAS THE GANG EXPERTS IMPROPER OPINION ON THE ISSUE RESERVED TO THE TRIER OF FACT. HE STATED, BECAUSE THE DECEASED HAD "BLUE" SHIRT ON, THAT MR. SCHOPPE-RICO WAS STILL A ACTIVE PARTICIPANT GANG MEMBER. BUT HE FAILED TO REALIZE THE DECEASED HAD ON GREEN PANTS, HE ALSO OPINIONED AS THE PROSECUTION ARGUED, THAT POSSESSION ITSELF OF A FIREARM IS A STATE OF REDINESS AND PREPAREDNESS TO USE AND TAKE UP ARMS FOR THE GANG. WITH NO OTHER EVIDENCE. AND THUS THE EXPERT OPINIONED ON THE ULTIMATE ISSUE. IMPROPERLY, THAT SCHOPPE-RICOS POSSESSION AND DISCHARGE OF THE WEAPON. WAS BECAUSE PETITIONER WAS A ACTIVE NORTENO AND THE DECEASE HAD ON BLUE IS WHY IN HIS OPINION PETITIONER WAS A GANGMEMBER. IN RE: PEOPLE v. KILLEBREW, SUPRA. 103. CAL. APP. 4TH AT PP. 657-658. 126. CAL. RPTR. 2d. 876.) PEOPLE v. GARDELEY. SUPRA STATES EXPERT OPINION TESTIMONY HAS NOT INCLUDED OPINION THAT A SPECIFIC INDIVIDUAL POSSESSED A SPECIFIC INTENT. MEANING THE OPINION IS IMPROPER. IN SCHOPPE-RICO'S CASE AN PREJUDICIAL. ... OTHER EXPERT TESTIMONY WAS ON, PETITIONER WHEN A MINOR WAS VALIDATED IN 1996 AS A NORTENO TATTOO. GRAFITII. AND PRIOR INCIDENT. AN A PHOTO, AND A OLD RED BANNDANA IN HIS POSSESSION THE MOST COMPELLING ARGUEMENT OF PROSECUTORS ON EXPERTS OPINION; TO THE ISSUE RESERVED TO THE TIER OF FACT. THEY CLAIM BECAUSE THE VICTUM HAD ON BLUE SHIRT AND "GREEN PANTS". IS INTENT AND PROOF THAT PETITIONER WAS A ACTIVE GANGMEMBER ON OCTOBER, 17, 2000. WAS IMPROPER OPINION OF EXPERT. AND INSUFFICIENT TO SUPPORT A CONVICTION ON ALL COUNTS. THAT A AFRICAN-AMERICAN MAN WEARING 'GREEN "MORE GREEN THEN EVEN "BLUE". IS BEING MISTAKEN AS A NORTENOS RIVAL A MEXICAN-AMERICAN MALE. WEARING CREASE BLUE SHIRT WITH CREASE BLUE PANTS AND HAT. ITS CONCLUSION IS VAGUE. IMPOSTOROUS AND OVERBOARD. THE OTHER TESTIMONY WITHOUT ANY EVIDENCE BUT ON HEARSAY WAS ABOUT FIVE TO SIX MEN CHASING MR. SCHOPPE-RICO INFRONT OF HIS HOME WHO WERE WEARING BLUE MORE THAN ONCE. THE ONLY CONCLUSION AS IN RE: FRANK.S. SUPRA. IS THAT EVEN WHAT [IF] MR. SCHOPPE-RICO POSSESSED A WEAPON. IT MOST LIKELY WILL BE FOR PROTECTION IF MR. SCHOPPE-RICOS. LIFE IS ENDANGER EVEN AT HIS OWN HOME. FOR ONE HE IS ALWAYS ALONE. AN AGAIN WITHOUT GANG MEMBERS AND SECONDLY HAD FIVE TO SIX MEN CHASING HIM WANTING TO DO HARM TO HIM AT THE TIME. THIRDLY ON THAT OCTOBER, 17TH 2000 DATE MR. SCHOPPE-RICO WAS PYSHICALLY IMPARED DISABLED AND HIGHLY INTOXICATED ON METH AND ALCOHOL. AGAIN MR. SCHOPPE-RICO WILL NOTE BASED ON HIM EXERCISING HIS FIFTH AMENDMENT RIGHT TO REMAIN SILENT. THE PROSECUTOR WILL ARGUE WHAT HE'S BEEN. THE FANCY SCENARIO ... ... IN RE FRANK, S. SUPRA. HELD A SIMILAR FINDING HERE JUST AS IN MR. SCHOPPE-RICO'S CASE. IN RE PEOPLE v. MARTINEZ INFRA. REGARDING THE GANG REGISTRATION REQUIREMENT CONTAINED IN SECTION 186.30. PENAL CODE APPELLANTS CRIMINAL HISTORY AND GANG AFFILIATION CANNOT SOLELY SUPPORT A FINDING THAT A CRIME IS GANG RELATED UNDER P.C. SECTION 186.22. ... PEOPLE v. MARTINEZ (2004) 116. CAL. APP. 4TH 753. 761. 10. CAL. RPTR. 3d. 751.) "THE CRIME ITSELF MUST HAVE SOME CONNECTION WITH THE ACTIVITIES OF A GANG. WHICH WE CONCLUDE MEANS A CRIMINAL STREET GANG. AS DEFINED ELSE WHERE IN PROPOSITION 21. SECTION 186.22. SUBD. (K) AND (F). (IBID). BASED ON SECTION 186.22. A CRIME FAILS TO BE GANG RELATED "UNLESS" APPELLANT "COMMITTED IT" —

69.

