Schoppe-Rico, John Moses.
Pelican Bay State Prison
C.D.C.# V-11328
P.O. Box # 7500
Crescent City, CA.
        95532.

In Pro-Se

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA.

JOHN MOSES SCHOPPE-RICO
    PLAINTIFF.
    VS.
ROBERT A. HOREL. P.B.S.P. WARDEN
    RESPONDENTS

CASE NO: _____
  (TO BE PROVIDED BY THE CLERK OF COURTS)

AFFADAVIT OF SCHOPPE-RICO'S

ON FEDERAL HABEAS CORPUS.
C.C.C.NO: 011510-05.
1ST APP. DIST. NO: A-104363
STATE HABEAS NO: 061470-1

I. JOHN MOSES, SCHOPPE-RICO. DECLARES AS FOLLOWS:

1) I AM THE INDIGIENT DEFENDANT IN PROPIA-PERSONA UPON REQUEST. I AM PETITIONING THE ABOVE ENTITLED-CASE, I'VE BEEN CHARGED IN A COMPLAINT WITH VIOLATION OF PENAL CODE SECTIONS 187. P.C., 12031 (3)(2)(C). 2 CTS, AND 2 CTS OF 12025. (2)(6)(3) AND WITH P.C. 246. THAT ALL ALLEGED TO HAD OCCURED IN 2000 IN TWO DIFFERENT INCIDENTS AT DIFFERENT TIME APPROX. A MONTH SPAN APART. I'VE DONE SERVED AND COMPLETED (4) YEARS TIME SERVED FOR THE P.C. 246 AND 12031 (3)(2)(C), 12025 (2)(b)(3) COUNTS, SEE ATTACHED ABSTRACT OF JUDGEMENT. IM PETITIONING THE P.C. 187. AND ENCHANCEMENTS FIRSTLY AND FOREMOST ABOVE ALL ELSE. DUE TO ITS MAXIMUM SENTENCE IMPOSED UPON ME ILLEGALLY...

2) I AM INFORMED AND BELIEVE, I'VE BEEN FILING MY HABEAS CORPUS WITHIN ITS TOLL. LINE OF TIME IN ACCORDANCE WITH THE (A.E.D.P.A.) STATUE OF LIMITATION 28 USC. 2244 (d)(1) AND ALL STATE REMEDIES AVAILABLE WERE EXHAUSTED AND MY HABEASES WERE ALL FILED TIMELY. IN A TIMELY FASHION WITHIN A YEAR SPAN. AS WELL I'VE GAVE THE STATE COURTS A FAIR OPPORTUNITY TO HEAR MY CASE OR GRANT ANY TYPE OF RELIEF ‡ DUE TO MY ILLETERACY.

85

DRIVE BY THE KALEIKIS WHO LIVED THERE AT 40 SHARON DR. AN CRIMINALIST ALEX TAFLYA ELIMANATED MR. SCHOPPE-RICO AND MS. SMITH AS A POSSIBLE SOURCES FOR THOSE HAIRS.

5) I AM INFORMED AND BELIEVE THERE WERE AN DISCREDITING UNTRUTHFUL HONEST WITNESS NAME OF ALBERT MELTON WHO HAD BEEN PUSHING THE SHOPPING CARTS AN WAS PRESENTED AS A WITNESS IN THE ABOVE ENTITLED CASE. WHO WAS MOSTLY BY ANGER, OR JUST BECAME BIAS, PREJUDICE IN INTEREST AND/OR CORRUPTED. A PERSON WITH PRIOR INCONSISTENT STATEMENTS AN WAS A UNTRUTIIFUL CHARACTER IN THIS MATTER. HIS CREDIBILITY AS PRESENTED HAS/WAS SHOWN TESTED AS BEING BIAS, PREJUDICE AGAINST THE DEFENDANT IN VIOLATION OF THE DEFENDANTS CONSTITUTIONAL RIGHTS AND AMENDMENTS. ECT. ECT.

6) I AM INFORMED AND BELIEVE ADDITIONAL TIME IS REQUIRED TO PREPARE AN AFFIRMITIVE DEFENSE TO PREPARE AND TO COMPLETE THE INVESTIGATIONS AND HIRE'ING OF EXPERTS FOR ONE OR MORE MATERIAL EVIDENCE ISSUES PENDING BEFORE THIS COURT.

7) I AM INFORMED AND BELIEVE THE CRIMELAB ASKED FOR THE DEFENDANTS. SHOES TO BE BROUGHT TO THE SCENE OR TAKEN FOR A COMPAIRISON OF SHOE IMPRESSIONS AT THE CRIME SCENE. SHOE IMPRESSIONS WERE PHOTOGRAPHED AND CAST IN THE DIRT AREA NEAR THE CARTIDGE CASINGS. THE PATTERN TYPE DID NOT MATCH THE PATTERN ON MR. SCHOPPE-RICO'S SHOES. AND IT WAS DETERMINED BY FORENSIC CRIMINALIST JOHN NELSON THAT THE DEFENDANT SHOES HE HAD ON COULD NOT BELONG TO THE CLASS OF SHOE IMPRESSIONS LEFT AT THE HOMICIDE SCENE. THEREFORE ELIMANATING THE DEFENDANT AS ANY POSSIBLE SOURCE WITH CONNECTION IN THE AREA.

