FILED
JUN 2 4 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN SCHOPPE-RICO, | No. C 07-5416 JSW (PR) |
| Petitioner, | |
| vs. | **ORDER OF PARTIAL DISMISSAL AND TO SHOW CAUSE** |
| ROBERT A. HOREL, Warden, | |
| Respondent. | |

## INTRODUCTION

Petitioner, a prisoner of the State of California, filed a habeas corpus petition pursuant to 28 U.S.C. § 2254 containing thirteen claims challenging the constitutional validity of his state conviction. On April 2, 2008, after reviewing the petition, the Court dismissed two claims, dismissed five other claims with leave to amend, and found the remaining six claims to be cognizable, when liberally construed.[1] Petitioner has filed an Amended Petition. This order directs Respondent to show cause why the petition should not be granted based on the cognizable claims in the Amended Petition, as described below.

## BACKGROUND

A jury in Contra Costa County Superior Court convicted Petitioner of murder.

---

[1] The April 2, 2008 order was entitled "Order to Show Cause." The caption of the April 2, 2008 order is hereby AMENDED to read "Order of Partial Dismissal and Partial Dismissal with Leave to Amend."

Based on this conviction and various sentence enhancements, the trial court sentenced Petitioner to serve a term in state prison. Petitioner's appeal to the California Court of Appeal was denied, and a petition for review to the California Supreme Court was also denied. Thereafter, Petitioner filed unsuccessful collateral attacks in all three levels of the California courts. Petitioner then filed the instant federal habeas petition.

**DISCUSSION**

I     Standard of Review

       This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." *Id.* § 2243.

II     Legal Claims

       When liberally construed, the Amended Petition raises the following grounds for relief: (1) that Petitioner was denied effective assistance of counsel because of conflicts he had with trial counsel, including counsel's failure to investigate an alibi defense; (2) trial counsel was ineffective in failing to properly present a defense regarding injuries to Petitioner's hands; (3) the prosecutor violated Petitioner's right to due process by withholding exculpatory evidence; (4) Petitioner was arrested without probable cause, in violation of his Fourth and Fourteenth Amendment rights; (5) trial counsel was ineffective in failing to establish Petitioner's absence from the crime scene during the time of the crime, and in failing to argue that the reason Petitioner was in the area was because he lived there; (6) the jury committed misconduct, in violation of Petitioner's right to due process; (7) trial counsel was ineffective in failing to object to, seek discovery of, or move to dismiss the charges under California Penal Code § 246; (8) the illegal search and seizure of Petitioner's property violated his rights under the Fourth and

2

Fourteenth Amendments; (9) appellate counsel was ineffective in failing to argue trial counsel's ineffectiveness, in violation of his federal constitutional right to due process; (10) the admission of evidence from a "scent discrimination lineup" violated his federal constitutional right to due process; (11) the trial court erred in failing to grant a motion under California Penal Code § 111.8.1 with respect to the street gang and firearm counts, in violation of his federal constitutional right to due process; (12) the instruction regarding the offenses of street gang firearm possession were fatally deficient, in violation of his federal constitutional right to due process; and (13) his conviction for premeditated and deliberate first degree murder was based on insufficient evidence, in violation of his federal constitutional right to due process.

Petitioner's fourth and eighth claims, under the Fourth Amendment, were also raised in the original petition. The Court dismissed those two claims because they are barred by *Stone v. Powell*, 428 U.S. 465, 481-82, 494 (1976) (barring federal habeas review of Fourth Amendment claims). As the claims are barred, Petitioner was not given leave to amend them. Accordingly, the fourth and eighth claims in the Amended Petition will be DISMISSED.

Petitioner was given leave to amend the ninth, tenth, eleventh, twelfth and thirteenth claims in order to allege the violation of federal law. *See Rose v. Hodges*, 423 U.S. 19, 21 (1975). When liberally construed, the Amended Petition now alleges a basis in federal law for these claims. Accordingly, Respondent will be ordered to show cause why the Amended Petition should not be granted based on these claims, as well as the first, second, third, fifth, sixth and seventh claims, which are also, when liberally construed, cognizable.

## CONCLUSION

For the foregoing reasons and for good cause shown,

1. Claims four and eight are DISMISSED for failure to state a cognizable basis for relief.

    2. The Clerk shall serve by certified mail a copy of this order and the Amended Petition, and all attachments thereto, on Respondent and Respondent's attorney, the Attorney General of the State of California. The Clerk also shall serve a copy of this order on Petitioner.

    3. Respondent shall file with the Court and serve on Petitioner, within **ninety (90)** days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition. If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within **thirty (30)** days of his receipt of the answer.

    4. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition within **thirty (30)** days of receipt of the motion, and Respondent shall file with the Court and serve on Petitioner a reply within **fifteen (15)** days of receipt of any opposition.

    5. It is Petitioner's responsibility to prosecute this case. Petitioner must keep the Court informed of any change of address by filing a separate paper captioned "Notice of Change of Address." He must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

    IT IS SO ORDERED.

DATED: __JUN 2 4 2008__

JEFFREY S. WHITE
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN M. SCHOPPE-RICO,<br><br>    Plaintiff,<br><br>v.<br><br>ROBERT A. HOREL et al,<br><br>    Defendant. | Case Number: CV07-05416 JSW<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on June 24, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

John M. Schoppe-Rico - V11328
Pelican Bay State Prison
P.O. Box 7500
Crescent City, CA 95532

Dated: June 24, 2008

Richard W. Wieking, Clerk
By: Monica Narcisse, Deputy Clerk