VIOLATING P.C. § 12022.55, SUBDIV. (c), TO THE ADDITIONAL 25 YEARS TO LIFE PRISON TERM. THIS ERROR CANNOT BE CONSIDERED HARMLESS UNDER BOTH. CHAPMAN V. CALIFORNIA (1967) 386, U.S. 18, 87, S. Ct. 824, 17, L. Ed. 2d. 705, AND PEOPLE V. WATSON (1956) 46, Cal. 2d. 818, 836, 299, P. 2d. 243. THE IMPOSITION OF THE 25 YEARS TO LIFE CONSECTIVE PRISON TERM IMPOSED PURSUANT TO SECTION § 12022.55 SUBDIVISION (d), MUST BE STRICKEN. THE CALIFORNIA CONSTITUTION REQUIRES THE TRIAL COURT TO INSTRUCT ON EVERY ELEMENT OF AN OFFENSE. (PEOPLE V. FLOOD (1998) 18, Cal. 4TH 470, 480, 76 Cal. Rptr. 2.d. 180, 957, P. 2d. 869,). PEOPLE V. FLORES, 28, Cal. Rptr. 3d. 232. 124 Cal. APP. 4TH 174. HELD. THE APPROPRIATE REMEDY OF LAW IS AS MR. SCHOPPE-RICO NEXT CONTENDS IN REGARDS TO COUNTS, TWO, THREE, FIVE AND SIX. MUST ALSO BE REVERSED BECAUSE THEY ARE A NECESSARILY INCLUDED OFFENSE OF COUNTS ONE - OF § 187, AND § 12022. (b), (c) (d), AND COUNT FOUR. OF § 246, AND § 12022. (d),

AND COURT FAILED TO INSTRUCT ON ALL ELEMENTS. THE CALIFORNIA SUPREME COURT HAS RECENTLY SAID THE "RULE!" PROHIBITING CONVICTIONS ON INCLUDED OFFENSES (RATHER THEN SIMPLY BARRING MULTIPLE PUNISHMENTS.) IS NOT CLEAR. ... DESPITE THE ABSOLUTE LANGUAGE OF SECTION § 954, (THE DEFENDANT. MAY BE CONVICTED OF ANY NUMBER OF OFFENSES.). THERE IS AN EXCEPTION TO THE GENERAL RULE PERMITTING MULTIPLE CONVICTIONS. ALTHOUGH THE REASON OF THE RULE IS UNCLEAR, "THIS COURT HAS HELD THAT MULTIPLE CONVICTIONS MAY NOT BE BASED ON NECESSARILY INCLUDED OFFENSES". (CITATIONS OMITTED) THE TEST IN THIS STATE OF A NECESSARILY INCLUDED OFFENSE IS SIMPLY THAT WHERE AN OFFENSE CANNOT BE COMMITTED WITHOUT NECESSARILY COMMITTING ANOTHER OFFENSE. THE LATTER IS A NECESSARILY INCLU-DED OFFENSE. PEOPLE V. ORTEGA (1998) 19 Cal. RPTR. 4TH 686, 692, 80 Cal. RPTR. 2d. 489. 465, P. 2d. 1)

IN REGARDS TO COUNTS TWO AND THE THREE. THE DEFENDANT WAS CONVICTED OF COUNT TWO CARRYING A LOADED FIREARM WHILE AN ACTIVE STREET GANG MEMBER ON OCTOBER. 17, 2000, P.C. § 12031, SUBD. (3)(2)(C) WHICH REFERS TO AND IS GOVERN BY SECTION § 186. 22. (3) AS CHARGED IN COUNT TWO OF THE INFORMATION . . . . . IN COUNT THREE. CHARGED WITH CARRYING A CONCEALED FIREARM WHILE AN ACTIVE STREET GANG MEMBER. ON OCTOBER. 17, 2000. P.C. § 12025, SUBDIV. (a)(b)(3) IN COUNT THREE. MR. SCHOPPE-RICO COULD NOT HAVE COMMITTED COUNT THREE WITHOUT NECESSARILY COMMITTING COUNT TWO AND COUNT ONE AT THE SAME TIME, MR. SCHOPPE-RICO CANNOT BE CONVICTED OF BOTH CRIMES ACCORDING IN RE PEOPLE VS. FLORES SUPRA. WE MUST REVERSE HIS CONVICTION ON COUNTS TWO AND THREE AND FIVE AND SIX . . . . . . . .        IN REGARDS TO COUNT ONE. WITH ENHANCEMENT, UNDER SECTION 654. HELD. WHETHER A COURSE OF CRIMINAL CONDUCT IS DIVISIBLE AND THEREFORE GIVES RISE TO MORE THEN ONE ACT WITHIN THE MEANING OF SECTION 654. DEPENDS ON THE INTENT AND OBJECTIVE OF ACTOR IF ALL THE OFFENSES WERE INCIDENTS TO ONE OBJECTIVE. THE DEFENDANT MAYBE PUNISHED FOR ANY ONE OF THE OFFENSES" BUT NOT MORE THAN ONE. (NEAL V. PEOPLE, (1960) 55. Col. 2d. 11, 19, 9, Cal. RPTR, 607, 357, P. 2d. 839, PEOPLE V. CLEVELAND (2001) 87 Cal. APP. 4TH 863, 267, 104 Cal. RPTR. 2d. 641. IN THIS CASE. MR. SCHOPPE-RICO. WAS CONVICTED OF TWO ADDITIONALLY COUNTS WITH COUNTS ONE AND FOUR. THATS BARRED BY SECTION 654, WHERE DEFENDANT WAS PUNISHED TWICE OF THE WEAPON POSSESSION, FOR THE SAME CRIME,