8) WE ARE INFORMED AND BELIEVE THAT IN THE TENSE AND ALL EXCITEMENT OF THE INFIELD ENCOUNTERED STOP OF THE DEFENDANT WHERE HE WAS BEING HELD. IN THE INFIELD LINE-UPS OR/AND PHOTO LINE UPS. THE DEFENDANT WAS NOT POSITIVELY IDENTIFIED BY NONE OF THE WITNESSES AS THE SUSPECT THEY SEEN/SAW/WITNESSED; HAD

GETS A REASONABLE AMOUNT OF TIME, TO PROVIDE HIS EXPERT OPINION. IN ANATOMY, ON THE DEFENDANTS DISABILITY AND HAND INJURY HE HAD ON OCT. 17, 2000 WHEN HE WAS ARRESTED. ACCORDING TO RIGHT HAND IN (3) VIEWS, RIGHT HAND AND WRIST 01/30/01. HISTORY: PREVIOUS GUNSHOT WOUND. PAIN. FINDINGS MULTIPLE METALLIC GUNSHOTS FRAGMENTS REMAINED AT RADIAL ASPECT OF WRIST. OLD UNHEALED RADIAL STYLOID PROCESS FRACTURE. MIDSCAPHOLD FRACTURE REMAINS IN STABLE POSITION WITH NON-UNION. AND SINGLE FIXATION SCREW, SCLEROSIS OF PROXIMAL AND DISTAL POLES OF SCAPHOLD. HAS INCREASED SELF-DIAGNOSTIC IMAGING REPORT. EXPERT IS TO PROVIDE INFORMATION, THAT THE DEFENDANT MR. SCHOPPE-RICO WHO WAS RECENTLY OUT OF THE HOSPITAL PRIOR TO HIS DETENTION ON OCT. 17, 2000. WAS IN NO CAPABLE HEALTH WELL BEING CONDITION. THAT HIS RIGHT HAND DISABILITY IS A FACTOR CLUE TO THE FACT HE COUDNT POSSIBLY HOLD, GRIP, OR NOR PULL ANYTHING. NOR LEFT, PUSH, ECT. TOUCH ANYTHING WITH HIS RIGHT HAND INJURY, INJURED. THEREFORE FURTHER ELIMINATING THE DEFENDANT AS ANY POSSIBLE SOURCE TO BEING EVEN "ABLE" "CAPABLE" OF CARRYING A WEAPON A 22. CALIBER RIFLE OR HE COUDNT EVEN UNDRESS OR CLIMB OVER FENCES AS ITS BEEN ALLEGED WITH THIS TYPE OF INJURY/DISABILITIES TO HIS RIGHT HAND AND WRIST AN THAT THIS FACT/METIGATION EVIDENCE; COUNSEL HAS FAILED TO DISCOVERED AN PRESENT AT DEFENDANTS REQUEST IN THIS CASE IS POWERFUL AND HARMFUL....

12) I AM INFORMED AND BELIEVE THAT THE JURY MISCONDUCT IS POWERFUL IN THIS CASE AND IS CONSTITUTIONALY AND PREJUDICALLY UNFAIR. TOWARD THE DEFENDANTS RIGHT TO A FAIR TRIAL WITH EQUAL CONSTITUTION PROTECTION; FOR ONE THE DEFENDANT WAS NOT TRIED BY JURORS OF HIS OWN PEERS. THEIR WAS AN (ATF) AGENTS FRIEND ON THE JURY AN A EX-MARINE AND OTHER PEOPLE WHOM HAD A

WERE STRUCK OFF THE JURY BY THE PROSECUTION. SO THE JURY THAT ORIGINALLY TRIED MILLER-EL HAD (11) WHITES AND (1) AFRICAN-AMERICAN. NOT ONLY IS THIS DESCRIMINATION OUTRAGEOUS IN AND OF ITSELF AND WARRANTS AUTOMATIC REVERSAL IS REQUIRED ON THESE GROUNDS. IN THE CASE OF SCHOPPE-RICO. ALL MEXICAN-AMERICANS WERE DISMISSED IN HIS PROCEEDINGS. UNFORTUNATELY. SEE IN: CAMPBELL V. LOUSIANA _ U.S. ~~POWELL.823.~~ ~~F2~~ LED 2D_ 118 SCT. 1419. (1998) WHITE DEFENDANTS HAD STANDING TO RAISE EQUAL PROTECTION OBJECTION TO DESCRIMINATE AGAINST BLACKS PERSONS IN SELECTION OF GRAND JURORS. _ (U.S. V. POWELL. 823. F2d 996. (6th Cir. 1987) PRINCIPAL DUTIES OF GRAND JURORS ARE TO DETERMING WETHER PROBABLE CAUSE EXIST TO BELIEVE THAT A CRIME HAS BEEN COMITTED AND TO PROTECT ACCUSED FROM UNFOUNDED PROSECUTION.