PUNISHMENTS FOR COUNT ONE AND FOUR. DEFENDANT ARGUES THAT PUNISHMENT FOR BOTH HIS CONVICTION ON COUNTS ON COUNTS TWO, THREE, FIVE AND SIX, FOR CARRYING A LOADED FIREARM WHILE AN ACTIVE PARTIC-IPANT IN CRIMINAL STREET GANG, IN VIOLATION OF SECTION § 12031, SUBDIV (a)(2)(C), THEN THE OTHER ILLEGALLY IMPOSED OF CARRYING A CONCEALED FIREARM WHILE AN ACTIVE STREET GANG MEMBER, IN VIOLATION OF SECTION § 12025, SUBDIV. (a)(b)(3), AND PUNISHMENT OF THE ENHANCEMENTS TO COUNT ONE AND

70,

AND FOUR AS JOINDER. PERSONALLY USING A FIREARM DURING ITS COMMISSION WITHIN THE MEANING OF SECTION §12022.53 SUBDIVISION (d) VIOLATES SECTION 654. HE SAYS AS EXPLAINED IN RE: FRANK S. SUPRA. HE NEVER CARRIED THE FIREARM, DISABLED PHYSICALLY IMPAIRED TO AND HIGHLY INVOLUNTARILY INTOXICATED ON OCTOBER. 17th 2000. AND ON OCTOBER. 17th 2000 WAS REASONS OF COUNT ONE. . . . NOW COUNT FOUR. ALLEGED VIOLATION OCCURED ON SEPTEMBER 2nd 2000 AND AGAIN THEIR WAS NO EVIDENCE THAT HE CONCEALED OR CARRIED A FIREARM. AS A CONSEQUENCE HE ARGUES THIS COURT MUST CORRECT THE JUDGEMENT TO THESE COUNTS. . . . . DECISIONS HAVE HELD SECTION 654. DOES APPLY TO ENHANCEMENTS BECAUSE THE STATUE "PROSCRIBED MULTIPLE PUNISHMENTS FOR THE SAME ACT. PEOPLE V. MORINGLONE. (1982) 127. CAL. APP. 2d 811. 817-818. 179 CAL. RPTR 726. IN PEOPLE V. ARNDT (1994) 76 CAL. APP. 4th. 387. 90. COL. RPTR. 2d. 415. THE COURT HELD THAT (#241.) id SECTION 654 DID NOT PRECLUDE IMPOSITION OF PUNISHMENT ON MORE THAN ONE SENTENCE ENHANCEMENT FOR INJURIES TO MULTIPLE VICTIMS BY THE SAME ACT. BUT THE COURT FOUND TRIAL COURT ERRERED WHEN IT IMPOSED PUNISHMENTS FOR MORE THAN ONE ENHANCEMENTS FOR INJURIES TO THE SAME VICTIM (i.d.) AT PP. 396 - 397. 90. CAL. RPTR. 2d. 415.).

MR. SCHOPPE-RICO CONTENDS THE TRIAL COURT WAS NOT AUTHORIZE OR APPALATE COURT TO STAY PUNISHMENT ON ENHANCEMENTS ON COUNTS ONE AND FOUR AND THAT REMAND IS NECESSARY. THE JURY FOUND IT TO BE TRUE THAT DEFENDANT COMMITTED COUNTS ONE AND FOUR. BUT WERE NEVER PROPERLY INSTRUCTED THAT IT HAD TO FIND THE ELEMENTS OF COUNT TWO. THREE. FIVE. AND SIX. CHARGE. THAT THE CRIME WAS FOR "THE BENEFIT OF AT THE DIRECTION OF A CRIMINAL STREET GANG IN VIOLATION OF COUNTS ONE AND FOUR WITH THEIR ENCLUDED OFFENSES. THE COURT STATED PUNISHMENT ON EACH AS EXPLAINED IN PEOPLE V. SENGPODYLHITH. (2001) 26. CAL. 4th 316 AT 324. THE FEDERAL CONSTITUTION FIFTH AMENDMENT RIGHT TO DUE PROCESS AND SIXTH AMENDMENT RIGHT TO JURY TRIAL. MADE APPLICABLE TO THE STATES THROUGH THE FOURTEENTH AMENDMENT; REQUIRE THE PROSECUTION TO PROVE TO A JURY BEYOND A REASONABLE DOUBT EVERY ELEMENT OF A CRIME. FOR THIS REASON "A TRIALS COURT FAILURE TO INSTRUCT ON AN ELEMENT OF A CRIME IS FEDERAL CONSTITUTIONAL ERROR. . . . . IN RE: FLORES SUPRA. [242. 129 CAL. APP. 4th 188.] A STAY IS A TEMPORARY SUSPENSION OF A PROCEDURE IN A CASE UNTIL THE HAPPENING OF A DEFINED CONTINGENCY. IN CONTRAST A STRICKING IS AN UNCODITIONAL DELETION OF THE LEGAL EFFIACACY OF THE STRICKEN ALLEGATION OR FALT OF PURPOSES OF A SPECIFIC PROCEEDING. IT IS TANTAMOUNT TO A DISMISSAL. IN PARTICULAR. THE STRICKING OF AN ENHANCEMENT IMPLIES THAT THE ENHANCEMENT IS LEGALLY INSUPPORTABLE AND MUST BE DISMISSED IN FURTHERANCE OF JUSTICE [CITATIONS]" PEOPLE V. CAPRILLO (2001). 87. CAL. APP. 4th 1416. 1421. 105. CAL. RPTR. 2d. 36. Fn. OMITTED. PEOPLE V. CARRILLO SUPRA. . . . . UNDER SECTION 1385. A TRIAL COURT HAS THE POWER TO DISMISS OR STRIKE AN ENHANCEMENT. (PEOPLE V. RIVAS. (2004.) 119. CAL. APP. 4th 565. 571. 14. COL. RPTR. 3d. 611.). THE FAILURE TO IMPOSE OR STRIKE AN ENHANCEMENT IS A LEGALLY UNAUTHORIZE SENTENCE SUBJECT TO CORRECTION FOR THE FIRST TIME ON APPEAL [CITATIONS] (PEOPLE. V. BRADLEY(1998) 64. CAL. APP. 4th. 386. 391. 75. CAL. RPTR. 2d. 244.). MORDOVER. AS TO COUNT ONE THE CALIFORNIA SUPREME COURT HAS NOW HELD THE ENHANCEMENTS IN SECTION 186.22. SUBDIVISION (b)(1)(c). MAY NOT BE IMPOSED ON AN UNDERLYING LIFE TERM. (PEOPLE V. LOPEZ. (2005.) 34. CAL. 4th 1002. 1007. 22. CAL. RPTR. 3d. 869. 103. P.3d. 270.). THIS ENCLUDES THOSE GOVERNED BY SECTION 186.22. SUCH AS IN SCHOPPE-RICOS CASE ON COUNTS TWO, THREE, FIVE AND SIX. THEREFORE THIS MATTER NEEDS TO BE REMANDED.