(3) I AM INFORMED AND BELIEVE THAT ON OCT. 17, 18, AND 19. 2000 DETECTIVE COSTA AND SERGEANT BRYAN WENT TO 180 SHORE RD. AND CONDUCTED A UNREASONABLE SEARCH AND SEIZURE IN VIOLATION OF THE DEFENDANTS MR. SCHOPPE-RICO'S CONSTITUTIONAL RIGHTS AND AMENDMENT IV. SECTION II THE RIGHT OF THE PEOPLE TO BE SECURED IN THEIR PERSONAL HOUSE, PAPERS, AND EFFECTS AGAINST UNREASONABLE SEARCHES AND SEIZURES. ANYTHING SEIZED AND SEARCHED WITHOUT A WARRANT AN PROBABLE CAUSE IS IN VIOLATION OF DEFENDANTS CONSTITUTIONAL RIGHTS, AND SHOULD BE INADMISSIBLE COURT. (IN). ALLEGED EVIDENCE SEIZED AN COURT ERRED IN ALLOWING TO BE USED AT DEFENDANTS TRIAL IN VIOLATION WAS SEIZED ON OCTOBER 17, 18, AND 19, 2000 WITHOUT A WARRANT. LATE ON THE AFTERNOON OF OCT. 17, 2000. DETECTIVE COSTA WENT TO 180 SHORE Rd. WHERE MR. SCHOPPE-RICO LIVED. HE FOUND GRAY SWEAT PANTS IN THE FRONT YARD (EXHIBIT 30) WAS ILLEGALLY ALLOWED TO BE USED. THESE SWEAT PANTS ARE/WERE THE SAME COLOR AND APPARENT CONDITION AS

OF ANY CRIME OR ANY INVESTIGATION OF A CRIME. IF HE OR SHE KNOWINGLY AND INTENTIONALLY MAKES ANY STATEMENT REGARDING ANY MATERIAL MATTER IN THE REPORT WHICH THE OFFICER KNOWS TO BE FALSE "WETHER OR NOT THE STATEMENT IS CERTIFIED OR OTHERWISE EXPRESSLY REPORTED AS TRUE" IS GUILTY OF FILING A FALSE REPORT PUNISHABLE BY IMPRISONMENT IN THE COUNTY JAIL FOR ONE TO ONE YEAR, OR IN THE STATE PRISON FOR ONE, TWO OR, THREE YEARS. DEPUTY WHIDDON'S DESCRIPTION OF THE ARREST WAS AS FOLLOWS. DEPUTY WHIDDON STATED HE CONTACTED LYDIA WILLIAMS IN HER CAR AND THE DEPUTY TESTIFIED THAT MS. WILLIAMS TOLD HIM [A] HISPANIC ~~MAN WALKING EAST ON KEVIN DRIVE~~ GUY JUST JUMPED OVER A FENCE ON SHARON DRIVE PLACE GOING TOWARD HARVEY." SHE LED THE DEPUTY EAST ON SHARON DRIVE TO GREGORY DRIVE AND RIGHT TO/ON GREGORY DRIVE TO KEVIN DRIVE. WHERE SHE POINTED TO A HISPANIC MAN WALKING EAST ON KEVIN DRIVE WEARING A WHITE T-SHIRT AND BLACK SHORTS. DEPUTY WHIDDON HELD THE MAN AGAINST HIS WILL. HE DREW HIS GUN AND ORDERED THE MAN TO HIS KNEES WITH HIS HANDS RAISED. SERGEANT BRYAN ARRIVED. HAND-CUFFED THE MAN AND PLACED THE MAN IN THE REAR OF HIS PATROL CAR. THE MAN WAS PASSIVE, NON EMOTIONAL, AND CO-OPERATIVE. NO WEAPONS OR BULLETS WERE FOUND ON MR. SCHOPP-RICO. HE ONLY HAD ONE PRESCRIBED ALBUTEROL 17 GRAMS INHALLER AND A BLACK SKULL CAP IN HIS HAND, AN A RED BANDANNA WRAPT AROUND HIS FRESH INJURED, DISABLED RIGHT HAND WRIST AS A TEMPORARY ACE-WRAP. DEPUTY WHIDDON SAW LYDIA WILLIAMS AGAIN LATER THAT DAY AND SHE/WHIDDON BEGAN TO CLAIM WAS UPSET AND FEARFUL OF RETALIATION. THIS IS WHERE HE TRYED TO FORCE HER TO FALSE REPORT AND COERCE OR COACH HER INTO BELIEVING THIS. AT THAT TIME, MS. WILLIAMS