GROUND THIRTEEN :

THERE WAS NO SUBSTANTIAL EVIDENCE TO SUPPORT A VERDICT OF GUILTY OF PREMEDITATED AND DELIBERATE FIRST DEGREE MURDER .

MR . SCHOPPE-RICO CONTENDS AND MAKES THIS ARGUMENT BECAUSE OF THE FOLLOWING THREE FACTORS , FIRST THERE WAS NO "PLANNING" EVIDENCE ESTABLISHED A DELIBERATE PLAN TO KILL . "CARRIED ON COOLLY AND STEADILY , ESPECIALLY ACCORDING TO A PRECONCEIVED DESIGN ." PEOPLE V. CALDWELL (1955) 43 . CAL. 2d. 864. 869. FOR A MAN TO BE HIGHLY INVOLUNTARILY INTOXICATED OF ALCOHOL AND METHAMPHETAMINES ( RT . 587 ) PHYSICALLY IMPAIRED DISABLED , WITH PAST THREATS AND ENDANGER OF HIS SAFETY AND SECURITY . THAT FOR A MAN TO DECIDE TO SHOOT A COMPLETE STRANGER , FOR EVER MOTIVE . IN FRONT OF MULTIPLE WITNESSES , SHOWS NO PLANNING . . . . . . .   . . . .   SECONDLY THE PRIOR RELATIONSHIP BETWEEN . MR. SCHOPPE-RICO AND THE DECEDENT DID NOT SUGGEST A MOTIVE OF A TYPE SUPPORTING "AN INFERENCE THAT THE KILLING WAS THE RESULT OF A PRE-EXISTING REFLECTION AND CAREFUL THOUGHT AND WEIGHING OF CONSIDERATIONS . RATHER THAN : MERE UNCONSIDERED OR RASH IMPULSE HASTILY EXECUTED ." (CITATIONS) <u>PEOPLE V. ANDERSON (1968) 70 CAL. 2d. 15 . 27</u> . ALLEGED ANGER OVER A ARGUEMENT OR DISAGREEMENT IS NOT A MOTIVE OF THE TYPE REQUIRED BY ANDERSON WHERE THE SHOOTING IS OF A STRANGER . WEARING RIVAL ALLEGED GANG COLORS . UPON PROVOKE- ATION . FOLLOWING A CONFRONTATION WITH ONES GIRLFRIEND . AFTER VICTUM AND ALLEGED SUSPECT WERE ALONE AT BUS STOP , THEN WITNESS MELTON APPEARED . WHO WAS ARMED WITH A KNIFE . ' ).

FINALLY , THE NATURE OF THE KILLING WAS NOT SO "PARTICULAR . AND EXACTING" A MANNER . THAT THE DEFENDANT MUST HAVE INTENTIONALLY KILLED ACCORDING TO A PRECONCEIVED DESIGN TO TAKE THE VICTUMS LIFE IN A PARTICULAR WAY FOR A "REASON ," WHICH THE JURY CAN REASONABLY INFER FACTS" , RELATING TO PLANNING OR THE RELATIONSHIP WITH THE VICTUM . ONLY TWO SHOOTS WERE FIRED THAT STRUCK VICTUM , AFTER PROVOKATION , THE JUDGMENT SHOULD BE MODIFIED TO ONE OF CONVICTION OF SECOND DEGREE MURDER .

FURTHERMORE IF THE COURT FINDS ON FEDERAL HABEAS , THAT COUNSEL WAS INEFFECTIVE IN PRESENTING A DEFENSE OF INVOLUNTARY INTOXICATION AND THAT VICTUMS OR WITNESSES DID MORE THAN STARE TO CAUSE PROVOKATION . AND THAT THE ONLY THEORY EVIDENCE PRESENTED WAS THE PROSECUTIONS BECAUSE PETITIONER EXERCISED HIS CONSTITUTIONAL RIGHT TO REMAIN SILENT THEN THE DEGREE SHOULD BE MODIFIED TO THAT OF INVOLUNTARY MANSLAUGHTER , AND DIMINISHED MENTAL STATE . OF INVOLUNTARY UNCONSCIOUSNESS OR IMPERFECT SELF-DEFENSE INSTRUCTION ALSO SHOULD BE GIVEN . . .   IN RE : PEOPLE V. WEBBER . 274 CAL. RPTR . 437. 228 . CAL. APP. 3 . 9 . 1146 . THE COURT NOTED THAT , THE UNLAWFUL KILLING OF A HUMAN BEING WITH MALICE AFORETHOUGHT IS MURDER IN 2ND DEGREE . IF BECAUSE OF DIMINISHED CAPACITY THE PREPETRATOR IS UNABLE TO ENTERTAIN MALICE BUT NEVERTHELESS IS FOUND TO BE ABLE TO FORM THE INTENT TO KILL THE CRIME IS VOLUNTARY MANSLAUGHTER . IF BECAUSE OF HIS DIMINISHED CAPACITY HE ADDITIONALLY DID NOT INTEND TO KILL , HIS CRIME , IF ANY , IS INVOLUNTARY MANSLAUGHTER [CITATION] . . . . ONCE FACTS ARE ADDUCED WHICH WOULD CONSTITUTE A BASIS FOR FINDING THAT DEFENAANT HAD BOTH DIMINISHED CAPACITY . . . . AND ALSO UNCONSCIOUSNESS OR LACK INTENT TO KILL . THE TRIAL COURT FAILS IN ITS DUTY TO INSTRUCT THE JURY AS TO ALL ISSUES OF LAW RAISED BY THE

1.) IN REGARD TO MORAL INTURPUDE . NICK TAYLER HAD IN HIS POSSESSION . A SIX INCH KNIFE . A DRUG SYRINGE . LAFFY TAFFY CANDY . SOME COIN . AND BUS TICKET . IN RE : POLICE REPORTS .