94

SAID SHE "ONLY" HAD SEEN THE MAN ON THE SIDE-WALK WHERE SHARON PLACE INTERSECTS BRADFORD STREET." BUT NOT CLIMBING A FENCE."! WHEN SERGEANT HALE SPOKE WITH LYDIA WILLIAMS ON OCTOBER 24TH SHE TOLD HIM THAT THE PERSON HAD NOT JUMPED A FENCE BUT HAD BEEN NEAR THE FENCE AT SHARON PLACE AN BRADFORD STREET WALKING.... I HAVE TO BELIEVE THEY WERE TO COERCE AN FALSIFY EVIDENCE. BRIBING, INFLUENCING, INTIMIDATING, OR THREATNING WITNESS IN VIOLATION OF PENAL CODE. $132. CHAPTER 6. SECTION 132-140 _ FALSIFYING EVIDENCE, TRYING BRIBING. INFLUENCING. INTIMIDATING OR THREATING WITNESS. $132. OFFERING FORGED. ALTERED OR ANTE-DATED BOOK. DOCUMENT OR RECORD. DEPUTY WHIDDON TRYING TO OFFER FALSE EVIDENCE. TRYING TO SAY OR MAKE INFLUENCE A WITNESS SHE MUST HAVE A MAN JUMPING FENCES. IS OFFERING FALSE EVIDENCE. EVERY PERSON WHO UPON ANY-TRIAL PROCEEDING. INQUIRY OR INVESTIGATION WHATEVER AUTHORIZED OR PERMITTED BY LAW ~~INSTRUMENTS IN WRITING KNOWING~~ OFFERS IN EVIDENCE AS GENUINE OR TRUE. ANY BOOK. PAPER OR DOCUMENT. RECORD OR OTHER INSTRUMENTS IN WRITING KNOWING THE SAME TO HAVE BEEN FORGED OR FRAUD. VIENTLY ALTERED OR ANTE-DATED IS GUILTY OF FELONY (ENACTED 1872) WHEN DEPUTY WHIDDON ALTERS A WITNESS STATEMENT OR TESTIMONY OR WRITES A FALSE REPORT. REPORTING AND TESTIFYING THAT SUGGESTING. COERCION SHE COULD OF SEEN A MAN JUMP FENCES IS CONSTITUTIONAL VIOLATIONS ON THE DEFENDANTS RIGHTS. IN RE. <u>Blackman V. Johnson 145. F3d 205. (5th Cir 1998)</u> STATES KNOWING

95

DETENTION AND WHICH IS A FOURTH AMENDMENT SEIZURE. BUT FOR WHICH THE OFFICER NEED ONLY HAVE A SPECIFIC ANARTICUBLE FACTS GIVING RISE TO REASONABLE SUSPICION THAT A PERSON HAS COMMITTED OR IS COMMITING A CRIME AND SITUATIONS INVOLVING NO RESTRAINTS ON THE CITIZEN LIBERTY. AS WHEN AN OFFICER SEEKS THAT CITIZENS VOLUNTARY CO-OPERATION THROUGH NON-COERCIVE QUESTIONING. <u>U.S. v. Arias-Villaneva. 998. F2d 1491 (9th Cir. 1993)</u> GOVERNMENT MAY STOP AND QUESTION ANY INDIVIDUAL FOR ANY REASON AS LONG AS PERSON TO WHOM QUESTIONS ARE PUT AN REMAINS FREE TO DISREGARD QUESTIONS AND WALK AWAY. HOWER ONCE DEPUTY WHEDDION THE DEPUTY ALTERS, SUGGEST A WITNESS OR COERCES OR WRITES A FALSE REPORT IS THAN IN VIOLATION OF PENAL CODE $118.1 AND PENAL CODE $132. & $133. DECEIVING WITNESS TO AFFECT TESTIMONY. . AN CONSTITUTES GROUNDS OF INADMISSIBILITY AND REVERSAL AND/OR PARDON/ACQUITTAL.

I AM INFORMED AND DECLARE UNDER PENALTY OF PERJURY THAT ALL FOREGOING IS TRUE AND CORRECT AND THIS DECLARATION WAS EXECUTED ON 04.01.07 AT CRESCENT CITY CALIFORNIA.

_____ 6-1-08
IN PRO-SE  SCHOPPE-RICO

98.