THAT THE KILLING WAS THE RESULT OF A "PRE-EXISTING REFLECTION AND CAREFUL THOUGHT AND WEIGHING OF CONSIDERATIONS" RATHER THAN "MERE UNCONSIDERED OR RASH IMPULSE HASTILY EXECUTED." [CITATION.] (3) FACTS ABOUT THE NATURE OF THE KILLING FROM WHICH THE JURY COULD INFER THAT THE MANNER OF KILLING WAS SO PARTICULAR AND EXACTING THAT THE DEFENDANT MUST HAVE INTENTIONALLY KILLED ACCORDING TO A "PRECONCEIVED DESIGN" TO TAKE THE VICTIMS LIFE IN A PARTICULAR WAY FOR A "REASON" WHICH THE JURY CAN REASONABLY INFER FROM FACTS OF TYPE (1) OR (2). (1d. AT 26, 27.)

THIS COURT HAS SUBSEQUENTLY MADE CLEAR THAT THE SO CALLED "ANDERSON" GUIDELINES ARE DESCRIPTIVE, NOT NORMATIVE. "PEOPLE V. PEREZ (1992) 2. Cal. 4th 1117, 1125. NONETHELESS, THE ANDERSON FACTORS EVEN IF 'DESCRIPTIVE" SHOULD FOCUS AND GUIDE THIS COURTS ANALYSIS OF THE SUFFICIENCY OF THE EVIDENCE, UNDER THESE GUIDELINES THE EVIDENCE HERE IS INSUFFICIENT.

                    APPLICATION OF THE LAW TO THIS CASE.      THE ANALYSIS. MR. SCHOPPE-RICO ACKNOWLEDGES
THE DIFFICULTY APPLYING FACTS CASE TO THE OTHER, THERE IS DOUBTLESS IN ANY ANDERSON ANALYSIS
AN ELEMENT OF "KNOWING IT WHEN ONE SEES IT" HOWEVER THE ANALYSIS, IN MR. SCHOPPE-RICO.
CASE IS RENDERED EASIER BY THE SIMILARITIES, -- AND DISSIMILARITIES, BETWEEN FACTS OF HIS
CASE AND THOSE IN ANDERSON . . . . . . . . . . IN ANDERSON, THE DEFENDANT HAD LIVED FOR EIGHT
MONTHS WITH THE TEN-YEAR-OLD VICTIM, WHILE MR. SCHOPPE-RICO DID NOT EVEN KNOW THE DECEASED.
IN BOTH ANDERSON AND THIS CASE DENIED GUILT, IN ANDERSON MULTIPLE STAB WOUNDS -- OVER 60
IN NUMBER --- WERE INFLICTED, WHILE THE DECEDENT IN THIS CASE SUSTAINED ONLY TWO GUNSHOT
WOUNDS UNKNOWN IF FATAL FROM A .22 RIFLE, HERE AND IN ANDERSON THERE WAS ONLY SPECULATION
AS TO A POSSIBLE MOTIVE . . . . . THE STATE MAY SUGGEST A SCENARIO IN WHICH MR. SCHOPPE-RICO
HAD BECOME ANGRY AT HIS GIRLFRIEND, WHICH RAGE PROMPTED HIM TO SHOOT A STRANGER.
WERE THIS SCENARIO WASN'T EVEN 100% GUARANTEED TRUE. FROM A IMPEACH. WITNESS, THE
STATE MIGHT POSIT AN ALTERNATIVE SCENARIO OF MR. SCHOPPE-RICO'S ALLEGED BEING ANGRY AT
HIS GIRLFRIEND, AFTER WHICH HE CALMED DOWN HOURS WENT AND DECIDED TO THE ALLEGE SHOOT
THE FIRST PERSON HE SAW WEARING THE COLORS OF A RIVAL GANG AS A SCENARIO FANCIFUL AN
WORST AT BEST. THE OTHER SCENARIO COUNSEL WAS INEFFECTIVE IN PRESENTING WAS MR. SCHOPPE-
RICO WAS SO INTOXICATED, PARANOID, HALLUCINATING, UNCONSCIOUS AT THE TIME, AND WAS PHYSICALLY
IMPAIRED IN THE TIME . . . . . .       WHILE THE FIRST SCENARIO MAKES SOME SENSE, IT IS NOT
CONSISTENT WITH A FINDING OF PREMEDITATION AND DELIBERATION UNDER THE "DESCRIPTIVES," FROM
ANDERSON FACTORS, AS FOR THE ALTERNATIVE SCENARIO, IT IS SO FAR REMOVED FROM PREDICTABLE HUMAN
BEHAVIOR AS TO BE FANCIFUL . . . . . IF ANYTHING IS CLEAR IN THIS CASE IS THAT MR. SCHOPPE-RICO WAS NOT
ANGRY THAT MORNING. IF HE WAS RESPONSIBLE FOR THIS HOMICIDE, IT WAS NOT THE RESULT OF RAGE
AN ACT OF RAGE AND NOT AN ACT OF "PRE-EXISTING REFLECTION AND WEIGHING OF CONSIDERATION
RATHER THAN MERE UNCONSIDERED OR RASH IMPULSE. PEOPLE V. ANDERSON, SUPRA, 70. Cal. 2d. AT 27,
   ALSO NOTING THAT THE UNLAWFUL KILLING OF A HUMAN BEING WITH MALICE AFORETHOUGHT IS MURDER
IN THE 2ND DEGREE. AND IF BECAUSE OF DIMINISHED CAPACITY (THE PREPERATOR IS UNABLE TO ENTERTAIN
MALICE, BUT NEVER THE LESS IS FOUND TO BE ABLE TO FORM INTENT TO KILL THE CRIME IS VOLUNTARILY
MANSLAUGHTER. IF BECAUSE OF HIS DIMINISHED CAPACITY, HE ADDITIONALLY DID NOT INTEND TO KILL, HIS
CRIME IS IF ANY IS INVOLUNTARY MANSLAUGHTER. [CITATION.] PEOPLE V. WEBBER SUPRA, 274 Cal. 481,
. . . . . CUTTING STRONGLY AGAINST SUCH A CONCLUSION IS THE CIRCUMSTANCE THAT EVERYTHING OCCURRED
WHILE MR. SCHOPPE-RICO -- IF THE SHOOTER -- WOULD HAVE AWARE THAT THERE WERE MULTIPLE EYE
WITNESSES -- THE VICTIM KNEW A UNKNOWN SUSPECT WAS ARMED, HIM AND MELTON WERE STILL STARING
GOT UP OFF THE BEACH -- STARING CAN MEAN MADDOGGING, MUGGING, ECT. IN LIGHT OF WHOLE RECORD
EVIDENCE OF PREMEDITATION AND DELIBERATION IS LACKING . . . . ESPECIALLY WHEN SOMEONE IS INTOXICATED.