## PROOF OF SERVICE BY MAIL

### BY PERSON IN STATE CUSTODY

(Fed. R. Civ. P. 5; 28 U.S.C. § 1746)

I, __JOHN MOSES SCHOPPE-RICO IN PRO-PER__, declare:

I am over 18 years of age and a party to this action. I am a resident of __CRESCENT CITY__ __PELICAN BAY STATE PRISON__ Prison, in the county of __DEL NORTE__, State of California. My prison address is: __P.B.S.P. P.O. BOX 7500, CRESCENT CITY CA. 95532__.

On __6-1-08__ (DATE),

I served the attached: __FIRST AMENDED PETITION 80 pgs WITH EXHIBITS (A) THROUGH (I) A TOTAL OF 184 PAGES IN EXHIBITS IN SUPPORT OF AMENDMENT, WITH AFFADAVIT 13 pg.__ (DESCRIBE DOCUMENT)

on the parties herein by placing true and correct copies thereof, enclosed in a sealed envelope, with postage thereon fully paid, in the United States Mail in a deposit box so provided at the above-named correctional institution in which I am presently confined. The envelope was addressed as follows:

COURT CLERKS OFFICE.
U.S. DISTRICT NORTHERN DISTRICT
OF CALIFORNIA.
450 GOLDEN GATE AVENUE. 16th FLOOR.
SAN FRANCISCO. CA. 94102.

ATTORNEY GENERAL CALIFORNIA
SAN FRANCISCO OFFICE.
455 GOLDEN GATE AVENUE. STE. 11000
SAN FRANCISCO. CA. 94102.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on __6-1-08__ (DATE)     __(signature)__ (DECLARANT'S SIGNATURE)

Civ-69 (Rev. 9/97)                          ::ODMA\PCDOCS\WORDPERFECT\22832\1

-98-

FAILURE TO CORRECT FALSE TESTIMONY VIOLATES DUE PROCESS IF FALSE TESTIMONY VIOLATES. REASONABLY COULD HAVE AFFECTED JUDGEMENT OF JURY. U.S. Vs. Haese. 162. F3d. 359 (5th Cir. 1998) DEFENDANT CONVICTION MUST BE REVERSED ON DUE PROCESS GROUNDS WHERE THE GOVERNMENT KNOWINGLY ELICITS OR FAILS TO CORRECT MATERIALLY FALSE STATEMENTS FROM ITS WITNESSES. RE.IN: Mesarosh V. U.S. 352.U.S. 1.1. Led 2d 1.77 Sct.1. (1956) TRUTHFULNESS OF TESTIMONY.. THE DIGNITY OF THE UNITED STATES GOVERNMENT WILL NOT PERMIT THE CONVICTION OF ANY PERSON ON TAINTED TESTIMONY. U.S. Vs. Biziev. 111.F.3d 214. (1st Cir. 1997). Maltby V. Winston 36.F3d 548 (7th Cir. 1994). EVIDENCE RECOVERED AFTER ARREST MAY NOT FORM BASIS OF PROBABLE CAUSE FOR THAT ARREST. RE IN: Arrington V. McDonald. 808.F2d. 466. (6th Cir. 1986) POLICE OFFICERS WHO TOOK INDIVIDUAL INTO CUSTODY SOLELY ASCERTAIN HER IDENTITY WERE NOT ENTITLED TO IMMUNITY. OFFICERS KNEW IT WAS ILLEGAL TO MAKE ARREST SOLELY FOR THAT PURPOSE. U.S. V. Johnson 910 F2d 1506 (7th Cir. 1990) U.S. V. Mendenhall 446 U.S. 344. 64. Led. 2d 497. 100 Sct. 1870 (1980) U.S. V. Brignoni-Ponce 422. U.S. 873. 45. Led. 2d. 607 95. Sct. 2574. (1975) Beck Vs. Ohio. 379 US. 89. 13. Led 2d 142. 85. Sct 223 (1964) THREE CATAGORIES FOR POLICE-CITIZENSHIP ENCOUNTERS IN RELATIONSHIP TO THE FOURTH AMENDMENT ARE AN ARREST FOR WHICH FOURTH AMENDMENT REQUIRED THAT POLICE HAVE PROBABLE CAUSE TO BELIEVE THAT A PERSON HAS COMMITTED OR IS COMMITTING A CRIME. INVESTAGATORY STOP WHICH IS LIMITED TO A BRIEF NON-INTRUSIVE