73.

EVIDENCE, IF IT DOES NOT SUPPLEMENT OR COUNSEL WAS INEFFECTIVE TO THE STATUTORY DEFINITION OF INVOLUNTARY MANSLAUGHTER. IT ALSO MUST INSTRUCT THAT IF, DUE TO DIMINISH CAPACITY THE DEFENDANT HAD NEITHER MALICE NOR INTENT TO KILL, THE OFFENSE COULD BE NO GREATER THAN INVOLUNTARY MANSLAUGHTER. Id. AT P. 28, 120 Cal. Rptr. 377, 533. P.2d. 1017.)

ON INVOLUNTARY MANSLAUGHTER IN THE CONTEXT OF DIMINISHED CAPACITY DUE TO DEFENDANTS VOLUNTARY INTOXICATION, BECAUSE OF THE WEIGHT OF IT, THE EVIDENCE THAT MR. SCHOPPE-RICO INTOXICATION WAS SUFFICIENT FOR A JURY TO HAVE BELIEVED THAT ALTHOUGH HE WAS CONSCIOUS, HE LACKED BOTH MALICE AND INTENT TO KILL. ( Id.) AT P.31, 120 Cal. Rptr 377, 533.P.2d.1017,) THEN THE CRIME SHOULD BE REDUCED TO INVOLUNTARY MANSLAUGHTER.

THE LEGAL FRAMEWORK GENERALLY. IN JACKSON V. VIRGINA (1969) 443. U.S. 307, THE UNITED STATES SUPREME COURT "ANNOUNCED A NEW CONSTITUTIONALLY MANDATED RULE FOR REVIEW OF THE SUFFICIENCY OF THE EVIDENCE SUPPORTING A STATE CRIMINAL CONVICTION CHALLENGED IN A FEDERAL HABEAS CORPUS PROCEEDING. PEOPLE V. JOHNSON (1980) 26. Cal. 3d. 557. 576", ... THE CRITICAL INQUIRY ON REVIEW OF THE SUFFICIENCY OF THE EVIDENCE TO SUPPORT A CRIMINAL CONVICTION. . . . [IS] TO DETERMINE WHETHER THE RECORD EVIDENCE COULD REASONABLY SUPPORT A FINDING OF GUILT BEYOND A REASONABLE DOUBT." JACKSON V. VIRGINA. SUPRA. 443. U.S. AT 318, THIS INQUIRY DOES NOT REQUIRE A COURT TO ASK ITSELF WHETHER IT BELIEVES THAT THE EVIDENCE AT THE TRIAL ESTABLISHED GUILT BEYOND A REASONABLE DOUBT. " [CITATION.] INSTEAD THE RELEVANT QUESTION IS WHETHER, AFTER VIEWING THE EVIDENCE IN THE LIGHT MOST FAVORABLE TO THE PROSECUTION, ANY TRIER OF FACT COULD HAVE FOUND THE ESSENTIAL ELEMENTS OF THE CRIME BEYOND A REASONABLE DOUBT." Id AT. 318-319 UNDER WINSHIP SUPRA. . . . . . THE EVIDENCE MUST DO MORE THAN RAISE A SUSPICION OF GUILT. . . . . "EVIDENCE WHICH MERELY RAISES A STRONG SUSPICION OF THE DEFENDANTS GUILT IS NOT SUFFICIENT A POSSIBILITY TO SUPPORT A CONVICTION SUSPICION IS NOT EVIDENCE (IE THE PROSECUTORS THEORY.) IT MERELY RAISES A POSSIBILITY AND THIS IS NOT A SUFFICIENT BASIS FOR AN INFERENCE OF FACT." PEOPLE. V. REDMOND, (1969) 71. Cal. 2d. 745. FINALLY "SPECULATION" IS NO SUBSTITUTE FOR PROOF, PEOPLE V. MORRIS. (1998) 46. Cal. 3d AT 1 AND 21. . . . . . THE LEGAL FRAMEWORK AS APPLIED TO FIRST DEGREE MURDER. MURDER IS PRESUMPTIVELY OF THE SECOND DEGREE, AND A FIRST DEGREE MURDER CONVICTION MUST BE REDUCED TO SECOND DEGREE, ABSENT SUBSTANTIAL EVIDENCE TO SUPPORT A FIRST DEGREE FINDING. PEOPLE V. FORD (1966) 65 Cal. 2d. 41. 51, THE PROPER APPROACH TO A "SUFFICIENTLY "ANALYSIS IN THIS CONTEXT WAS DEVELOPED IN THE NOW FAMILIAR CASE OF PEOPLE. V. ANDERSON SUPRA. 70. Cal. 2d. 15. . . . . THE TYPE OF EVIDENCE WHICH THIS COURT HAS FOUND SUFFICIENT TO SUSTAIN A FINDING OF PREMEDITATION AND DELIBERATION FALLS INTO THREE BASIC CATEGORIES. (1) FACTS ABOUT HOW AND WHAT DEFENDANT DID PRIOR TO THE ACTUAL KILLING, WHICH SHOW THAT THE DEFENDANT WAS ENGAGED IN ACTIVITY DIRECTED TOWARD AND EXPLICABLE AS INTENDED TO RESULT IN, THE KILLING. WHAT MAY BE CHARACTERIZED AS PLANNING" ACTIVITY ; ( 2) FACTS ABOUT THE DEFENDANT S PRIOR RELATIONSHIP AND/OR CONDUCT WITH THIS VICTUM FROM WHICH THE JURY COULD REASONABLY INFER A "MOTIVE "TO KILL THE VICTUM, WHICH INFERENCE OF MOTIVE TOGETHER WITH FACTS OF TYPE (1) AND (3). WOULD IN TURN SUPPORT AN INFERENCE.