THE SWEATSHIRT FOUND AT 40 SHARON DR. AND ALSO BEARING THE BRAND NAME "PRO-SPIRIT", HOWEVER THIS ENEFFICIENT AN THE TRIAL COURT ERRED PREJUDICALLY IN ABMITTING (EXHIBIT 30) EVIDENCE AS PROOF OF IDENTITY. ON OCTOBER 18, 2000 ~~DETECTIVE~~ SERGEANT BRYAN WENT TO 180 SHORE RD IN BAY POINT AGAIN WITHOUT A SEARCH WARRANT. HE COLLECTED A SHELL CASING, A CARTIDGE AND A DEFORMED SLUG. ON OCTOBER 19, 2000 DETECTIVE COSTA UNREASONABLY RETURNED TO 180 SHORE RD. HE FOUND A CRIMPED .22 CALIBER CARTIDGE CASING ON THE KITCHEN FLOOR. THE DEFENDANT BRINGS TO LIGHT AND MOVES THE COURT TO RE-EXAMINE THE INADMISSIBILITY OF THE AFOREMENTIONED ILLEGALLY OBTAINED EVIDENCE IN A COURT TRIAL PROCEDING. <u>RE-IN: Reid V. Georgia 448. US. 438. 65 Led. 2d 890. 160 Sct 2752. (1980)</u> COURTS MUST BE ESPECIALLY CAUTIOUS WHEN THE EVIDENCE THAT IS ALLEGED TO ESTABLISH PROBABLE CAUSE IS ENTIRELY CONSISTENT WITH INNOCENCE BEHAVIOR (U.S. V. Bonitz 826. F2d 954 (10th Cir. 1987) ABSENT SOME SPECIAL ALL CONTAINERS PACKAGES WILL RECEIVE THE FULL PROTECTION OF THE FOURTH AMENDMENT IF UNDERTAKEN DURING A POLICE SEARCH.

14) I AM INFORMED AND BELIEVE ON OCTOBER 17, 2000. DEPUTY WHIDDONS DESCRIPTION OF THE ARREST OF THE DEFENDANT IS WHOLLY A FABRICATED POLICE REPORT/FALSE REPORT IN VIOLATION OF PENAL CODE §118.1. AN FALSIFYING EVIDENCE AN BRIBING INFLUENCE, INTIMADATING OR THREATING WITNESSES PENAL CODE §118.1. PEACE OFFICER: FALSE REPORT. STATES AS FOLLOWS IS THE LAW. EVERY PEACE OFFICER WHO FILES ANY FALSE REPORT WITH THE AGENCY WHICH EMPLOYS HIM OR HER, REGARDING THE COMMISION

BIAS MOTIVE AND THEIR WAS NO HISPANICS IN THE JURY. THE COURTS SHOULD FOLLOW THE U.S. CONSTITUTION. SO THAT YOUTH AND YOUNG ADULTS AS THE DEFENDANT CAN RECEIVE A FULL TRIAL (FAIR TRIAL). THE 14TH AMENDMENT OF THE UNITED STATES CONSTITUTION GUARANTEES A PERSON (INCLUDING YOUNG PEOPLE) THE RIGHT TO BE TRIED BY A JURY OF THEIR "PEER" GROUP. A "PEER" IS A PERSON, (INCLUDING YOUNG PEOPLE) FROM A SIMILAR ECONOMICAL, SOCIAL, RELIGIOUS, GEOGRAPHICAL, ENVIROMENTAL, HISTORICAL, AND RACIAL BACKGROUND. TO DO THIS, THE COURT HAS TO ALLOW. TO LET A DEFENDANT BE TRIED BY HIS PEERS. IN THIS MATTER THE DEFENDANT WAS TRIED BY A JURY OF WHITES AND BLACKS AND NO HISPANICS. WHO DO NOT/DID HAVE FUNCTIONAL UNDERSTANDING OF THE AVERAGE REASONING OF THE MAN AN WOMAN, AND YOUTH OR YOUNG ADULTS OF COLOR WHO HAVE DIFFERENT PEER BACKGROUND REALITIES. AND THE DEFENDANT BELIEVES THAT THE COURT SHOULD RULE THAT THE CONTRA COSTA COUNTY PROSECUTOR OFFICE DILIBERATELY ELIMINATED HISPANICS (MEXICAN-AMERICANS) FROM THE JURY THAT TRIED MR. SCHOPPE-RICO. THE EVIDENCE OF RACIAL BIAS IN JURY SELECTION IS STRONG. THE CONTRA COSTA COUNTY PROSECUTORS OFFICE MIGHT BE STILL USING A WRITTEN MANUEL FROM THE 1960'S. THAT TOLD PROSECUTORS THAT IT WOULD BE EASIER TO GET A CONVICTION IF THEY ELIMINATED MEXICAN-AMERICANS AMONG OTHERS FROM JURIES. THEY ALSO ASKED THEM A DIFFERENT SET OF OF QUESTIONS ABOUT THE DEFENDANTS CHARGES DESIGNED TO MAKE IT EASIER TO DISQUALIFY THE PEERS, MEXICAN AMERICANS AND YOUNG ADULTS. (I.E. AS THE SUPREME COURT OBSERVED IN PREVIOUS OPINIONS INVOLVING THE CASE OF Miller -El. V. Dretke. THE U.S. SUPREME COURT HAS FINALLY DECIDED THAT IT AGREES WITH THOMAS MILLER-EL AND HIS ATTORNEY IN THE DALLAS COUNTY.... THERE WERE 108 PEOPLE CALLED FOR JURY DUTY.) I.E. JUST AS IN MR. SHOPPE-RICOS CASE). THE DAY MILLER-EL WAS TRIED. TWENTY OF THEM WERE AFRICANS-AMERICAN NINE OF THEM THOSE WERE EXCUSED FOR CAUSE OR BY AGREEMENT. TEN OF THE REMAINING (11)