74.

MR. SCHOPPE-RICO CANNOT "PROVE A NEGATIVE" THOUROUGHLY DUE TO COUNSEL WAS INEFFECTIVE. RIGHT NOW ALL HE CAN DO IS POINT TO THE LACK OF EVIDENCE OF PREMEDITATION AND DELIBERATION. AND IN THAT REGARD HE INCORPORATES HERE HIS FACTUAL SUMMARY, FROM PAGES, ____ THROUGH. ____. ABOVE. HE WILL AWAIT RESPONDENTS ATTEMPTS TO IDENTIFY THE EVIDENCE THAT ESTABLISHES PREMEDITATION AND DELIBERATION ON ILLEGALY TAINTED EVIDENCE, WITHOUT RESORT TO "SPECULATION" OR "CONJECTURE" HE IS CONFIDENT THAT NO SUCH SHOWING WILL BE FAIRLY MADE ON THIS RECORD.

THERE MAY BE NO RETRIAL IN THE EVENT OF REVERSAL. A DETERMINATION ON APPEAL THAT THERE WAS INSUFFICIENT EVIDENCE TO SUPPORT THE CONVICTION BARS A RETRIAL UNDER FEDERAL TWICE-IN-JEOPARDY PRINCIPLES, UNITED STATES CONSTITUTION, AMENDMENT FIVE. BURKE. V. UNITED STATES. (1978) 437. U.S. 1; GREENE. V. MASSEY. (1978) 437. U.S. 19. IN RE: JOHNNY G. (1979) 25 CaL.3d. 543. 546. AND PEOPLE V. PIERCE. (1979) 24 Cal.3d. 1999. 209. 210.

AS WELL MR. SCHOPPE-RICO CONTENDS IN EVENT OF REVERSAL. UNDER CALIFORNIA DETERMINATE SENTENCING LAW. (DSL). THAT THIS OFFENSE IS PUNISHABLE BY ONE OF THREE PRECISE TERMS OF IMPRISONMENT. A LOWER TERM SENTENCE OF 10 YEARS, A MIDDLE TERM OF 15-YEARS AND AND OR AN UPPER TERM SENTENCE OF 25. YEARS TO LIFE. FOR FIRST DEGREE. AND THAT SECOND DEGREE MURDER HAS ITS THREE PRECISE TERMS OF IMPRISONMENT AND SO DOES MANSLAUGHTER. UNDER PEOPLE V. BLACK. 35. Cal. 4th 1230. 113. P.3d.534. THAT COURT HELD THAT THE DSL, SURVIVES SIX AMENDMENT INSPECTION HELD. THE (DSL). BY PLACING SENTENCE-ELEVATING FACTFINDING WITHIN THE JUDGES PROVINCE. VIOLATES A DEFENDANTS RIGHT TO TRIAL BY JURY SAFEGUARDED BY THE SIXTH AMENDMENT AND FOURTEENTH AMENDMENT. PP.-8-22. MR. SCHOPPE-RICO CONTENDS. THE JURY NEVER DECIDED THE UPPER OR LOWER TERMS UNDER (DSL) AND THIS VIOLATING HIS STATE AND FEDERAL CONSTITUTIONAL RIGHT. WHEN JUDGE AND PROSECUTOR ENFORCED UPPER TERM SENTENCE. IN APPRENDI V. NEW JERSEY. THE COURT HELD THAT. UNDER THE SIXTH AMENDMENT ANY FACTS (OTHER THAN PRIOR CONVICTION) THAT EXPOSES A DEFENDANT TO A SENTENCE IN EXCESS OF THE RELEVANT STATUTORY MAXIMUM MUST BE FOUND TRUE BY A JURY. NOT A JUDGE. AND ESTABLISH BEYOND A REASONABLE DOUBT NOT MERELY BY A PREPONDERANCE OF THE EVIDENCE. SEE : 536.U.S. 466. 490. THE COURT HAS APPLIED THE RULE APPRENDI. TO FACTS SUBJECTING A DEFENDANT TO THE DEATH PENALTY. RING V. ARIZONA. 536. U.S. 584. 602. 609. FACTS PERMITTING A SENTENCE IN EXCESS OF THE "STANDARD RANGE." UNDER WASHINGTONS SENT-ENCED REFORM ACT (REFORM ACT). BLAKELY V. WASHINGTON. 542. U.S. 296. 304-305. AND FACTS TRIGGERING A SENTENCE RANGE ELEVATION UNDER THE THEN -MANDATORY FEDERAL SENTENCE GUIDELINES. UNITED STATES V. BOOKER - 543. U.S. 220. 243. 244i. BLAKELY AND BOOKER BEAR MOST CLOSELY ON THE QUESTION PRESENTED HERE. . . . . IN ALL MATERIAL RESPECTS. CALIFORNIAS (DSL). RESEMBLES THE SENTENCING SYSTEM INVALIDATED IN BLACKLEY AND BOOKER. FOLLOWING THE REASONING IN THOSE CASES. THE MIDDLE TERM PERSCRIBED UNDER CALIFORNIA LAW. "NOT THE UPPER". IS THE RELEVANT STATUTORY MAXIMUM. BECAUSE AGGRAVATING FACTS THAT AUTHORIZE THE UPPER TERM ARE FOUND BY THE JUDGE. AND NEED ONLY BE ESTABLISHED BY A PREPONDANCE OF THE EVIDENCE. THE DSL. VIOLATES THE RULE OF APPRENDI. WHICH BRIGHT LINE RULE WAS DESIGNED TO EXCLUDE A JUDGES DETERMINATION AND THAT THE FACT WAS SUBJECT TO THE SIXTH AMENDMENTS JURY TRIAL GUARANTEES. MR. SCHOPPE-RICO CONTENDS HIS SENTENCE IS IN OVER EXCESSES AND SHOULD BE ALSO PRESCRIBED THE MIDDLE TERM SENTENCE UNDER CALIFORNIA, LAW. NOT THE UPPER TERM.