BLOODHOUND AN HANDLER IN THIS MATTER. IT IS REQUIRED/REQUESTED HEREBY THAT DEFENDANT IS PROVIDED AND GETS A REASONABLE AMOUNT OF TIME FOR AN INVESTIGATOR ON TAPE RECORDED EVIDENCE TAPES. THAT THIS LEGAL VIDEO EXPERT SPECIALIES IN A VIDEO ANALYSIS IN AUTHENTICITY, CONSISTENCY VERACITY AND IDENTIFICATION SIGHT. SOUND AND MOTION ANALYSIS OF MS. SHITLER DOG SCENT LINE UP VIDEO RECORDINGS FOR ANY OPINION ON SOUGHT SOUND MOTION OF THE DOG HANDLER PROMPTING HER DOG ON THE DEFENDANT AND ON THE WAY SHE AND HER DOG CONDUCTED THERE ALLEGATION ON THAT MATTER. AND ON WELL THAT THE COURT PROVIDES AN EXPERT ON DOG SCENT OL-FACTORY ABILITIES IN ACCORDANCE WITH/IN THE KELLY RULE. WHICH IS DOG CANT DISCRIMINATE SPECIFIC IN SCENTS....

10) I AM INFORMED AND BELIEVE THAT THERE WERE FURTHER DISCRIMINATING MATERIAL THAT DEFENDANT SCHOPPE-RICO WHISHES TO HAVE EXAMINED FOR THE COURT. THAT A HAND WRITING EXPERT ANALYSIS PROVIDES AN OPINION ON QUESTIONABLE DOCUMENTS THAT A HANDWRITING EXPERT IS TO LET US KNOW HOW OLD DOCUMENTS ARE. WHEN THEY WERE WROTE AND WHO WROTE THEM. THERE FROM AROUND 1992. AND WHERE COLLECTED DURING A QUESTIONABLE SEARCH AND SEIZER. IN RESPECTS TO GANG SYMBOLS. ECT. ON PROP. 21. PETITIONER WASNT GIVEN A FAIR OPPURTUNITY TO SUPPRESS THIS AND INEFFECTIVE ATTORNEYS FAILED TO CHALLENGE THIS INFORMATION. THEY WERE FOUND IN A TRASH CAN THEN UNDER ASSUMPTION. BLAMED IT ON PETITIONER AS BEING HIS WITHOUT PROOF.

11) I AM INFORMED AND BELIEVE THAT IT IS EXTREMELY IMPORTANT THAT A PRO\CONSUL MEDICAL EXPERT BE HIRED AND PROVIDED AN THAT HE OR SHE

ENCOUNTERED. ON THE MORNING OF OCT. 17, 2000. THE PERSONS ARE/WHERE AS FOLLOWS. THE WITNESSES CONSISTED OF ALBERT MELTON AND PAUL LANCASTER. MELTON WAS TAKEN TO WHERE MR. SCHOPPE-RICO WAS HELD. WHERE HE VIEWED FROM 20 FEET AND ADVISED THE OFFICER. DEPUTY DELUNA. "NOT THE SAME CLOTHES" "COULD BE HIM. HE DOESN'T HAVE FACIAL HAIR. THE GUY DIDN'T HAVE HAVE FACIAL HAIR. LATER THAT DAY MELTON WHILE INTERVIEWED IDENTIFIED A PHOTOGRAPH OF ANOTHER MAN AS THE SHOOTER. SAYING THAT NO-ONE ELSE INCLUDING MR. SCHOPPE-RICO RESEMBLED THE SHOOTER. SAYING ALSO HE DIDN'T HAVE WHAT HE HAD ON.... AN PRIOR TO THAT DESCRIBING THE PERSON HE SAW WEARING. A BLUE FLANNEL AN KHAKI PANTS WITH LONG HAIR AN HAVING FACIAL HAIR. THE INVOLVEMENT OF WITNESSES "PAUL LANCASTER. AS WELL AS MELTON HE WAS BROUGHT TO VIEW DEFENDANT MR. SCHOPPE-RICO IN THE SAME SHOW-UP. HIS STATEMENT WAS "NO, NOT THE RIGHT CLOTHES, NOT TALL ENOUGH". AT TRIAL LANCASTER STATED THAT THE PERSON WHO "HAD BEEN SHOOTING"! "A MUCH LARGER PERSON", "IN STATURE" THAN WAS THE MAN HE WAS SHOWN. AS MR. LANCASTER STATED THE ISSUE "THE GUY THEY SHOWED HIM. ON A SCALE OF ONE TO TEN, TEN BEING POSITIVE. ONE BEING NO WAY ITS HIM. AS OF RIGHT NOW I'M SAYING NO WAY." ON THAT SCALE.. (I.E. SEE AS STATED ABOVE IN #5. MELTON AT THE PRELIMINARY HEARING ON MAY 16. 2001 HAD BIASLY , RACIALY MOTIVATED MIS/IDENTIFIED MR. SCHOPPE-RICO AS THE PERSON WHO HAD BEEN SHOOTING ON OCT. 17, 2000. HE STATED HE WAS SEVENTY PERCENT SURE ALL OF THE SUDDEN. MR MELTON HOWEVER WAS AS CONFIDENT OF HIS IDENTIFICATION OF MR. SCHOPPE-RICO AS HE WAS OF THE EARLIER PHOTOGRAPHIC IDENTIFICATION OF ANOTHER PERSON....)