NOTE. POLICE REPORT STILL HAVE TO OBTAIN THROUGH DISCOVERY ORDER        75.
DONT HAVE THEM AT TIME. ON THE POSSESSION ISSUE.

# EXHIBIT: A

( 22 pg) HAND INJURIES. AND MEDICAL REPORTS.
   WITH DIAGRAHMS OF PHYSICAL IMPAIRMENT
   A PROOF OF DISABILITY

22 PAGES
24 · PAGES

pG. 76

# EXHIBIT: B

1.) PAGES ONE THROUGH NINE. PAUL LANCASTERS TESTIMONY VIA FIRST INTERVIEW · · · DEFENDANTS EXHIBIT. 7. A. 611510-5  ⌐ · 3/14

2.) PAGES ELEVEN TWELVE THIRTEEN. MISTAKEN IDENTITIEFICATIONS AND EYEWITNESS PSYCHOLOGY AUTHORITIES, . · -

3.) PAGES FOURTEEN THROUGH THIRTY. ALBERT MELTONS FIRST INTERVIEW AND MISTAKEN ERRONOUS IDENTIFICATION ·-. DEFENDANTS EXHIBIT 6A. 611510-5. 3/14.

( 29- PAGES C )

# EXHIBIT: C

1.) PAGE: ONE   MAP OF BAYPOINT STREET LOCATION OF WHERE,
INCIDENT AND   INVESTIGATORY STOP AND ARREST TOOK PLACE.

( 9: PAGE. ) ,

# EXHIBIT: D

1.) 59 PAGE ·· THE HASTING LAW JOURNAL. VOLUME 42. NO. NOV.1990, SCIENCE.
CN ANDREW, E. TASLITZ. CN DOGS. OLFACTORY.

# EXHIBIT: E

1.) THE LASTEST OF PETITIONERS MENTAL HEALTH DISORDER CONDITIONS WHILE INCARCERATED. THEY DATE BACK TO 2002 BEFORE TRIAL. (I.E STILL WAITING TO OBTAIN MENTAL HEALTH DISCOVERY FROM CONTRA COSTA COUNTY JAIL) ( 19-PAGES)

( P9 80.

( 19 - PAGES ),

# EXHIBIT:F

1.) PAGE ONE. WAS LETTER FORWARDED TO KYLE GEE FOR HANDLING OR RESTITUTION FINE AND NEVER DID. AFTER COURT AND I CONTACTED HIM.

2.) PAGE TWO THROUGH TWELVE ARE COMPLAINTS FILED AGAINST KYLE GEE. APPELLATE ATTORNEY.

3.). PAGES THIRTEEN THROUGH FIFTEEN. IS LETTER ATTORNEY SENT ME, EXPLAINING HOW TO HANDLE MY STATE HABEAS AND FEDERAL HABEAS.

4.) SIXTEEN, SEVENTEEN ARE PAGES OF APPOINTED COUNSEL FROM PUBLIC DEFENDERS OFFICES SURVEY OF INEFFECTIVE ASSISTANCE OF COUNSEL THEY PROVIDE TO INDIGENT DEFENDANTS AND WHY

# EXHIBIT : G

1.) PROPOSED QUESTIONAIRES FOR WITNESSES

# EXHIBIT: H

1.) PAGE ONE NEWS PAPER ARTICLE OF WHICH STATEMENTS OF JURORS MADE TO NEWPAPER REPORTER ON DELIBERATIONS.

2.) TWO AND THREE. AN ATTACH LETTER OF QUESTIONS WE HAD FOR JURORS AND INVESTIGATOR. INVESTIGATING JURY MISCONDUCT, PUBLIC DEFENDER WITHDREW INVESTIGATION AN MOTION AFTER IT WAS GRANTED.

( 3° PAGES. )

# EXHIBIT: I

1.) ACCURATE DIAGRAM OF 180 SHORE Rd. RESIDENCE.
AND LOCATION WERE ILLEGAL SEARCH & SEIZURES
TOOK PLACE.

(PG.B4)                    ( 1 c · PG. c · )  /