9) I AM INFORMED AND BELIEVE THAT THERE ARE NUMEROUS VIDEO TAPES RECORDINGS IN THIS CASE OF THE AFOREMENTION WITNESSES AND OF A DOG

88

1  OF A PRO-SE PETITIONER HUGHES V. IDAHO. STATE Bd OF CORRECTIONS (9th)
2  (IR 1986 800 f2d. 905.909) I HAVE NO PROFFESIONAL LEGAL EDUCATION OR GENERAL
3  UNDERSTANDING OF THE LAW AND COURT PROCEDURES OR REGULATIONS AND I AM AT A
4  DISAVANTAGE FURTHERLY IN THIS PRESENTED MATTER BEFORE THE COURT. I HAVE
5  NO HIGH SCHOOL DIPLOMA OR G.E.D. OR ANY LAW DIPLOMAS. THEREFORE WITHOUT
6  A LEGAL ASSISTANCE OF A PROFFESIONAL ATTORNEY FOR A FAIR AND PARTIAL
7  REPRESENTATION ACCORDING TO THE U.S. CONSTITUTION A VIOLATION OF MY
8  AMENDMENT AND CONSTITUTIONAL RIGHTS WILL BE VIOLATED, AND CONTINUE TO BE
9  IF I AM NOT GIVEN A FAIR OPPURTUNITY TO FIND AN ATTORNEY, OR GET A ATTORNEY
10 APPOINTED TO MY CASE BY ALL MEANS. TO PROVIDE ME A PROFESSIONAL
11 REPRESENTATION AND EXPOSE THE REAL FACTS OF MY CASE. TO THIS COURT OF THE
12 MIS-CARRIGE OF JUSTICE. EVERYTHING IN THIS WRIT HAS BEEN PROVIDED BY A THIRD
13 PARTY PERSON. WHO ASSISTED ME IN IT. WRITING AND DRAFTING OUT ALL GROUNDS.
14 FACTS AND VIOLATIONS HE BELIEVES ACCORD IN MY CASE. THEREFORE I BELIEVE
15 FEDERAL RELIEF SHOULD BE GRANTED ACCORDINGLY AND MY CONVICTION OVERTURNED. AS WELL
16 BASED ON THE FOLLOWING GROUNDS AND REASON FEDERAL RELIEF SHOULD BE GRANTED
17 IN THIS MATTER.
18    3) I AM INFORMED AND BELIEVE THAT THE SUSPECT WHO FLED THE SCENE OF
19 THE CRIME AND DUMPED HIS MURDER WEAPON ALLEDGED ON SOME CLOTHES WAS NOT THE
20 DEFENDANTS JOHN M. SCHOPPE-RICO IN THIS CASE NOR DID ANY OF IT BELONG TO HIM.
21    4) I AM INFORMED AND BELIEVE THAT THE CLOTHING WORN ALLEGEDLY BY THE SHOOTER
22 HAS BEEN EXAMINED BY THE CONTRA COSTA COUNTY CRIMINALISTICS LABAROTORY
23 CONTAINED HAIRS AN FIBERS AND HAS BEEN TESTED ALREADY. AN THAT THOSE HAIRS
24 AND FIBERS WAS/HAS BEEN ALREADY COMPARED WITH THE HEAD AND PUBIC HAIRS
25 OF THE DEFENDANT SCHOPPE-RICO. AND IT HAS IN ITS TOTALITY BEEN DETERMINED
26 THAT THE DEFENDANT SCHOPPE-RICO COULD NOT HAVE POSSIBLEY BELONG TO THE
27 CLASS OF INDIVIDUALS. HAVING THE TYPE OF HAIR COLOR FOUND AN FIBERS ON/IN
28 THE CLOTHING THAT WAS FOUND NUMEROUS HOURS LATER. DISCOVERED AT 40 SHARON